ANNALOU TIROL
Acting Chief
Public Integrity Section, Criminal Division
U.S. Department of Justice

JOHN D. KELLER
Illinois State Bar No. 6293104
VICTOR R. SALGADO
DC Bar No. 975013
Trial Attorneys
Public Integrity Section, Criminal Division
U.S. Department of Justice
1400 New York Ave, NW, 12th floor
Washington, D.C. 20005
Tel: (202) 514-1412
John.Keller2@usdoj.gov
Victor.Salgado@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>Joseph M. Arpaio,<br><br>Defendant. | 2:16-CR-01012-SRB<br><br>**ORDER TO SHOW CAUSE** |
|---|---|

This Order is entered pursuant to 18 U.S.C. § 401 and Rule 42 of the Federal Rules of Criminal Procedure. On October 11, 2016, the Government stated its intention to prosecute Joseph M. Arpaio for contempt under 18 U.S.C. § 401(3) based on the Order Re Criminal Contempt entered by United States District Judge G. Murray Snow on August 19, 2016, in the *Melendres* matter. *See Melendres v. Arpaio*, no. 2:07-cv-02513 (D. Ariz. Aug. 19, 2016), Order Re Criminal Contempt, ECF No. 1792. For the reasons set forth below, the Court issues this Order to Show Cause as to whether Joseph M. Arpaio should be held in criminal contempt for his violation of Judge Snow's preliminary injunction of December

23, 2011, entered in *Melendres*. *See Melendres*, Order, ECF No. 494.

Section I.(A.)(1.) and the first three paragraphs of Section 1.(A.)(4.) of Judge Snow's August 19, 2016, Order Re Criminal Contempt are incorporated by reference as if fully set forth herein. *See Melendres*, Order Re Criminal Contempt, 4-5, 8-9, ECF No. 1792.

In December 2011, still well prior to trial in the *Melendres* case, Judge Snow entered a preliminary injunction prohibiting Arpaio and the Maricopa County Sheriff's Office ("MCSO") from enforcing federal civil immigration law or from detaining persons they believed to be in the country without authorization but against whom they had no state charges. *See Melendres*, Order, ECF No. 494. The preliminary injunction also ordered that the mere fact that someone was in the country without authorization did not provide, without more facts, reasonable suspicion or probable cause to believe that such a person had violated state law. *See id.*

Arpaio violated that Order by causing the MCSO to detain persons the MCSO believed to be in the country without authorization but against whom MCSO had no state charges, and he thereby acted in disobedience or resistance to a lawful writ, process, order, rule, decree, or command of a court of the United States.  18 U.S.C. § 401(3).

**THEREFORE**, in light of the seriousness of Judge Snow's orders and the extensive evidence demonstrating Arpaio's intentional and continuing non-compliance, the Court issues a notice to show cause as to whether Joseph M. Arpaio should be held in criminal contempt for the violation of Judge Snow's preliminary injunction of December 23, 2011.

1 **IT IS FURTHER ORDERED THAT** trial for this matter is set for December 6,
2 2016.
3 Dated this __th day of October.
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28