# EXHIBIT A

A. Melvin McDonald, Bar #002298
Joseph J. Popolizio, Bar #017434
Justin M. Ackerman, Bar #030726
JONES, SKELTON & HOCHULI, P.L.C.
40 North Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 263-1700
Fax: (602) 200-7847
Melmcdonald2@gmail.com
jpopolizio@jshfirm.com
jackerman@jshfirm.com

Attorneys for Defendant *Joseph M. Arpaio*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

United States of America,

Plaintiff,

v.

Joseph M. Arpaio,
Steven R. Bailey,
Michelle Iafrate, and
Gerard Sheridan,

Defendants.

NO. 2:16-CR-01012-SRB

**DEFENDANT ARPAIO'S OBJECTION TO THE UNITED STATES' LODGED ORDER TO SHOW CAUSE**

Defendant Sheriff Joseph M. Arpaio objects to the United States' lodged Order to Show Cause ("OSC") involving Sheriff Arpaio. This objection is supported by the following Memorandum of Points and Authorities.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. THE UNITED STATES' LODGED ORDER TO SHOW CAUSE CONTAINS IMPROPER CHARACTERIZATIONS OF THE RECORD.

The United States' lodged OSC contains characterizations of the record that are entirely improper for this Court to sign off on and enter into the record. Specifically, Sheriff Arpaio objects to the following characterizations:

> "**THEREFORE**, in light of the seriousness of Judge Snow's orders and the **extensive evidence** demonstrating Arpaio's **intentional and continuing non-compliance**, the Court issues a notice to show cause as to whether Joseph M. Arpaio should be held in criminal contempt for the violation of Judge Snow's preliminary injunction of December 23, 2011."

At this stage of the proceedings, no evidence has been admitted. Moreover, there has been no demonstration of intentional and continuing non-compliance by the Sheriff under the applicable criminal standard of proof – beyond a reasonable double. Importantly, should these characterizations of the record in the civil matter remain in the Court's signed Order to Show Cause, it could potentially have the effect of a factual finding and creates a presumption of guilt rather than innocence. For these reasons alone, the lodged Order to Show Cause should be stricken and the Court should order the United States to lodge a new Order to Show Cause that is devoid of such inflammatory rhetoric.

## II. THE UNITED STATES' LODGED ORDER TO SHOW CAUSE DOES NOT COMPLY WITH FED. R. CRIM. 42.

The Court's Order to Show Cause is the critical document which should provide Defendant Arpaio with notice of the charges against him and the opportunity to prepare a defense. *See e.g., U.S. S.E.C. v. Hyatt*, 621 F.3d 687, 695 (7th Cir. 2010) ("the show-cause order satisfies the due-process notice requirement by giving the nonmoving party notice of his opportunity to respond before the substantive request for relief is entertained."); *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 518 (9th Cir. 1992) ("procedural requirements necessary to impose criminal contempt were not followed" because "[t]he order to show cause issued by the district court did not give Execuair the required notice that a criminal proceeding would take place."); *see also Yates v. United*

*States*, 316 F.2d 718, 723 (10th Cir. 1963); *Martinez v. City of Avondale,* CV-12-1837-PHX-LOA, 2013 WL 5705291, at *1 (D. Ariz. Oct. 18, 2013).

Pursuant to Fed. R. Crim. P. 42(a), "[t]he court must give the person notice in open court, in an order to show cause, or in an arrest order. The notice must: (A) state the time and place of the trial; (B) allow the defendant a reasonable time to prepare a defense; and (C) ***state the essential facts constituting the charged criminal contempt and describe it as such***." (Emphasis added). While "[t]he 'simple' notice required [by Rule 42] is less rigid than the requirements for a formal indictment or information, [] it must still apprise the defendant of the basis for the contempt charge." *U.S. v. Rylander*, 714 F.2d 996, 1004 (9th Cir. 1993).

