
ANNALOU TIROL
Acting Chief
Public Integrity Section, Criminal Division
U.S. Department of Justice

JOHN D. KELLER
Illinois State Bar No. 6293104
VICTOR R. SALGADO
DC Bar No. 975013
Trial Attorneys
Public Integrity Section, Criminal Division
U.S. Department of Justice
1400 New York Ave, NW, 12th floor
Washington, D.C. 20005
Tel: (202) 514-1412
John.Keller2@usdoj.gov
Victor.Salgado@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | 2:16-CR-01012-SRB |
|---|---|
| Plaintiff, | |
| vs. | **RESPONSE TO DEFENDANT'S OBJECTION TO PROPOSED ORDER TO SHOW CAUSE** |
| Joseph M. Arpaio, | |
| Defendant. | |

The government, by the United States Department of Justice, Criminal Division, Public Integrity Section, responds to defendant's Objection to the Proposed Order to Show Cause as follows.

The defendant first claims that the proposed Order to Show Cause is objectionable because it recites Judge Snow's conclusions as to the "extensive evidence" demonstrating defendant's "intentional and continuing non-compliance." Def. Obj. at 2. While the defendant is correct that any evidence introduced in the *Melendres* civil proceedings does not yet constitute evidence in this criminal case, the Order to Show Cause merely serves to provide the defendant with notice of the allegations against him. Fed. R. Crim. P. 42. The Court is fully capable of parsing Judge

Snow's findings based on evidence introduced in the civil hearings from the evidence to be introduced in, and the burden of proof applicable to, this separate criminal case. *See Harryman v. Estelle*, 597 F.2d 927, 929 (5th Cir. 1979) ("Strict evidence rules of admissibility are generally relaxed in bench trials, as appellate courts assume that trial judges rely upon properly admitted and relevant evidence." (internal quotation marks and citation omitted)). Further, neither the Order to Show Cause nor Judge Snow's Order Re Criminal Contempt need be read or introduced in full at the criminal trial. Instead, they may properly be read in part or summarized. *See United States v. Rodriguez-Alvarado*, 952 F.2d 586, 590 (1st Cir. 1991) ("There is no requirement that such information be given by reading the whole, or even part, of the indictment; indeed, the reading of mere summaries of the indictment have been upheld." (internal citation omitted)); *cf. United States v. Lyman*, 592 F.2d 496, 502 (9th Cir. 1978) ("An indictment is not evidence."). Judge Snow's references to his civil findings need not be repeated verbatim at trial, but they are helpful in providing context for the contempt charged against the defendant.[1]

The defendant also objects to the proposed Order to Show Cause on the basis that "the United States does not set forth with particularity the essential facts constituting how the Sheriff

---

[1] Should the Court wish to excise the language complained of by defendant, the Court may do so in fashioning the Order to Show Cause as the Court sees fit. Indeed, the government neglected to include the "place of trial," Fed. R. Crim. P. 42(a)(1)(A), in the proposed Order to Show Cause. Although the Court could advise the defendant of the place of trial orally at the next hearing, *see United States v. Robinson*, 449 F.2d 925, 930 (9th Cir. 1971) ("In determining whether sufficient notice was given, the motion, affidavit, and order to show cause may be considered together in light of what transpired at the hearing," (citations omitted)), the government requests that the Court include the place of the trial along with the trial date in the Order to Show Cause. Further—though also not necessary—to avoid any later claim of insufficiency, the government also requests that the Court insert the word "willfully" after both "Arpaio" and "thereby" in the sentence: "Arpaio violated that Order by causing the MCSO to detain persons the MCSO believed to be in the country without authorization but against whom MCSO had no state charges, and he thereby acted in disobedience. . . ." This sentence constitutes the penultimate paragraph on page two of the proposed Order.

actually caused the MCSO to detain persons in violation of the Court's preliminary injunction." Def. Objection at 3.  The defendant misapprehends the scope of Rule 42's particularity requirement.  The notice to the defendant need not contain all, or even the majority, of the specific facts underlying the allegation of contempt:

> [The defendant] contends that when the Government attempted to prove criminal contempt it relied on facts 'far different from those stated in its notice' and, therefore, the notice was deficient. We disagree. The notice required by Rule 42(b) is not an indictment or information. Rather, a Rule 42(b) notice must simply satisfy due process requirements by containing enough to inform the alleged contemnor of the nature and particulars of the contempt charged. In this case, the notice provided [the defendant] with essential facts sufficient to establish the basis for the criminal contempt charges; it clearly charged [the defendant] with contempt for leaving town after the district court ordered him to represent [his client].

