A. Melvin McDonald, Bar #002298
Joseph J. Popolizio, Bar #017434
Justin M. Ackerman, Bar #030726
JONES, SKELTON & HOCHULI, P.L.C.
40 North Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 263-1700
Fax: (602) 200-7847
Melmcdonald2@gmail.com
jpopolizio@jshfirm.com
jackerman@jshfirm.com

Attorneys for Defendant Joseph M. Arpaio

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America, | NO. 2:16-CR-01012-SRB |
| Plaintiff, | **DEFENDANT ARPAIO'S REPLY IN SUPPORT OF HIS OBJECTION TO THE UNITED STATES' LODGED ORDER TO SHOW CAUSE** |
| v. | |
| Joseph M. Arpaio, Steven R. Bailey, Michelle Iafrate, and Gerard Sheridan, | |
| Defendants. | |

Pursuant to the Court's October 17, 2016, minute order (Doc. 31), Defendant Arpaio files the foregoing Reply in support of his Objection to the United States' Lodged Order to Show Cause. This Reply is supported by the following Memorandum of Points and Authorities.

5342282.1

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   THE GOVERNMENT'S LODGED ORDER TO SHOW CAUSE CONTAINS IMPROPER INFLAMMATORY AND CONCLUSORY LANGUAGE.**

While the Government argues that the language objected to by Defendant Arpaio in the lodged Order to Show Cause ("OSC") should remain because "they are helpful in providing context for the contempt charged against each defendant" [Response at 2:13-15], the Government's Response does not object to the Court excising the language complained of by Defendant Arpaio. [*See* Response at 2, fn. 1]. Defendant Arpaio urges the Court to excise that inflammatory rhetoric for the reasons set forth in this Reply.

As stated in Defendant Arpaio's objection, the language is improper because if the Government's lodged OSC is entered in its present form, it would improperly attribute to the Court, through the Government's requested findings, that "extensive evidence demonstrating Arpaio's intentional and continuing non-compliance" already exists in the record. This requested language is improper, unfair, conclusory, and attributes to the Court factual findings that this Court has never made. The Government's own pleadings concede that the Findings of Fact by Judge Snow do not apply in the criminal context, given the differing standards of proof. [*See* Response at 1:24-27 ("the defendant is correct that any evidence introduced in the Melendres civil proceedings does not yet constitute evidence in the criminal case")]; *see also In re Weiss*, 703 F.2d 653, 662 (2d Cir. 1983). Finally, the allegation that "extensive evidence demonstrating Arpaio's intentional and continuing non-compliance" exists in the record is a conclusory statement that is not supported by any allegations in the OSC. *See infra*, § II.

At a minimum, the Government's Response concedes that the language objected by Defendant Arpaio is not necessary for its lodged OSC to comply with Rule 42. Because there is no dispute that the language is necessary to the OSC, in the interest of preventing this Court from inadvertently making improper findings of fact before the contempt proceedings have even begun, the Court should remove it from the lodged OSC

5342282.1                         2

and instead replace it with the following:

> **"THEREFORE**, ~~in light of the seriousness of Judge Snow's orders and the extensive evidence demonstrating Arpaio's intentional and continuing non-compliance~~, the Court issues a notice to show cause as to whether Joseph M. Arpaio should be held in criminal contempt for the **willful** violation of Judge Snow's preliminary injunction of December 23, 2011."[1]

## II.   THE GOVERNMENT'S LODGED ORDER TO SHOW CAUSE DOES NOT COMPORT WITH RULE 42.

While the Government is correct that an OSC under Rule 42 need not contain all, or even the majority of the specific facts underlying the allegation of contempt, even the case law cited by the Government recognizes that a Rule 42(b) notice must still satisfy due process requirements by containing enough basic facts to inform the alleged contemnor of the nature of the particulars of the contempt charged. *United States v. Linney*, 134 F.3d 274, 279 (9th Cir. 1998); *see also United States v. Rylander*, 714 F.2d 996, 1004 (9th Cir. 1983) ("simple notice" required by Rule 42(b) "must still apprise the defendant of the basis for the contempt charge."); *United States v. Eichhorst*, 544 F.2d 1383 (7th Cir. 1976) (appellants must be "fairly and completely apprised of the events and conduct constituting the contempt charged."); *United States v. Drum*, 569 F. Supp. 605, 610 (M.D. Pa. 1983) (Rule 42 notice "enough information to inform the defendant of the nature and particulars of the contempt charge.").

The Government's own United States Attorney's Manual, Section 753, defines the elements of criminal contempt. It reads:

> There are three essential elements under 18 U.S.C. § 401(3). They are: (1) there must be a violation; (2) of a clear and reasonably specific order; and (3) ***the violation was willful***. *United States v. Nynex Corp.*, 8 F.3d 52, 54 (D.C. Cir. 1993).

(Emphasis added).[2]   Accordingly, an essential and basic fact of a criminal contempt

---

[1] Strikethroughs indicate where Sheriff Arpaio believes language should be stricken while bold and underlined language indicates where Sheriff Arpaio believes language should be inserted. Moreover, regardless of whether the Court will require the Government to set forth additional facts to comply with Rule 42, *see infra* § II, Defendant Arpaio requests that the Court adopt the aforementioned language in the presently lodged OSC.

