Lee Stein (#012368)
Lee@mitchellsteincarey.com
Barry Mitchell (#013975)
Barry@mitchellsteincarey.com
MITCHELL | STEIN | CAREY, PC
One Renaissance Square
2 North Central, Suite 1900
Phoenix, Arizona 85004
Telephone: (602) 358-0292
Facsimile: (602) 358-0291

Attorneys for Defendants Chief Deputy Gerard
Sheridan and Captain Steven Bailey

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. 2:16-CR-01012-SRB |
| Plaintiffs, | **MEMORANDUM REGARDING EXPIRATION OF STATUTE OF LIMITATIONS UNDER 18 U.S.C. § 3285** |
| v. | |
| Joseph M. Arpaio, Steven R. Bailey, Michelle Iafrate, and Gerard Sheridan, | |
| Defendants. | |

At the October 11, 2016 status conference, the Court asked the parties to submit memoranda on the issue of whether the applicable one-year statute of limitations, 18 U.S.C. § 3285, has expired with respect to the criminal contempt referrals on the issue of the supposed concealment of the 1459 identifications and the Montgomery hard drives. Our research confirms the position taken by the Government during the status conference that the statute of limitations has expired and that there is no available theory under which the statute may be tolled. And finally, even if the statute were tolled, it still would have expired.

**Background**

On August 19, 2016, the Court referred Chief Sheridan and Captain Bailey for criminal contempt proceedings on the following grounds. With respect to Chief Sheridan, the Court concluded he concealed: (1) the existence of the 1459 IDs and the related MCSO Professional Standards Bureau Internal Affairs Investigation from the Court and the Monitor; and (2) withheld the 50 Montgomery hard drives from production to the Court. Captain Bailey was referred because of statements he made to the monitor in a meeting on July 20, 2015, in regard to the 1459 IDs.[1]

This Court requested briefing on the running of the statute of limitations, including whether the Motion to Recuse Judge Snow [Case 2:07-cv-02513-GMS, Dkt. 1117], filed by Defendants on May 22, 2015 and denied on July 10, 2015 [Dkt. 1164], tolled the one-year criminal contempt statute of limitations. As discussed below, the statute of limitations has expired in regard to the referred conduct of Chief Sheridan and Captain Bailey.[2]

**Analysis**

**1. The Limitations Period**

The applicable statute of limitations, 18 U.S.C. § 3285, provides that an action must be brought "within one year from the date of the act complained of." Criminal limitations statutes are "to be liberally interpreted in favor of repose." *Toussie v. United States*, 397 U.S. 112, 115 (1970). Generally, statutes of limitations begin to run when a crime is complete. *Id.* A crime is complete when every element of the crime occurs. *United States v. Musacchio*, 968 F. 2d 782, 790 (9th Cir. 1991). The crime of

---

[1] Both Captain Bailey and Chief Sheridan deny the allegations that they engaged in intentional misconduct. However, the purpose of this memorandum is solely to address the statute of limitations issue and not the substantive merits of the underlying allegations. By not addressing the underlying substantive allegations, Chief Sheridan and Captain Bailey do not waive any other defenses or arguments to the allegations.

[2] For the same reasons it has expired against Captain Bailey and Chief Sheridan, the statute of limitations has also expired against Sheriff Arpaio and Ms. Iafrate in regard to any conduct related to the 1459 IDs and the 50 hard drives.

contempt is complete "when the contumacious conduct has taken place." *United States v. Marquardo,* 149 F.3d 36, 39 (1st Cir.1998). The statute of limitations expired one year after the "act complained of" that formed the grounds for the criminal contempt allegations. *See United States v. Johnson,* 2012 WL 2564802, *2 (S.D. Ohio July 2, 2012) (dismissing criminal contempt charge because indictment filed more than one year after Defendant violated bankruptcy court order, the "act complained of" that formed the basis for the contempt charge); *see also United States v. Williams,* 622 F.2d 830, 838 (5th Cir.1980) (the statute of limitations for contempt begins to run at the time the act occurred) (*citing Pendergast v. United States,* 317 U.S. 412 (1943)).

