**Lewis Roca Rothgerber Christie LLP**
201 East Washington Street, Suite 1200
Phoenix, AZ 85004-2595

**Dale A. Danneman** (State Bar No. 003776)
Direct Dial: 602.262.5371
Direct Fax: 602.734.3744
Email:  ddanneman@lrrc.com
Attorneys for Michele M. Iafrate

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | No. 2:16-CR-01012-SRB |
|---|---|
| Plaintiff, | |
| vs. | **MEMORANDUM RE STATUTE OF LIMITATIONS BAR** |
| Joseph M. Arpaio, et al., | |
| Defendants. | |

On October 11, 2016, Department of Justice counsel informed this Court that the Department will not proceed with a charge of criminal contempt under 18 U.S.C. § 402 against Ms. Iafrate or Mr. Sheridan or Mr. Bailey based upon what Government counsel characterized as "concealment" identified in Judge Snow's August 19, 2016, Order of referral. (Doc. 1) Government counsel informed the Court that the statute of limitations applicable to a violation of 18 U.S.C. § 402 was one year pursuant to 18 U.S.C. §3285 and that the one year time limit had already run. In response to the Court's question, Government counsel stated that he had concluded there was no tolling of the statute of limitations. (Status Conference Hearing Transcript, 10/11/16 at p. 12, ln. 14 – p. 13, ln. 7.)

The Court thereafter directed the parties to file memoranda addressing the issue of whether Judge Snow's consideration of a motion to recuse resulted in a stay of the proceedings in *Melendes, et al. v. Arpaio*, No. Cv-07-2513-PHX-GMS (D. Ariz.)

201 East Washington Street, Suite 1200
Phoenix, AZ 85004-2595

2011195677_1

1   which tolled the running of the one year statute of limitations mandated by 18 U.S.C. §

2   3285.

2       Michele Iafrate submits this memorandum in response to this Court's order.

**1.**     **The Allegations and the One Year Statute of Limitations**

4       Judge Snow's Order states that on July 7, 2015, Captain Bailey of the Maricopa

5   County Sheriff's Office "became aware that an additional 1459 IDs had been turned

6   into property and evidence for destruction by Sergeant Knapp." (Doc. 1 at 18, ll. 2-3.)

7   Judge Snow's order states various allegations concerning the conduct between July 7,

8   2015 and July 24, 2015 of Chief Deputy Sheridan, Captain Bailey, and Ms. Iafrate, a

9   lawyer representing the Sheriff's Office. (Doc. 1 at 18-31.) On July 24, 2015, Judge

10   Snow held a hearing and questioned Ms. Iafrate about the "additional 1459 IDs." (Doc.

11   1, at 30, ll. 30-31, ll. 1-4) Thus, if there had been any "concealment" of the "additional

12   1459 IDs" by anyone, that alleged concealment was known to Judge Snow and

13   discussed in a public hearing on July 24, 2015.

14       There can be no dispute that the alleged "concealment" was publicly disclosed

15   no later than July 24, 2015. It is well recognized that a crime is complete when every

16   element of the crime, here allegedly concealment constituting contempt, has occurred.

17   *U.S. v. Musacchio,* 968 F.2d 782, 790 (9th Cir. 1991). Thus, the latest arguable date

18   that the one year statute of limitations began to run was July 24, 2015 when the

19   allegedly "concealed" identifications were discussed in open court. At the time of this

20   Court's status hearing on October 11, 2016, one year and 78 days had passed. The

21   statute of limitations had thus run 78 days before the October 11, 2016, status hearing.

**2.**     **Tolling of Statute of Limitations**

23       We have located no reported U.S. Supreme Court or Federal Circuit Court case

24   which holds that the doctrine of equitable tolling of a statute of limitations, recognized

25   elsewhere in the law, is applicable to a federal criminal offense.

26       Tolling of a statute of limitations applicable to  a federal criminal offense is

27   limited to statutory defined circumstances in Chapter 123 of Title 18 of the United

Lewis Roca
ROTHGERBER CHRISTIE

201 East Washington Street, Suite 1200
Phoenix, AZ 85004-2595

States Code.  18 U.S.C. § 3292 suspends statutes of limitations to permit the Government to obtain foreign evidence upon application of  the Government and has no applicability to the facts alleged in Judge Snow's Order. (Doc. 1) 18 U.S.C. § 3290 provides that "[n]o statute of limitations shall extend to any person fleeing justice" and is also inapplicable to the allegations here.

Assuming, *arguendo*, that the law recognized some theory of equitable tolling which could be applied to the one year statute of limitations applicable to 18 U.S.C. § 402 because there was a motion in *Melendes* asking Judge Snow to recuse himself, it would be of no moment. Judge Snow denied the motion to recuse on July 10, 2015. (*Melendes* Doc. 1164.) Under the facts alleged by Judge Snow – that was three days after Captain Bailey was first informed of the 1459 IDs and 14 days before the alleged "concealment" was discussed in open court. No matter how you calculate the days, if the law recognized equitable tolling because of a motion to recuse, there is no conceivable time period excludable which would obviate the entire 78 days that passed since the one year statute of limitations had run.

Even if one were to construe Judge Snow's August 19, 2016 referral  Order as a charging document, which it is not, the statute of limitations had also run by that date which was 26 days after the July 24, 2015 hearing before Judge Snow when the alleged "concealment" was discussed.. Thus, this Court need not decide if the novel concept of equitable tolling of a federal criminal statute has any basis in the law. There is no available tolling period that could resurrect the expired one year limitations period which applies to 18 U.S.C.§402.

**3.**    <u>**Conclusion**</u>

The Supreme Court has instructed  that criminal limitations statutes are to be liberally interpreted in favor of repose. *Toussie v. U.S.,* 397 U.S. 112, 115 (1970). The bar of the one year statute of limitations applicable to a violation of 18 U.S.C. § 402 precludes any prosecution of Ms. Iafrate for violating that statute relating to the alleged

201 East Washington Street, Suite 1200
Phoenix, AZ 85004-2595

Lewis Roca
ROTHGERBER CHRISTIE

concealment of 1459 identifications possessed by Sergeant Knapp.  The Government's

conclusion that the limitations period imposed by 18 U.S.C. § 3285 had run is correct.

Date: October 25, 2016.

LEWIS ROCA ROTHGERBER CHRISTIE LLP


By:     */s/ Dale A. Danneman*
                Dale A. Danneman
        *Attorneys for Michele M. Iafrate*

201 East Washington Street, Suite 1200
Phoenix, AZ 85004-2595

Lewis Roca
ROTHGERBER CHRISTIE

CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2016, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

*/s/ May Livingston*