A. Melvin McDonald, Bar #002298
Joseph J. Popolizio, Bar #017434
Justin M. Ackerman, Bar #030726
JONES, SKELTON & HOCHULI, P.L.C.
40 North Central Avenue, Suite 2700
Phoenix, Arizona  85004
Telephone:  (602) 263-1700
Fax:  (602) 200-7847
Melmcdonald2@gmail.com
jpopolizio@jshfirm.com
jackerman@jshfirm.com

Attorneys for Defendant Joseph M. Arpaio

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America,<br><br>                              Plaintiff,<br><br>v.<br><br>Joseph M. Arpaio,<br>Steven R. Bailey,<br>Michelle Iafrate, and<br>Gerard Sheridan,<br><br>                              Defendants. | NO. 2:16-CR-01012-SRB<br><br>**DEFENDANT ARPAIO'S WAIVER OF SPEEDY TRIAL RIGHTS AND REQUEST FOR CONTINUANCE** |

Defendant Joseph M. Arpaio hereby moves to continue the trial date currently set for December 6, 2016 at 9:00 a.m.  The motion is based upon two grounds:

1.     Defendant Arpaio and his counsel will need considerable time to prepare for the trial.  The civil contempt hearing before Judge Murray Snow, which serves as the basis for the Government's allegations, spanned over 20 full trial days, involved thousands of exhibits and dozens of witnesses.  In addition to trial testimony, there were dozens of depositions taken of witnesses later called to testify at trial.   Defendant Arpaio anticipates that a trial in this matter will involve, at a minimum, the same or more witnesses and exhibits that were presented in the civil contempt proceeding.

2.     The Government has indicated that it is still investigating other issues referred by Judge Snow.  Defendant Arpaio, after reflecting on Judge Snow's referral,

5369425.1

believes that he has a right to be tried for all acts referred by Judge Snow in a single trial, rather than in several trials. Consolidating all issues into a single trial would promote judicial economy and prevent the same witnesses from testifying in separate proceedings. In addition, consolidation of all issues, which arise out of the same set of operative facts, ensures that Defendant Arpaio is not prejudiced by different proceedings occurring at different times. Accordingly, any trial against Sheriff Arpaio should include <u>all</u> findings made by Judge Snow that the Government chooses to pursue, including any allegations that Sheriff Arpaio willfully and contemptuously violated the Preliminary Injunction, willfully and contemptuously failed to produce the Montgomery materials and failed to produce the Montgomery documents, and his alleged willful failure to comply with the Court's order of April 23, 2015 regarding the preservation and production of the Montgomery records. In sum, a trial should not be held until the Government's investigation has been completed and all charging decisions have been memorialized in charging documents.

Given the voluminous record already developed in this matter and the pending determination of whether the Government will pursue additional charges, Defendant Arpaio respectfully submits that a continuance in this matter serves the "ends of justice" which outweigh the interests of the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). Sheriff Arpaio waives any and all speedy trial rights.

Defendant Arpaio agrees that the duration of the continuance would constitute excludable delay under 18 U.S.C. § 3161(h) and that the grant of the motion would constitute excludable time under defendant's speedy trial rights and agrees that all time covered by the continuance order constitutes excludable delay.

Accordingly, based on the foregoing, Defendant Arpaio respectfully requests a continuance of <u>120 days</u> in this matter with the 120 days commencing at such time as the Government has announced that no further referrals will be made based upon

Judge Snow's findings or order.[1]

Pursuant to LRCiv 7.3(a), Defendant Arpaio is not aware of any previous extensions of time which have been granted concerning the continuance of the trial date set by this Court for December 6, 2016. Moreover, pursuant to LRCiv 7.3(b), Defendant Arpaio notes that co-defendants Gerard Sheridan, Steven Bailey, and Michele Iafrate do not oppose Defendant Arpaio's continuance as requested. Defendant Arpaio also notes that the Government does not oppose a 120 day continuance. However, the Government does oppose the request in the motion that the continuance start running at the end of any future grand jury investigation into any other conduct referenced in Judge Snow's original contempt referral.

RESPECTFULLY SUBMITTED this 9th day of November, 2016.

JONES, SKELTON & HOCHULI, P.L.C.

By: /s/A. Melvin McDonald
A. Melvin McDonald
Joseph J. Popolizio
Justin M. Ackerman
40 North Central Avenue, Suite 2700
Phoenix, Arizona  85004
Attorneys for Defendant Joseph M. Arpaio

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of November, 2016, I electronically filed the foregoing filing with the Clerk of Court through the CM/ECF System which will send notification of such filing to the attorneys of record for the defendants.

/s/Karen Gawel

---

[1] Defendant Arpaio reserves the right to request the Court to further continue this matter, as necessary, to the extent the Government contemplates additional charges arising out of Judge Snow's criminal referral.

5369425.1                                3