ANNALOU TIROL
Acting Chief
Public Integrity Section, Criminal Division
U.S. Department of Justice

JOHN D. KELLER
Illinois State Bar No. 6293104
VICTOR R. SALGADO
DC Bar No. 975013
Trial Attorneys
Public Integrity Section, Criminal Division
U.S. Department of Justice
1400 New York Ave, NW, 12th floor
Washington, D.C. 20005
Tel: (202) 514-1412
John.Keller2@usdoj.gov
Victor.Salgado@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | |
|---|---|
| Plaintiff, | 2:16-CR-01012-SRB |
| vs. | **RESPONSE TO DEFENDANT'S MOTION FOR CONTINUANCE** |
| Joseph M. Arpaio, | |
| Defendant. | |

The defendant has moved to continue his trial indefinitely, suggesting that it be set 120 days after "the Government's investigation has been completed and all charging decisions have been memorialized in charging documents." Mtn. for Continuance at 2, ECF No. 50. There is no authority supporting his position; instead, the defendant offers "judicial economy" as a basis for his implication that compulsory joinder or double jeopardy may apply to hypothetical future charges. The defendant's argument fails. There is no right to the consolidation of separate offenses arising from distinct facts, especially when one or more of those offenses has not yet been investigated or charged. Contempt proceedings exist to allow courts to promptly address the disregard of court orders. The vindication of both the judicial and public interests in the timely

resolution of the pending contempt charge would be subverted by the defendant's proposal to continue his trial indefinitely.  The defendant's motion for a prolonged continuance to an unknown date in the future should be denied, but the government does not oppose a reasonable continuance of 90 to 120 days from the present trial date to provide defense counsel a greater opportunity to prepare for trial.

I.  **The Pending Contempt Charge Should Not be Joined with Uncertain Future Charges Stemming from Unrelated Facts; Joinder is Not a Basis for an Indefinite Continuance.**

The defendant claims that his trial should be delayed so that this case may be joined with undefined, potential obstruction of justice charges to "promote judicial economy and prevent the same witnesses from testifying in separate proceedings."  Mtn. for Continuance at 2, ECF No. 50. He continues, "[i]n addition, consolidation of all issues, which arise out of the same set of operative facts, ensures that Defendant Arpaio is not prejudiced by different proceedings as different times." *Id.*  The defendant ignores the fact that his alleged violation of the preliminary injunction through continued racial profiling is unrelated to his alleged concealment of the Montgomery evidence. *Compare* Preliminary Injunction, *Melendres v. Arpaio*, No. 2:07-cv-02513 (D. Ariz. Dec. 23, 2011), ECF No. 494 *and* Order Expanding Preliminary Injunction, *Melendres*, ECF No. 606 *with* Transcript of Evidentiary Hearing Day 3 at 653-54, *Melendres*, ECF No. 1027.  The two alleged violations are not only substantively distinct, they are also temporally unconnected.  Specifically, the defendant's violations of the Preliminary Injunction involve the December 23, 2011, injunction itself, the October 2, 2013, Order Expanding Preliminary Injunction, and intervening orders.  The concealment of the Montgomery evidence violated entirely separate orders of the Court, *see, e.g.*, *Melendres*, Transcript of Evidentiary Hearing, Day 3 at 653-54 & 656-57, ECF No. 1027, and took place years later, between April 23 and July 24, 2015.  *See* Order, *Melendres*, ECF No. 1192. Thus, any future charges based on the Montgomery-related conduct would not "arise out of the

same set of operative facts," and any overlap in evidence would be limited.

The Ninth Circuit has long held that successive prosecutions of multiple offenses are proper so long as the offenses require proof of different facts and elements.  *See, e.g.*, *United States v. Snell*, 627 F.2d 186, 189 (9th Cir. 1980) ("The court reasoned that the successive prosecution was not barred by double jeopardy because, under the Supreme Court's formula in *Blockburger* [], attempted robbery required proof of facts different than the crimes of conspiracy to commit robbery and attempted extortion, even though all the offenses arose out of the same transaction"); *see also Sanchez v. United States*, 341 F.2d 225, 229 (9th Cir. 1965) ("[A]ppellant's argument is that the due process clause limits the government to one indictment, or at least to one trial, of the same accused for like offenses which are known to the government when a prosecution is begun. . . . [T]here is no authority for the proposition that an accused is denied due process when nothing more appears than two successive prosecutions for separate offenses arising out of factually distinct transactions." (citation omitted)).  Moreover, the United States Supreme Court has made clear that even for trials of multiple offenses arising from the same facts, the government need not "bring its prosecutions together[—][i]t is entirely free to bring them separately, and can win convictions in both."  *United States v. Dixon*, 509 U.S. 688, 705 (1993) (noting that the collateral estoppel doctrine may bar a subsequent prosecution for a separate offense only where the government has lost a prior prosecution involving the same facts.).  There is no basis for delaying the trial in this matter indefinitely in anticipation of future, potential charges that may or may not be filed for entirely distinct and unrelated conduct.   Even assuming that additional charges will be filed, the defendant would not be prejudiced by "different proceedings occurring at different times," Mtn. for Continuance at 2, ECF 50, because "there is no authority" for the suggestion that

