A. Melvin McDonald, Bar #002298
Joseph J. Popolizio, Bar #017434
Justin M. Ackerman, Bar #030726
JONES, SKELTON & HOCHULI, P.L.C.
40 North Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 263-1700
Fax: (602) 200-7847
Melmcdonald2@gmail.com
jpopolizio@jshfirm.com
jackerman@jshfirm.com

Attorneys for Defendant Joseph M. Arpaio

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| United States of America, | NO. 2:16-CR-01012-SRB |
|---|---|
| Plaintiff, | **REPLY IN SUPPORT OF DEFENDANT ARPAIO'S MOTION FOR CONTINUANCE** |
| v. | |
| Joseph M. Arpaio, Steven R. Bailey, Michelle Iafrate, and Gerard Sheridan, | |
| Defendants. | |

Defendant Joseph M. Arpaio submits this Reply in support of his Motion for Continuance. To be clear, at a minimum, there is agreement among all of the parties that the trial currently scheduled for December 6, 2016, should be continued for at least 120 days. The only disagreement that exists regarding Defendant Arpaio's Motion for Continuance involves when the 120 day period should begin to run. Respectfully, despite the Government's arguments otherwise, Defendant Arpaio is entitled to have a single trial on all of the charges brought against him stemming from Judge Snow's criminal referral. As such, until the Government has made a determination of all the charges it intends to bring against Defendant Arpaio arising out of Judge Snow's criminal referral, the Court should defer running the agreed upon 120 day continuance.

## I. A SINGLE TRIAL OF ALL THE ISSUES ARISING OUT OF JUDGE SNOW'S CRIMINAL REFERRAL IS WARRANTED.

To the extent that the Government argues that a delay is unreasonable because a trial involving Defendant Arpaio arising out of the violation of the Court's preliminary injunction is unrelated, factually, to Judge Snow's findings regarding Dennis Montgomery evidence, the Government misses the point. Defendant Arpaio submits that to the extent the Government decides to charge Defendant Arpaio with any additional claims arising out of his violation of the preliminary injunction, even under the Government's authority, that would arise out of the same set of operative facts and would require it be brought in the same trial. *See e.g., United States v. Snell,* 627 F.2d 186, 189 (9th Cir. 1980); *Sanchez v. United States,* 341 F.2d 225, 229 (9th Cir. 1965); *see also Borchardt v. United States*, 469 U.S. 937, 945 (1984) ("The Double Jeopardy Clause guarantees that all charges arising out of the same criminal act will be brought both at the same time and in the same proceeding."). Given the haste that the Government has chosen to proceed in this action, it is unknown whether the Government will bring any additional charges stemming from Judge Snow's criminal referral of Defendant Arpaio involving his preliminary injunction in *Melendres*. To the extent the Government decides to do so, Defendant Arpaio submits that he is entitled to a single trial on those issues.

Defendant Arpaio also submits that although the facts surrounding the violation of the preliminary injunction and the Montgomery evidence are different, they both arise out of the same contempt proceeding, were contained in the same findings of fact, and arise out of the same criminal referral. Given the close nexus of the development of these facts and that Judge Snow's criminal referral references both the violation of the preliminary injunction and the Montgomery evidence as a basis for a criminal contempt referral, Defendant Arpaio also submits that a single trial on all of the issues stemming from Judge Snow's criminal referral is warranted. *See e.g., United States v. Widergren*, C-94-20452-JW, 1995 WL 249266, at *3 (N.D. Cal. Apr. 25, 1995), aff'd, 70 F.3d 121 (9th Cir. 1995) ("Although technically severed, the contempt and fraud charges were

brought in the same indictment and were tried simultaneously in the same courtroom. As a result, all the charges were part of the same proceeding."); *see also Borchardt v. United States*, 469 U.S. at 945 (quoting *Ashe v. Swenson*, 397 U.S., at 455 n. 11, 90 S.Ct., at 1200 n. 11. (BRENNAN, J., concurring)) ("The defendant at the very least is entitled to be 'informed at one time of all the charges on which he will actually be tried,' so that he has a full opportunity to choose between his right to venue in separate districts and his right to a single trial on all related charges.").

