A. Melvin McDonald, Bar #002298
Linda K. Tivorsak, Bar #024789
JONES, SKELTON & HOCHULI, P.L.C.
40 North Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 263-1700
Fax: (602) 200-7847
mmcdonald@jshfirm.com
ltivorsak@jshfirm.com

Attorneys for Defendant Joseph M. Arpaio

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| United States of America, | NO. 2:16-CR-01012-SRB |
|---|---|
| Plaintiff, | **DEFENDANT ARPAIO'S SUPPLEMENT IN SUPPORT OF SECOND MOTION TO CONTINUE** |
| v. | |
| Joseph M. Arpaio, | **(Filed under seal)** |
| Defendant. | **(Expedited oral argument under seal requested)** |

Pursuant to 18 U.S.C. 3161(h)(7)(A), undersigned counsel for Defendant Joseph M. Arpaio joins in Mr. Goldman's Motion to Continue trial and associated Reply, currently scheduled to start on April 25, 2017, for at least sixty (60) days. In addition to the reasoning provided by Mr. Goldman, undersigned counsel has had additional developments that have occurred within the recent weeks that establish exceptional circumstances justifying continuing the trial in this matter. This is Defendant Arpaio's second motion to continue.[1]

---

[1] The Government was orally advised by undersigned counsel last week that a motion to continue would be filed for the reasons included in this Motion, in addition to those asserted by Mr. Goldman. Undersigned counsel was in the process of finalizing a supplement to Mr. Goldman's Motion to Continue when the Court issued its order on March 20, 2017, directing "Defense counsel" to file a reply to the Government's Response to the Motion to Continue. [Doc. 88]. Undersigned counsel, therefore, files this supplement in support of Mr. Goldman's Motion to Continue and associated Reply.

5711261.1

**I.    ADDITIONAL CHANGED CIRCUMSTANCES JUSTIFY A CONTINUANCE IN THIS ACTION.**

During this Court's January 25, 2017 conference, undersigned counsel revealed to the Court that counsel in the underlying *Melendres* civil contempt action ("*Melendres* Civil Attorneys"), who are employees of the undersigned counsel's law firm and had been previously working on the case before this Court and representing Defendant Arpaio personally, were screened from participation in this action because of their continued representation in the Melendres civil litigation on behalf of Sheriff Penzone, in his official capacity as Sheriff of Maricopa County.  As a result of this screen, undersigned counsel and an associate were the only lawyers from Jones, Skelton & Hochuli that remained in the criminal matter.  [1/25/17 RT at 23].   Undersigned counsel informed the Court that this screen "has a drastic effect on the criminal case." [*Id.* at 24:3-7].  Undersigned Counsel also informed the court that he had "contacted two other lawyers" and that he was "in the process of trying to bring on additional counsel" to assist in the criminal defense in light of the screen.  [*Id.* at 24:11-12; 32:8-10].  In light of the foregoing, the Court made the following statement:

> I believe that this, with this schedule, is a reasonable period of time in order to prepare for trial.
>
> And while I am not saying today that under no circumstances will I grant a trial continuance, any request for a continuance would have to justify why under the circumstances of the dates that I have set for the government's disclosure and the amount of disclosure that the government has made to date and the limited things that are requested -- that are expected in the future why that is not a realistic amount of time for the defense to prepare.

[*Id.* at 34:15-24].  In response, and in light of the reduced evidence and witness list provided by the Government, undersigned counsel stated the following:  "I think we'll probably be okay for the April 25th ***unless there is some new surprise that comes in that I don't know about***."  [*Id.* at 36:21-23 (emphasis added)].

After this hearing, on February 9, 2017, the *Melendres* Civil Attorneys withdrew from their representation in *Melendres v. Arpaio* on behalf of Sheriff Penzone,

in his official capacity as Sheriff of Maricopa County. [Doc. 1942, 2:07-cv-02513-GMS]. As a result of the JSH *Melendres* Civil Attorneys' withdrawal from Sheriff Penzone's representation, the need for a screen was eliminated and the concerns expressed by undersigned counsel during that January 25, 2017 status hearing are no longer present. However, the *Melendres* Civil Attorneys have a trial set with Judge Teilborg beginning on April 24, 2017 in *Erickson v. City of Phoenix*, NO. 2:14-cv-01942-JAT. Given the expert witness schedules and deadlines previously set by that Court, the *Melendres* Civil Attorneys do not believe that the trial date can be moved in order to facilitate their assistance in the defense of this matter.

It is for this additional reason that undersigned counsel respectfully requests that the Court continue this matter for the time period requested by Mr. Goldman so that the *Melendres* Civil Attorneys can participate in the defense of this action. As undersigned counsel has repeatedly intimated, the participation of the *Melendres* Civil Attorneys would be extremely beneficial to the effective and appropriate defense in this matter given these attorneys unique knowledge of the matters leading up to the criminal referral. Undersigned counsel notes that the Government suffers no prejudice by this short delay for trial, but that Defendant Arpaio will suffer significant prejudice if the Court declines to continue this action. Moreover, Defendant Arpaio agrees that the duration of the continuance would constitute excludable delay under 18 U.S.C. § 3161(h) and that the grant of the motion would constitute excludable time under defendant's speedy trial rights and agrees that all time covered by the continuance order constitutes excludable delay.

Finally, and most importantly, none of the foregoing described events were within the control of Defendant Arpaio, but rather, were the result of the unique situation where the undersigned counsel's law firm was not allowed to have the *Melendres* Civil Attorneys continue to participate in the matter before this Court while they continued to represent Sheriff Penzone in his official capacity as Sheriff of Maricopa County in the *Melendres* civil case. That representation ended by substitution of counsel on February 9,

2017.  (*See* Docs. 1942 and 1944 in *Melendres v. Penzone*, 2:07-cv-02513-GMS).  In other words, Defendant Arpaio is not responsible for any of the foregoing, but rather, he is the negative beneficiary of legal circumstances beyond his control.

Accordingly, pursuant to 18 U.S.C. § 3161(h)(7)(a), the ends of justice served by granting a continuance in this matter outweigh the best interests of the public and the defendant in a speedy trial.

## II.   CONCLUSION.

Based on the foregoing, undersigned counsel, on behalf of Defendant Arpaio respectfully joins in Mr. Goldman's request that the Court continue the trial set in this matter for at least 60 days.  In addition, in light of the Government's objection to Mr. Goldman's request for continuance and the sensitive nature of this supplement, undersigned counsel requests expedited oral argument, under seal, on this issue.

RESPECTFULLY SUBMITTED this 21st day of March 2017.

JONES, SKELTON & HOCHULI, P.L.C.

By /s/ A. Melvin McDonald
A. Melvin McDonald
Linda K. Tivorsak
40 North Central Avenue, Suite 2700
Phoenix, Arizona  85004
Attorneys for Defendant Joseph M. Arpaio

### CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of March 2017, I electronically filed the foregoing filing with the Clerk of Court through the CM/ECF System which will send notification of such filing to the attorneys of record for the defendants.

/s/ Karen Gawel