Mark D. Goldman (012156)
Jeff S. Surdakowski (030988)
**GOLDMAN & ZWILLINGER PLLC**
17851 North 85th Street, Suite 175
Scottsdale, AZ  85255
Main:  (480) 626-8483
Facsimile:  (480) 502-7500
E-mail:  docket@gzlawoffice.com
*Attorneys for Defendant Joseph M. Arpaio*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | Case No.:  2:16-cr-01012-SRB-1 |
| Plaintiff, | |
| v. | **MOTION FOR CONTINUANCE OR TO EXCLUDE DOCUMENTS DISCLOSED BY THE GOVERNMENT AFTER MARCH 1, 2017** |
| Joseph M. Arpaio, | |
| Defendant. | (Expedited Oral Argument Requested) |

In the January 25, 2017 Pretrial Conference, this Court ordered the Government to disclose its list of witnesses and exhibits for trial no later than March 1, 2017.  In violation of the Order [Doc. 71], the Government continues to produce voluminous documents, videos, and other exhibits – the most recent disclosures occurring at least as late as March 21, 2017.  The total page count in these productions exceeds thirteen thousand (13,000) pages and includes over 210 GB of video files. While the Defendant is clearly prejudiced by any disclosures of new materials this close to trial, the sheer volume of the exhibits alone creates additional problems. As a direct result of the size of the productions, Defendant's counsel is unable to

1

review and analyze them in preparation of the defense. Therefore, the Court, pursuant to Rule 16(d)(2)(B) Fed. R. Crim. P. should continue the trial which is currently calendared to begin on April 25, 2017. Defendant's Motion to Continue due to the late and voluminous productions is supported by the following Memorandum of Points and Authorities, the attached exhibits which are incorporated herein by reference, and the Court's entire file in this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

**A)    THE TRIAL SHOULD BE CONTINUED BECAUSE THE GOVERNMENT CONTINUES DISCLOSING VOLUMINOUS DOCUMENTS AFTER THE COURT'S DEADLINE IN VIOLATION OF THIS COURT'S ORDER**

There is a "well established" principle that "[d]istrict courts have inherent power to control their dockets." *U.S. v. W.R. Grace*, 526 F.3d 499, 509 (2008) quoting *Atchison, Topeka & Santa Fe Ry. Co. v. Hercules Inc.*, 146 F.3d 1071, 1074 (9th Cir.1998). Further, it is accepted that federal courts are "vested with inherent powers enabling them to manage their cases and courtrooms effectively and to ensure obedience to their orders." *W.R. Grace*, 526 F.3d at 509; *Aloe Vera of Am., Inc. v. United States*, 376 F.3d 960, 964–65 (9th Cir.2004) (per curiam) (quoting *F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1136 (9th Cir.2001)).

Rule 16 Federal Rules of Criminal Procedure sets forth the requirements for disclosure in criminal cases. Specifically, Rule 16(a)(1)(E) requires the disclosure of items "within the government's possession, custody, or control if the item is material to preparing the defense"

(Rule 16(a)(1)(E)(i)) or those that the government intends to use the item in its case-in-chief at trial (Rule 16(a)(1)(E)(ii)). However, district courts may, pursuant to Rule 16, set orders imposing and enforcing disclosure deadlines. *Id.* at 513.

Upon a showing of good cause, Rule 16(d) grants the court authority to modify its own discovery orders. As described above, this includes the capacity to grant a continuance so that the newly disclosed information can be reviewed and analyzed.

Of course, this Court has already specifically addressed the issues related to the Government's disclosure of its list of its exhibits for trial in this matter. After hearing from both sides at the Pretrial Conference, the Court ordered the Government to produce its exhibits for trial by March 1, 2017. [Doc. 71.] During the Pretrial Conference, the specific issue of Government over-production of voluminous and unnecessary/irrelevant exhibits was also addressed by the Court. Consequently, the Court found March 1, 2017 to be an appropriate deadline for the Government to produce its exhibits to Defendant's counsel:

| | |
|---|---|
| THE COURT: | Mr. Keller, when will you be in a position to designate your witnesses and exhibits for trial? The reason I ask that is because my experience with the government is that they disclose everything they think the defendant might want to see. But the actual universe of what the government thinks is relevant for trial to be marked and offered as exhibits is going to be a much smaller number. |
| MR. KELLER: | That certainly will be the case here, Your Honor. ... As to a date at which the government could provide exhibits and a witness list, to be frank, Your Honor, that's generally driven by the trial date. |
| THE COURT: | We're going to assume for purposes of your answer to my question that the trial date is on April 25th. |

MR. KELLER:   Then certainly two weeks before trial.

THE COURT:   No. It has to be a long time before that.

MR. KELLER:   Okay.

THE COURT:   Because I want to get this case to trial as soon as possible. And if you're disclosing 125,000 pages of documents but you're only going to offer 200 pages at trial, then Mr. McDonald's review and preparation is a little different than if you're going to mark and offer 100,000 pages of the 125,000 that have been disclosed.

MR. KELLER:   Understood and agreed, Your Honor. So I guess subject to some supplementation -- but I believe the government could provide the bulk of its exhibits and witnesses to defense counsel by the beginning of March.

THE COURT:   Okay. Thank you.