The core of the allegation by the United States against Sheriff Arpaio is that "Arpaio violated that Order by causing the MCSO to detain persons the MCSO believed to be in the country without authorization but against whom MCSO had no state charges, and he thereby acted in disobedience or resistance to a lawful writ, process, order, rule, decree, or command of a court of the United States. 18 U.S.C. § 401(3)." However, the lodged OSC by the United States does not set forth with particularity the essential facts constituting how the Sheriff actually caused MCSO to detain persons in violation of the Court's preliminary injunction. Rather, it simply incorporates by reference the following paragraphs of Judge Snow's Criminal Referral, *see Melendres v. Arpaio*, no. 2:07-cv-02513 (D. Ariz. Aug. 19, 2016), Order Re Criminal Contempt, ECF No. 1792, and summarily alleges that Sheriff Arpaio is in violation of 18 U.S.C. § 401(3):

**A. <u>Section I(A)(1):</u>**

> "Based on the extensive testimony set forth at the hearing, the Court has already concluded under the civil standard of proof that Sheriff Arpaio knew of the December 2011 preliminary injunction and intentionally disobeyed it. (See Doc. 1677 ¶¶ 1–65.) In brief summary, in December 2011, still well prior to trial, this Court entered a preliminary injunction prohibiting the Defendants from enforcing federal civil immigration law or from detaining persons they believed to be in the country without authorization but against whom they had no state charges. It also ordered that the mere fact that someone was in the country without authorization did not provide, without

5333949.1

more facts, reasonable suspicion or probable cause to believe that such a person had violated state law.

Sheriff Arpaio admitted that he knew about the preliminary injunction upon its issuance and thereafter. (Id. ¶ 15.) Sheriff Arpaio's attorney stated to the press that the Sheriff disagreed with the Order and would appeal it, but would also comply with it in the meantime. (Id. ¶ 14.) Sheriff Arpaio's attorney and members of his command staff repeatedly advised him on what was necessary to comply with the Order. However, the Court found that Sheriff Arpaio intentionally did nothing to implement that Order. (Id. ¶ 65.) The MCSO continued to stop and t\detain persons based on factors including their race, (id. at ¶ 161), and frequently arrested and delivered such persons to ICE when there were no state charges to bring against them, (id. ¶¶ 157–61). Sheriff Arpaio did so based on the notoriety he received for, and the campaign donations he received because of, his immigration enforcement activity. (Id. ¶¶ 58–60.)

Since Sheriff Arpaio had previously taken some of his arrestees to the Border Patrol when ICE refused to take them, he determined that referral to the Border Patrol would serve as his "back-up" plan for all similar circumstances going forward. (Id. ¶¶ 40–41.) Sheriff Arpaio's failure to comply with the preliminary injunction continued even after the Sheriff's appeal to the Ninth Circuit Court of Appeals was denied months later. (Id. ¶¶ 42–44.) When Plaintiffs accused Sheriff Arpaio of violating the Order, he falsely told his lawyers that he had been directed by federal agencies to turn over persons whom he had stopped but for whom he had no state charges. (Id. ¶¶ 50–52.) Nevertheless, Sheriff Arpaio's lawyer still advised him that he was likely operating in violation of the preliminary injunction. (Id. ¶ 53.) Although Sheriff Arpaio told counsel on multiple occasions either that the MCSO was operating in compliance with the Order, or that he would revise his practices so that the MCSO was operating in compliance with the Order, he continued to direct his deputies to arrest and deliver unauthorized persons to ICE or the Border Patrol. (Id. ¶¶ 55–57.)

It has not been possible for the MCSO to track the number of persons who were stopped or arrested because of Sheriff Arpaio's violation of this Order over the ensuing 17-months that it was ignored. (See id. ¶¶ 157–63.)"

**B. <u>First three paragraphs of Section I(A)(4):</u>**

As has been more extensively set forth by the Court in its Findings of Fact, (Doc. 1677), Sheriff Arpaio and Chief Deputy Sheridan have a history of obfuscation and subversion of this Court's orders that is as old as this case and did not stop after they themselves became the subjects of civil contempt.