*United States v. Linney*, 134 F.3d 274, 279 (4th Cir. 1998); *see also United States v. Rylander*, 714 F.2d 996, 1004 (9th Cir. 1983) ("The 'simple notice' required by Rule 42(b) is less rigid than the requirements for a formal indictment or information, but it must still apprise the defendant of the basis for the contempt charge."); *United States v. Eichhorst*, 544 F.2d 1383, 1386 (7th Cir. 1976) ("[A]ll that is required is that appellants have been fairly and completely apprised of the events and conduct constituting the contempt charged." (internal quotation marks and citation omitted)); *United States v. Drum*, 569 F. Supp. 605, 610 (M.D. Pa. 1983) ("The [Rule 42] notice must provide merely enough information to inform the defendant of the nature and particulars of the contempt charge."). The government's proposed Order to Show Cause: (1) cites the December 23, 2011, preliminary injunction that the defendant is charged with violating; (2) alleges the nature of the violation as "causing the MCSO to detain persons the MCSO believed to be in the country without authorization but against whom MCSO had no state charges,"; and (3) incorporates many of the details of the defendant's non-compliance by reference to Judge Snow's original criminal contempt referral.  Charging instruments with far less detail have been upheld under Rule 42. *See,*

*e.g.*, *Linney*, 134 F.3d at 279 ("[The Rule 42 notice] clearly charged [the defendant] with contempt for leaving town after the district court ordered him to represent [his client]."); *Eichhorst*, 544 F.2d at 1389 ("The indictment in this case . . . charged that appellants 'did knowingly and intentionally (do certain acts) contrary to the March 21, 1975 Injunctive Order' . . . . [T]he indictment sufficiently apprised these appellants of the nature of the charge which they must meet."); *United States v. Vaughan*, No. 01-20077-01, 2001 WL 1526274 at *4 (D. Kan. Oct. 18, 2001) ("The indictment alleges that the defendant knew of that order, and that he willfully disobeyed it. These allegations are sufficient to notify defendant what he must be prepared to defend against.").

Even Federal Rule of Criminal Procedure 7(c)—which provides the pleading requirements applicable to indictments—"does not require the indictment to include every fact to be alleged by the government." *United States v. Moyer*, 674 F.3d 192, 203 (3d Cir. 2012). The charging document, be it an indictment or a notice pleading under Rule 42, need not "weave the information at its command into the warp of a fully integrated trial theory for the benefit of the defendant." *Id.* (internal quotation marks and citation omitted); *see also Eichhorst*, 544 F.2d at 1389 (upholding a contempt indictment under Rule 42 and Rule 7."). Stated another way, the facts constituting the government's entire case need not be contained in the charges listed in an indictment, much less an order to show cause entered pursuant to Rule 42.

                                        Respectfully Submitted,

                                        ANNALOU TIROL
                                        Acting Chief, Public Integrity Section

                                      By: */s/ John D. Keller*
                                           John D. Keller
                                           Victor R. Salgado
                                           Trial Attorneys
                                           United States Department of Justice

|  |  |
|---|---|
| 1 | Public Integrity Section |
| 2 | 1400 New York Ave. NW |
|   | Washington, DC  20005 |
| 3 | (202) 514-1412 |
|   | John.Keller2@usdoj.gov |
| 4 | Victor.Salgado@usdoj.gov |

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this date, October 17, 2016, I sent via e-mail the foregoing pleading to Mel McDonald at melmcdonald2@gmail.com, counsel of record for the defendant.

    /s/ *John D. Keller*
    John D. Keller
    Trial Attorney