[2]   *See*   https://www.justice.gov/usam/criminal-resource-manual-753-elements-

5342282.1                                       3

1  charge under 18 U.S.C. § 401 is that an alleged contemnor *willfully* violated a Court's
2  order.  *United States v. Laurins*, 857 F.2d 529, 534 (9th Cir. 1988) (For a criminal
3  contempt conviction under § 401, courts have held that "[w]illfulness is an essential
4  element."); *United States v. Rose*, 806 F.2d 931, 933 (9th Cir. 1986) ("Criminal contempt
5  requires willful disobedience of a clear and definite court order."); *see also U.S. v. KS &*
6  *W Offshore Engineering, Inc.*, 932 F.2d 906 (11th Cir.1991) (specific or general intent
7  must be shown before a charge of criminal contempt may stand); *U.S. v. Consolidated*
8  *Productions, Inc.,* 326 F. Supp. 602 (C.D. Cal. 1971) (Though willfulness need not be
9  proved to establish civil contempt, willful disobedience is an essential element of criminal
10 contempt and such intent must be proved beyond reasonable doubt); *Int'l Union of United*
11 *Brewery, Flour, Cereal & Soft Drink Workers of Am. v. California State Brewers' Inst.,* 25
12 F. Supp. 870, 874 (S.D. Cal. 1938) (reversed on other grounds *Int'l Broth. of Teamsters,*
13 *Chauffeurs, Stablemen & Helpers v. Int'l Union of United Brewery, Flour, Cereal & Soft*
14 *Drink Workers of Am.,* 106 F.2d 871 (9th Cir. 1939)) (Granting a motion to dismiss
15 contempt proceedings based on alleged violation of preliminary injunction where it
16 appeared that there had been no intent to disregard the injunctive orders).

17          Simply put, the Government's lodged OSC fails to allege any facts regarding
18 *how* Sheriff Arpaio ***willfully*** violated the preliminary injunction.  While the Government
19 argues that the lodged OSC: (1) charges Defendant Arpaio with violating the Court's
20 December 23, 2011 preliminary injunction; (2) alleges that Defendant Arpaio caused
21 MCSO to violate the preliminary injunction; and (3) incorporates many of the details in
22 Judge Snow's criminal contempt referral, it does not allege in any way the underlying
23 facts that demonstrate how Sheriff Arpaio willfully violated the preliminary injunction.[3]

---

offense-contempt.

[3] Although Judge Snow's criminal referral (Doc. 1792) was incorporated by reference in the lodged OSC, it does not describe ***how*** Sheriff Arpaio ***intentionally*** violated the Court's preliminary injunction.  For example, the Court's criminal referral does not describe how the Sheriff's decision to implement a "back up plan" was a willful violation of the Court's preliminary injunction (despite Judge Snow reaching that conclusion).  At best, Judge Snow's criminal referral concludes that Sheriff Arpaio had knowledge of the preliminary injunction and that his orders to implement a "back up plan"

1  In addition, the Government's Response explicitly requests the Court to insert the word
2  "willfully" in several key positions in their lodged OSC, despite it not existing in the
3  lodged OSC. [*See* Response at 2, fn. 1]. That request alone is proof positive that the
4  lodged OSC does not comport with the requirements of Rule 42.[4]

While every fact that the Government intends to prove at trial need not be alleged in their lodged OSC, it must allege sufficient facts to put Sheriff Arpaio on notice of what its claims are against him – particularly how he purportedly willfully violated the Court's preliminary injunction – so that he can adequately prepare his defense in this proceeding. The Government's lodged OSC fails to do so, and for this reason, the Court should not accept the Government's lodged OSC in its current form and should redirect the Government to prepare and submit an OSC that comports with the Government's own clearly established guidelines.

### III.   CONCLUSION.

Based on the foregoing, Defendant Arpaio respectfully requests that, at a minimum, the Court excise the language objected to by Defendant Arpaio and require that the Government comport with Rule 42, Fed. R. Crim. P., and more fully set forth facts

---

violated it, but it does state any facts supporting the conclusion that the Sheriff's decision to implement a "back up" plan was designed with the intent to subvert the Court's preliminary injunction. This is particularly true, given that even Judge Snow recognized that the Sheriff's decision to follow his "back up" plan was based on advice of counsel at the time, who believed that a "good faith argument" existed that MCSO was not violating the preliminary injunction. [*See* Doc. 1677 at ¶ 53]. Finally, the vagueness of Judge Snow's findings that Sheriff Arpaio intentionally or willfully conducted certain acts is not surprising given that a finding of civil contempt does not require a determination that an actor willfully violated an order, just that the actor knew of the order and it was violated. *See In re Dual-Deck Video Cassette Recorder Antitrust Litig.,* 10 F.3d 693, 695 (9th Cir. 1993) ("Civil contempt in this context consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply. The contempt "need not be willful," and there is no good faith exception to the requirement of obedience to a court order."); *U.S. v. Ross,* 243 F. Supp. 496 (S.D.N.Y. 1965) (In civil contempt proceedings, question is not of intent but is whether alleged contemnors have complied with the order).

[4] Importantly, the mere insertion of "willfully" in the places requested by the Government does not cure the pleading deficiencies outlined by Defendant Arpaio because it would not assert any sufficient *facts* that would put the Sheriff on notice of how he willfully violated Judge Snow's preliminary injunction.

5342282.1                                   5

demonstrating how Sheriff Arpaio willfully violated the Court's December 23, 2011, preliminary injunction.

RESPECTFULLY SUBMITTED this 18th day of October 2016.

JONES, SKELTON & HOCHULI, P.L.C.

By: /s/A. Melvin McDonald
A. Melvin McDonald
Joseph J. Popolizio
Justin M. Ackerman
40 North Central Avenue, Suite 2700
Phoenix, Arizona  85004
Attorneys for Defendant Joseph M. Arpaio

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of October 2016, I electronically filed the foregoing filing with the Clerk of Court through the CM/ECF System which will send notification of such filing to the attorneys of record for the defendants.

/s/Karen Gawel