For Captain Bailey, the "act complained of" is the statement he made to the Monitor Team on July 20, 2015. *See* Case 2:07-cv-02513-GMS, Order re Criminal Contempt [Dkt. 1792] at 25:12-16. For Chief Sheridan, the "acts complained of" are that he concealed from the Monitor, the parties, and the Court, the existence of the 1459 IDs and the related IA investigation, and intentionally withheld the 50 Montgomery hard drives from production to the Court. *See* Case 2:07-cv-02513-GMS, Dkt. 1792, at 2:5-12. The supposed criminal conduct relating to both the IDs and the hard drives terminated at the latest on July 24, 2015, when the Court ordered the Marshals Service to take possession of both the IDs and the hard drives that same day. *See* Case 2:07-cv-02513-GMS, Transcript of 7/24/15 Emergency Hearing [Dkt. 1194]. Therefore, the statute of limitations for prosecuting either Captain Bailey or Chief Sheridan for criminal contempt expired at the latest on July 24, 2016, almost a month before the Court's criminal contempt referral issued on August 19, 2016.

**2. There is no Basis to Argue that the Statute of Limitations Was Tolled**

The Court has asked the parties to consider whether the Motion to Recuse Judge Snow tolled the statute of limitations. That motion was filed on May 22, 2015. It was denied on July 10, 2015, 49 days later. While there are limited statutory bases for tolling a criminal statute of limitations, none are applicable here. *E.g.,* 18 U.S.C. § 3290 ("No statute of limitations shall extend to any person fleeing justice"). Thus, the only

conceivable basis for potentially tolling the statute here is the doctrine of equitable tolling, which as far as we have been able to determine, has never been applied in a Federal criminal case.

As a general proposition, statutes of limitations may be equitably tolled: (1) when extraordinary circumstances beyond a plaintiff's control make it impossible to file a claim on time, or (2) when a plaintiff is prevented from asserting a claim by wrongful conduct on the part of the defendant. *See Stoll v. Runyon,* 165 F.3d 1238, 1242 (9th Cir.1999); *Alvarez–Machain v. United States,* 107 F.3d 696, 701 (9th Cir.1996).

While we could not find a case in any jurisdiction (much less the Ninth Circuit) in which the doctrine of equitable tolling was applied in a Federal criminal case, we did find, however, two cases that suggested that equitable tolling could be appropriate under certain circumstances in a criminal matter. *See United States v. Atiyeh*, 402 F.3d 354, 367 (3d Cir. 2005) (noting Third Circuit had "never foreclosed the possibility that equitable tolling applies to criminal statutes of limitations.") (*citing United States v. Midgley,* 142 F.3d 174, 179 (3d Cir.1998) ("Equitable tolling may be appropriate if ... the plaintiff has in some extraordinary way been prevented from asserting his rights.... There is no reason to distinguish between the rights protected by criminal and civil statutes of limitations.").[3]

Federal courts invoke the doctrine of equitable tolling "only sparingly." *Midgley,* 142 F.3d at 179. "[A]bsent a showing of intentional inducement or trickery by the defendant, a statute of limitations should be tolled only in the "rare situation where equitable tolling is demanded by sound legal principles as well as the interest of justice." *Alvarez–Machain,* 96 F.3d at 1251. There is no suggestion that such conduct is present here.

Most importantly here, the 49-day time lag between the filing of the Motion to Recuse (5/22/15) and its denial (7/10/15) occurred <u>before</u> the alleged contempt here was complete. Even if equitable tolling was available to toll the criminal statute as a result of

---

[3] Although the Third Circuit in *Atiyeh* and *Midgley* considered application of equitable tolling to criminal statutes as a general proposition, the court rejected applying the doctrine to the circumstances before it in both cases.