- 3 -

separate prosecutions for separate offenses are improper, *see Dixon*, 509 U.S. at 705.[1]

## II.    An Indefinite Continuance Would Not Serve the Interests of Justice.

The defendant has proposed an indefinite continuance of his trial, limited only by the five year statute of limitations applicable to any future potential charges against him. *See* 18 U.S.C. § 3282. Such a prolonged continuance would frustrate "the best interest of the public . . . in a speedy trial," 18 U.S.C. § 3161(h)(7)(A), and would also defeat the very purpose of the criminal contempt statute: "to vindicate the authority of the court." *Matter of Hipp, Inc.*, 895 F.2d 1503, 1515 (5th Cir. 1990) (citing *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 441 (1911)). There is a strong public interest in the timely resolution of the pending, court-initiated contempt charge for the defendant's blatant disregard of a court order. Binding the resolution of the contempt charge to the culmination of a grand jury investigation would unnecessarily delay the already pending proceeding and does not promote the interests of justice.

The government does not object to a reasonable continuance to allow "counsel for the defendant . . . the reasonable time for preparation, taking into account the exercise of due diligence," 18 U.S.C. § 3161(h)(7)(B)(4), and suggests that a 90 to 120 day continuance from the presently set date is sufficient. The defendant cites "20 full trial days [and] . . . thousands of exhibits and dozens of witnesses," in the civil contempt hearing as a basis for an extended continuance. Mot. for Continuance at 1, ECF No. 50. But the defendant omits the fact that a

---

[1] Though the government may, in the same charging document, "charge a defendant in separate counts with two or more offenses if the offenses charged . . . are of the same or similar character," the Rule is permissive, not mandatory. Fed. R. Crim. P. 8(a). And here, the present contempt charge and the hypothetical charges for obstruction are based on different facts. While the Court "may order that separate cases be tried together," that authority only applies where "all offenses . . . could have been joined" in the first place. Fed. R. Crim. P. 13. *See, e.g., United States v. Kelly*, 105 F. Supp. 2d 1107, 1117 (S.D. Cal. 2000) (construing Rule 13 as being limited by Rule 8). Joinder of the current charge with unknown future charges—based on separate conduct—is not a basis for a continuance as Rules 8 and 13 would weigh against such joinder.

significant amount—perhaps even a majority—of the testimony and exhibits entered in the underlying civil contempt trial did not relate to his violations of the preliminary injunction. Much of the evidence presented addressed other issues such as the collection of videotape evidence from Maricopa County Sheriff's Office ("MCSO") deputies, MCSO internal investigations, the concealment of 1459 ID's, and the concealment of the Montgomery materials. The volume of this tangentially related evidence is not a basis for a protracted continuance, especially when the defendant and defense counsel were present for much of the hearing.

Finally, contempt charges involving sentences of no more than six months' imprisonment may be tried without a jury, through a bench trial. *See Muniz v. Hoffman*, 422 U.S. 454, 475 (1975) ("[A] sentence of as much as six months in prison, plus normal periods of probation, may be imposed without a jury trial; [] but imprisonment for longer than six months is constitutionally impermissible unless the contemnor has been given the opportunity for a jury trial."). A bench trial would relieve the defendant of the need to prepare for jury selection and would relax the need for extensive pretrial briefing on evidentiary issues. *See Null v. Wainwright*, 508 F.2d 340, 344 (5th Cir. 1975) ("Strict evidentiary rules of admissibility are generally relaxed in bench trials, as appellate courts assume that trial judges rely upon properly admitted and relevant evidence."). A bench trial of a single defendant for a single contempt charge does not necessitate a prolonged continuance. The Court should deny the defendant's request for an indefinite continuance.

## III.   Conclusion

The government does not oppose a 90 to 120 day continuance to allow defense counsel a reasonable opportunity to prepare, but requests that this Court deny the defendant's motion for an indefinite continuance. The December 6, 2016, trial date should be vacated, and the Court should reset trial for early 2017.

1

2          Respectfully Submitted,

3          ANNALOU TIROL
           Acting Chief, Public Integrity Section
4

5      By: */s/ John D. Keller*
           John D. Keller
6          Victor R. Salgado
           Trial Attorneys
7          United States Department of Justice
           Public Integrity Section
8          1400 New York Ave. NW
           Washington, DC  20005
9          (202) 514-1412
           John.Keller2@usdoj.gov
10         Victor.Salgado@usdoj.gov

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

**<u>CERTIFICATE OF SERVICE</u>**

3

I HEREBY CERTIFY that on today's date, I electronically filed the foregoing via the

4

CM/ECF system which will provide notice to counsel of record for the defendant.

5

6

/s/ *John D. Keller*

John D. Keller

7

Trial Attorney

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28