In addition, Defendant Arpaio is concerned about his ability to make a decision on whether he may need to assert a Fifth Amendment privilege regarding any testimony that may be elicited during this proceeding. Given that there may be other, unknown, charges by the Government regarding Judge Snow's criminal referral, Defendant Arpaio is concerned that evidence and testimony may be developed within this action in order to support other actions stemming from Judge Snow's criminal referral. As such, the protection of Defendant Arpaio's right to intelligently assert his Fifth Amendment privilege provides yet another reason that the Government should bring all charges stemming from Judge Snow's criminal referral against Defendant Arpaio in a singular proceeding.

Finally, a single trial on all of the issues related to Judge Snow's criminal referral serves the interests of judicial economy because it will involve a single trial of all of the contempt issues before a single judge and avoids multiple litigations, multiple judges, and duplicative discovery.

## II. THE REQUESTED CONTINUANCE DOES SERVE THE INTERESTS OF JUSTICE.

The Government also appears to argue that Defendant Arpaio has proposed an indefinite continuance of his trial. [Doc. 51 at 4:3-4]. Importantly, the Government's Response misconstrues Defendant Arpaio's request in order to conjure prejudice by implying that Defendant Arpaio wants an indefinite continuance. Defendant Arpaio's request for continuance does not request an indefinite period of time, but rather requests

that the Court set a trial date 120 days, "commencing at such time as the Government has announced that no further referrals will be made based upon Judge Snow's findings or order." [Doc. 50]. Pursuant to this request, Defendant Arpaio submitted a proposed order that provided for a status conference within 60 days to discuss whether the Government will make any further charging determinations. [Doc. 50-1]. Clearly, this issue could be discussed during Defendant Arpaio's proposed status conference, and the Court is free to determine that the 120 days should begin to run after that status conference or a later date. Accordingly, the request by Defendant Arpaio is reasonable, and is calculated to balance the public's interest in a speedy trial with Defendant Arpaio's right to prepare an adequate defense.

### III. THE GOVERNMENT'S SUGGESTION REGARDING A BENCH TRIAL.

Finally, the Government's Response appears to argue that imposition of a bench trial will relieve Defendant Arpaio of trial preparation involving jury selection and relax the need for extensive pretrial briefing on evidentiary issues. As this Court has already noted, however, this remains an open issue that Defendant Arpaio intends on extensively briefing for the Court's review. [*See* Doc. 27, 10-11-16 Status Conference at 16, 38-40]. As such, Defendant Arpaio submits that the alleged time savings, if any, involved in a bench trial should not be considered as a factor in deciding when to begin the 120 day continuance.

In addition, while the Government argues that much of the evidence in the underlying trial will not be at issue in the one currently set, given the Government's refusal (to date) to commit that this will be the only charge stemming from Judge Snow's criminal referral regarding the violation of the preliminary injunction, it is difficult to discern what evidence will be necessary for the trial in this matter at this time. Moreover, it is also unknown what new evidence and testimony will be developed during the discovery period in this action that will mandate additional and new testimony in this proceeding. Accordingly, the Government's argument that Defendant Arpaio does not need additional time to prepare his defense because the evidence is already largely

developed and that undersigned counsel is already familiar with the record reveals the Government's presumptuous and cavalier approach to the rights of a criminal defendant to prepare a robust defense to charges, some of which are yet to be disclosed.

## IV. CONCLUSION.

Based on the foregoing, Defendant Arpaio respectfully requests that the Court continue the trial currently set for December 6, 2016 for 120 days, commencing at such time as the Government has announced that no further referrals will be made based upon Judge Snow's findings or orders.[1]

RESPECTFULLY SUBMITTED this 17th day of November 2016.

JONES, SKELTON & HOCHULI, P.L.C.

By: /s/ A. Melvin McDonald
A. Melvin McDonald
Joseph J. Popolizio
Justin M. Ackerman
40 North Central Avenue, Suite 2700
Phoenix, Arizona  85004
Attorneys for Defendant Joseph M. Arpaio

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of November 2016, I electronically filed the foregoing filing with the Clerk of Court through the CM/ECF System which will send notification of such filing to the attorneys of record for the defendants.

/s/Karen Gawel

---

[1] Again, Defendant Arpaio reserves the right to request the Court to further continue this matter, as necessary, to the extent the Government contemplates additional charges arising out of Judge Snow's criminal referral.