MR. McDONALD:  And, Your Honor, as I indicated at the bench, I'm in the process of trying to bring on additional counsel. And I think you have identified a point. I don't want to go through … 125,000 pages if 120,000 are not going to be involved in the case. I don't need to review all of the monitor's interviews. I've got the Sheriff that I want to be able to fairly manage the resources. So that if we're talking about a three-day trial, we're probably talking nine or ten witnesses and get me all the exhibits for those witnesses and we can realistically go there.

THE COURT:   Well, if the government can give you that information on or about the 1st of March, that would be almost 60 days that you would have to know which documents they believe are of evidentiary value.  And, obviously, of the remaining documents that you have, there may be things in there that you believe are of evidentiary value for defense exhibits. That's quite a bit of time.

MR. McDONALD:  Well, it would be quite a bit of time. I would prefer to have the documents before March 1st. This identification -- I've got to believe that they have a pretty good idea now who they're going to call. I sat in the civil trial, so I have some idea of who they might call. But --

THE COURT:   Well, now we're talking witnesses not exhibits.

4

MR. McDONALD:  Well, and that's true, exhibits. I just -- your Honor, for me to go through 125,000 exhibits --

THE COURT:  Well, for you and/or your associate and/or your paralegal.

MR. McDONALD:  Yes. I'm still in the process of trying to bring on a paralegal. But it's going to be -- it would be a daunting task. I want to get some clarification before I go there because of the changed circumstances so that I don't spend all of my time looking at stuff that is not going to be a part of the case.

THE COURT:  Well, here's what I'm going to do today. I'm going to order the government to provide their list of witnesses and exhibits for trial to defense counsel by Wednesday, March 1, 2017.

Transcript from January 25, 2017 Pretrial Conference at pp.31:3 – 33:23. A true and correct copy of which is attached as Exhibit 1 to this Motion.

As described above, the Court conducted a lengthy discussion regarding the Government's production and sources of unnecessary and/or voluminous documentation. The Court acknowledged that the Government, in its experience, produces a large volume of documentation but only marks a small number of those for exhibits in trial.

After agreeing with the Court, Mr. Keller informed the Court that it would have the bulk of its exhibits and witnesses disclosed by early March.  Based on the Court's desire to conduct the trial as soon as possible as well as Mr. Keller's promise regarding the Government's exhibits, the Court ordered the Government to disclose the exhibits by March 1, 2017 – approximately sixty days before trial. Despite the Court's strict deadline, the Government continues to disclose voluminous documents and video, most recently as late as March 20, 2017 and March 21, 2017, in violation of the Court's January 25, 2017 Order.

At the Pretrial Conference, the Court specifically asked Mr. Keller about the Government's exhibits and its witness list. The Court even considered its own experience with government over-disclosure of documents, contrasting the incredible number of documents that can be disclosed to the smaller number of exhibits that are eventually marked for use in trial.  Mr. Keller told the Court that the Government would be able to make its exhibit disclosures, *subject to some supplementation*, by early March. Mr. Keller did not elaborate on what he meant by "some supplementation."  However, as of this week, the Government has "supplemented" the record with over 13,000 pages of documents. It should be noted that the Government's "supplements" do not indicate the nature of the documents or reference what previous document/exhibit the additional volumes are supplementing. The bulk of the Government's late disclosure is such that Mr. McDonald's office is unable to share the documents electronically with Mr. Goldman's office via his firm's file sharing system. *See* March 21, 2017 Email from Diana Weeks to Mr. McDonald, attached hereto as Exhibit 2, *See also* March 22, 2017 Email Communications between Holly McGee and Diana Weeks, attached hereto as Exhibit 3.

Such bulky and late disclosures are obviously prejudicial in the sense that counsel is unable to adequately prepare a defense in light of the new and voluminous productions.  As such, and pursuant to Rule 16(d)(2)(B) Fed. R. Crim. P., Defendant is entitled to a continuance in order to review these new or supplemental documents and therefore requests that the Court continue the trial which is scheduled to begin on April 25, 2017.

**B)** **RULE 16(d) FED. R. CRIM. P. PROVIDES ALTERNATIVE REMEDIES FOR VIOLATIONS OF THE COURT'S PRETRIAL ORDER**

In addition to a continuance, Rule 16 grants the court latitude to enter "any other order that is just under the circumstances." Rule 16(d)(2)(D).  Further, Rule 16 permits a court to prohibit a party from introducing at trial any undisclosed exhibits, or in this case, exhibits that are disclosed well after the Court's ordered deadline, at trial. In the event that the Court does not continue the trial in order for Defense counsel to review and analyze the recent disclosures, Defendant requests that the court prohibit the Government from introducing any of the information disclosed after the Court's deadline, pursuant to Rule 16(d)(2)(C) Fed. R. Crim. P.

**DATED** this 24th day of March, 2017.

**GOLDMAN & ZWILLINGER PLLC**

*/s/ Mark D. Goldman*
Mark D. Goldman
Jeff S. Surdakowski
17851 North 85th Street, Suite 175
Scottsdale, AZ  85255
*Attorneys for Defendant Joseph M. Arpaio*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of March 2017, I electronically transmitted the foregoing Motion to the Clerk of Court through the CM/ECF System which will send a Notice of Electronic Filing to all CM/ECF registrants for this matter.

*/s/ Dina D. Horsman*