> Almost immediately after the Court entered its original October 2, 2013 injunctive order, (Doc. 606), the Court had to amend and supplement the order and enter further orders because: (1) the Sheriff refused to comply in good faith with the order's requirement that he engage in community outreach, (Doc. 670; see also Doc. 1677 ¶¶ 368, 368 n.13), and (2) the Sheriff and his command staff were mischaracterizing the content of the order to MCSO deputies and to the general public, (Doc. 680; see also Doc. 1677 ¶ 367). Both of these revisions increased the duties of the appointed Monitor at the expense of county taxpayers.
>
> Within one month of those revisions, the Defendants disclosed to the Court the arrest, suicide, and subsequent discovery of misconduct of Deputy Ramon "Charley" Armendariz who had been a significant witness at the trial of the underlying matter. Among other things, the disclosure of Armendariz's misconduct eventually resulted in the determination that: (1) the Sheriff had not complied with his discovery obligations in the underlying action, (see Doc. 1677 ¶¶ 213–17); (2) that MCSO supervisors had long been aware of Armendariz's problematic behavior and misconduct and had not appropriately supervised Armendariz and many other deputies; (3) the MCSO was routinely depriving members of the Plaintiff class of their property and retaining it without justification; (4) the Sheriff had done nothing to implement this Court's 2011 preliminary injunctive order; and (5) the Sheriff was not investigating the allegations of misconduct in good faith—especially those that pertained to him or to members of his command staff.

Despite the lodged OSC incorporating by reference these paragraphs, the OSC does not contain sufficient information to apprise Sheriff Arpaio of the basis for the contempt charges against him under 18 U.S.C. § 401(3) because these paragraphs fail to set forth the ***specific facts*** of how Sheriff Arpaio ***intentionally*** acted in disobedience or resistance to a lawful writ, process, order, rule, decree, or command of a court of the United States beyond a reasonable doubt. Even Judge Snow's own order recognized that the Court's findings were made under the civil standard of proof. *See Melendres v. Arpaio*, no. 2:07-cv-02513 (D. Ariz. Aug. 19, 2016, Doc. 1792 ("Based on the extensive testimony set forth at the hearing, the Court has already concluded ***under the civil standard of proof*** that Sheriff Arpaio knew of the December 2011 preliminary injunction and intentionally disobeyed it.") (emphasis added). Accordingly, because the lodged OSC fails to set forth the specific facts as to how Sheriff Arpaio violated the Court's

preliminary injunction, Sheriff Arpaio requests that the Court order the United States to lodge a new Order to Show Cause that contains appropriate and specific facts that will adequately apprise the Sheriff of the basis for an Order to Show Cause under 18 U.S.C. § 401(3).

## III. CONCLUSION.

Based on the foregoing, Sheriff Arpaio requests that the Court decline the lodged Order to Show Cause filed by the United States and instead, require that a revised Order to Show Cause that does not contain conclusory, inflammatory statements that prematurely adjudicate the facts of this matter and more specifically outline the alleged charges against the Sheriff.

RESPECTFULLY SUBMITTED this 12th day of October, 2016.

JONES, SKELTON & HOCHULI, P.L.C.

By: /s/ A. Melvin McDonald

A. Melvin McDonald
Joseph J. Popolizio
Justin M. Ackerman
40 North Central Avenue, Suite 2700
Phoenix, Arizona 85004
Attorneys for Defendant Joseph M. Arpaio

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of October, 2016, I served the foregoing document electronically via email to the following attorneys of record:

John Dixon Keller
US Dept of Justice Public Integrity Section
10th & Constitution Ave.
Washington, DC 20530
**John.Keller2@usdoj.gov**
LEAD ATTORNEY
(ATTORNEY TO BE NOTICED
Designation: Assistant US Attorney)

Victor R Salgado
US Dept of Justice - Public Integrity Section,
1400 New York Ave. NW, 12th Fl.
Washington, DC 20005
**Victor.salgado@usdoj.gov**

Lee Stein
Barry Mitchell
MITCHELL | STEIN | CAREY, PC
One Renaissance Square
2 North Central Avenue, Suite 1900
Phoenix, AZ 85004
**Lee@mitchellsteincarey.com**
**Barry@mitchellsteincarey.com**
Attorneys for Defendants Chief Deputy
Gerard Sheridan and Captain Steven Bailey

Dale A. Danneman
LEWIS ROCA ROTHGERBER Christie LLP
201 East Washington Street, Suite 1200
Phoenix, AZ 85004-2595
**ddanneman@lrrc.com**
Attorneys for Michele M. Iafrate

/s/ A. Melvin McDonald