-4-

events that occurred before the statute even started to run, this is not the "rare situation where equitable tolling is demanded by sound legal principles as well as the interest of justice." *Alvarez–Machain,* 96 F.3d at 1251.   The Government has indicated it will investigate whether probable cause exists to proceed against Chief Sheridan, Captain Bailey and Ms. Iafrate on obstruction of justice charges.  [Dkt. 27 at 8:8-12].[4]   The expiration of the contempt statute of limitations will not insulate them from the Government's scrutiny.[5]

There was some discussion at the Status Conference with respect to the date on which the limitations period ceases to run.  The limitations period ends only upon the filing of the notice required by Rule 42, which is the event that initiates a criminal contempt proceeding.  *See* Fed. R. Crim. P. 42(a)(1) (criminal contempt requires prosecution on notice; court must give notice in open court, in order to show cause, or arrest order); *see also United States v. Powers*, 629 F.2d 619, 625 (9th Cir. 1980) (Rule 42 requires notice of time and place of hearing); *Bays v. Petan Co. of Nevada*, 94 F.R.D. 587, 589 (D. Nev. 1982) (contempt proceedings initiated by oral notice from Court to defendant in open court or upon the application of the United States Attorney or an attorney appointed by the court).  That has not happened yet with respect to Chief Sheridan or Captain Bailey.  However, at the Court's suggestion, the parties agreed to toll

---

[4] It is important to note that even if the Government were proceeding with contempt proceedings, it would still need to prove each of the elements of the obstruction of justice charge. *See James River Equip., Virginia, LLC v. Justice Energy Co., Inc.*, No. 5:13-CV-28160, 2016 WL 67792, at *3 (S.D.W. Va. Jan. 5, 2016) ("Under Section 402, a Court may only find a person, corporation or association in criminal contempt if they disobey a Court's order, writ, rule, decree or command, <u>and</u> such disobedience constitutes an independent violation of federal or state law.") (emphasis added).

[5] Mr. Keller stated the Government's belief that Judge Snow's August 19, 2016 criminal referral would have been the only thing that could have tolled the one-year statute of limitations under 18 U.S.C. § 3285. [Dkt. 27 at 12:9-13]. However, as he further stated and as agreed here, the statute of limitations had already run against both Captain Bailey and Chief Sheridan approximately a month before that time. [Dkt. 27 at 8:3-7].

the statute as of October 11, 2016.[6] Therefore, even if the doctrine of equitable tolling was available here (and to toll a statute before a crime occurred would lead to absurd results) the statute of limitations has still run.

RESPECTFULLY SUBMITTED this 24th day of October, 2016.

MITCHELL | STEIN | CAREY, PC

By: */s/ Lee Stein*
Attorneys for Chief Deputy Gerard Sheridan and Captain Steven Bailey

**CERTIFICATE OF SERVICE**

I certify that on this 24th day of October, 2016, I electronically transmitted a PDF version of this document to the Clerk of Court, using the CM/ECF System, for filing and for transmittal of a Notice of Electronic Filing to the following attorneys of record:

John Dixon Keller
Johhn.Keller2@usdoj.gov
**US Dept of Justice**-Public Integrity Section
10th & Constitution Avenue
Washington, DC 20530

Victor R. Salgado
Victor.salgado@usdoj.gov
**US Dept of Justice**-Public Integrity Section
1400 New York Avenue, NW, 12th Floor
Washington, DC 20005
*Attorneys for Plaintiff*

---

[6] Mr. Keller noted during the Status Conference that case law provides two points that could end the running of the statute of limitations for criminal contempt: either the defendant's first appearance on the contempt referral and/or the Governments' official acceptance of the case. [Dkt. 27 at 10:16-20]. This is because the referral is made by the Court as opposed to being initiated by a charging document by the government. [Dkt. 27 at 10:20-22.] This comports with the requirements of Fed. R. Crim. P. 42.

-7-

1  Andrew Melvin McDonald, Jr.
   melmcdonald2@gmail.com
2  Joseph John Popolizio
3  jpopolizio@jshfirm.com
   Justin Michael Ackerman
4  jackerman@jshfirm.com
5  **Jones Skelton & Hochuli PLC**
   40 N Central Ave., Ste. 2700
6  Phoenix, AZ 85004
7  *Attorneys for Joseph M. Arpaio*

8  Dale A. Danneman
9  ddanneman@lrrlaw.com
   **Lewis Roca Rothgerber Christie LLP**
10 201 East Washington Street, Ste. 1200
11 Phoenix, AZ 85004
   *Attorneys for Michele M. Iafrate*
12

13 /s/ Julie Greenwood