Mark Goldman (012156)
Jeff S. Surdakowski (030988)
**GOLDMAN & ZWILLINGER PLLC**
17851 North 85th Street, Suite 175
Scottsdale, AZ  85255
Main:  (480) 626-8483
Facsimile:  (480) 502-7500
E-mail:  docket@gzlawoffice.com
*Attorneys for Defendant Joseph M. Arpaio*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Joseph M. Arpaio,<br><br>　　　　　　Defendant. | Case No.:  2:16-cr-01012-SRB-1<br><br>**DEFENDANT ARPAIO'S MOTION TO PROHIBIT THE INTRODUCTION OF CONSTITUTIONALLY PROTECTED CAMPAIGN STATEMENTS**<br><br>(Expedited Oral Argument Requested) |

Defendant Joseph M. Arpaio ("Defendant" or "Mr. Arpaio"), pursuant to Federal Rule of Criminal Procedure 12(b)(1), hereby objects to the introduction of any public statements made by Mr. Arpaio during his reelection campaign, roughly the periods between, and including, November 2007 and November 2008, November 2011 and November 2012, and November 2015 and November 2016.  The statements are not probative of Mr. Arpaio's state of mind or willfulness because Mr. Arpaio was campaigning for reelection and the Supreme Court of the United States ("SCOTUS") has articulated the policy goal of encouraging elected officials to communicate with voters.  Allowing campaign statements to be used against Mr.

1

Arpaio would have a chilling effect on campaign/political speech in direct contravention of the United States' Supreme Court's stated goals.  Mr. Arpaio's statements made to the press during that time are not probative of the willfulness mens rea element of criminal contempt because the statements were campaign posturing and not made under oath.  To allow these prejudicial statements into evidence would force Mr. Arpaio to waive his Fifth Amendment rights to mount a defense.

Mr. Arpaio moves the court to enter an order barring introduction of any statements he made during his reelection campaigns.

## FACTUAL BACKGROUND

Mr. Arpaio has been elected Sheriff of Maricopa County, Arizona in 1992, 1996, 2000, 2004, 2004, and 2012.  He ran for re-election unsuccessfully in 2016.  In some quarters, the former Sheriff is known as "America's Toughest Sheriff."  During his campaigns, to fit his image as the nation's "Toughest Sheriff," the Defendant made statements to bolster his image and reputation, some pertaining to his stance on illegal immigration.

During the Defendant's hearing on civil contempt, many of the Defendant's statements, made during his campaign, were used against him to prove, by clear and convincing evidence, that the Defendant intentionally committed civil contempt of court.  This was in error since civil contempt has no intent element.  All the testimony in the hearing regarding the Defendant's state of mind was utterly irrelevant since it did not tend to prove an element and should have drawn objections from his counsel.  Now, it is possible that the Defendant's campaign statements could be offered or moved into evidence to prove his state of mind with

respect to the criminal contempt charge when it violates the SCOTUS' policy to encourage political speech and the Defendant's Fifth Amendment rights.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.  THE GOVERNMENT MUST PROVE THE ELEMENT OF WILLFULNESS BEYOND A REASONABLE DOUBT**

To understand the difference between civil contempt and criminal it is helpful to understand the elements of both.  In explaining the elements of civil contempt, federal courts have said "[a] plaintiff must prove three elements by clear and convincing evidence to establish that a party is liable for civil contempt:  (1) that a valid order of the court existed; (2) that the defendants had knowledge of the order; and (3) that the defendants disobeyed the order." *In re Vaso Active Pharm., Inc.*, 514 B.R. 416, 422 (Bankr. D. Del. 2014).  Nowhere in the explanation of the elements of civil contempt does willfulness appear.  Federal courts have echoed this, stating that despite this fact, and without the protections afforded a criminal defendant, Judge Snow allowed a great number of Mr. Arpaio's campaign statements into evidence.  The statements were irrelevant as they do not prove a single element of the civil offense charged.  Not only should Mr. Arpaio's counsel have objected on the basis of relevance, but Mr. Arpaio should have been counseled to assert his Fifth Amendment rights.

In stark contrast to civil contempt, the Court of Appeals for the Ninth Circuit has said of criminal contempt "[w]e have held that the crime of contempt is established when a defendant willfully disobeys a clear and definite court order of which the defendant is aware." *United States v. Armstrong*, 781 F.2d 700, 706 (9th Cir. 1986)(citing *United States v. Thoreen*, 653 F.2d 1332, 1339 (9th Cir.1981), cert. denied, 455 U.S. 938, 102 S.Ct. 1428, 71 L.Ed.2d 648

(1982); *United States v. Baker*, 641 F.2d 1311, 1317 (9th Cir.1981); and *Chapman v. Pacific Telephone and Telegraph Co.*, 613 F.2d 193, 195 (9th Cir.1979)). "Thus, willfulness is an essential element of criminal contempt." *Id*.  Regarding the burden of proof in a criminal defense case, the Ninth Circuit has said "[t]o sustain a judgment of criminal contempt, willful disobedience must be proved beyond a reasonable doubt.  'Willfulness' means, in this context, a deliberate or intended violation of the court's order." *Clemente v. United States*, 766 F.2d 1358, 1367 (9th Cir. 1985)(internal citations omitted).  While evidence proving Mr. Arpaio's state of mind is relevant to the criminal charge, his campaign-related public statements and posturing, in specific, are not only protected speech, but allowing them to be discussed in a criminal trial is not probative, but instead is highly prejudicial, and, in essence, would be the government forcing Mr. Arpaio to waive his Fifth Amendment rights.

## II. CAMPAIGN STATEMENTS SHOULD BE EXCLUDED BECAUSE OF CONSTITUTIONAL PROTECTIONS

Generally speaking, the American public, as reflected by our political institutions places great value on our speech liberties, especially in the realm of politics.  The Supreme Court has said that the First Amendment is intended to "preserve an uninhibited marketplace of ideas in which truth will ultimately prevail." *McCullen v. Coakley*, 134 S. Ct. 2518, 2529 (2014) (quoting *FCC v. League of Women Voters of Cal.*, 468 U.S. 364, 377 (1984)).  With respect to the campaign-related statements of elected officials, the Supreme Court has said "[t]he role that elected officials play in our society makes it all the more imperative that they be allowed freely to express themselves on matters of current public importance." *Wood v. Georgia*, 370 U.S. 375, 395, 82 S.Ct. 1364, 8 L.Ed.2d 569 (1962).  In this case, Mr. Arpaio was an elected official

freely expressing himself on the matter of illegal immigration, which is of great public importance. Per the Supreme Court's admonition that the First Amendment is intended to create an uninhibited marketplace of ideas, and his position as both an elected official and a candidate, Mr. Arpaio had the right to communicate his ideas to the voting public without inhibition. If this Court allows Mr. Arpaio's campaign statements to be used to criminally convict him, it will have a chilling effect on expressions about matters of current public importance. Future candidates will remember that Mr. Arpaio's campaign statements were used against him and will self-inhibit their own speech to steer clear of ramifications which may be years down the road.

Of campaign speech, the Supreme Court has said "[w]e have never allowed the government to prohibit candidates from communicating relevant information to voters during an election." *Republican Party of Minnesota v. White*, 536 U.S. 765, 781–82, 122 S. Ct. 2528, 2538, 153 L. Ed. 2d 694 (2002). The Ninth Circuit elaborated on the idea, stating that the "marketplace of ideas is undermined if public officials are prevented from responding to speech of citizens with speech of their own." *Mulligan v. Nichols*, 835 F.3d 983, 989 (9th Cir. 2016) (petition for certiorari docketed March 3, 2017). Granted, allowing Mr. Arpaio's campaign statements to be introduced is not a direct prohibition on Mr. Arpaio making statements, but it will have a ripple effect on future campaign speech and make future candidates circumspect about communicating about political subjects of public interest because the statements could be used against the candidates years in the future.

The Supreme Court has also said "[t]he interest of the public in hearing all sides of a

public issue is hardly advanced by extending more protection to citizen-critics than to legislators." *Bond v. Floyd*, 385 U.S. 116, 136 (1966).  While the government, as an entity, is not a citizen, the idea expressed in *Bond* holds true in this case:  the public interest in hearing all sides of a public issue is hardly advanced by depriving a former public official, who also happens to be a current defendant, of rights to express himself and to not be forced to testify against himself, while extending benefits to the government in prosecuting free speech.

If this Court allows Mr. Arpaio's campaign statements to be used to convict him, it will be allowing the government to have a chilling effect on future candidates communicating relevant information to voters during elections.  It will only encourage candidates to hide their views, which will increase opacity in government and voter dissatisfaction with government officials.  The First and Fifth Amendments are far more important than either giving prosecutors free reign to go after politicians that might be hated by a current or former presidential administration, or lording the power of the courts over parties.  Therefore, this Court should issue an order instructing the parties not to introduce evidence of Mr. Arpaio's past campaign statements.

### III. CAMPAIGN STATEMENTS DO NOT PROVE WILLFULNESS AS THEY ARE NOT INDICATIVE OF WHAT A CANDIDATE WILL ACTUALLY DO

Campaign statements are often made with more of an eye to garnering votes than to actually delivering on campaign promises.  It would be naïve for anyone to truly believe that any politician will actually do everything he says he will.  With that in mind, it is foolish to give any probative weight to any politician's campaign statements.  In this case, it is foolish and benighted to believe that any campaign statements are probative of Mr. Arpaio's mens rea

with respect to the charges.

### IV.  MR. ARPAIO'S CAMPAIGN STATEMENTS ARE MORE PREJUDICIAL THAN PROBATIVE

In relevant part, Federal Rule of Evidence 403 states "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following:  unfair prejudice, confusing the issues, … undue delay, wasting time, or needlessly presenting cumulative evidence."  While Mr. Arpaio's statements, on their faces, may sound like willfulness, and therefore be relevant in proving the element of willfulness, in the context of a campaign, they do not demonstrate willfulness so much as hot air.  Therefore, the statements are more prejudicial than probative.  Since the statements are protected political speech, introducing them in court creates a danger of undue delay and wasting the time of the court and the parties.  The introduction of such evidence also confuses campaign speech, which is political posturing to garner votes, with Mr. Arpaio's actual state of mind with respect to the court's orders.  Additionally, if Mr. Arpaio believed his actions were already in line with the court's order, then his campaign statements do not demonstrate willfulness at all.

### CONCLUSION

For the foregoing reasons, this Court should issue an order prohibiting the parties from introducing Mr. Arpaio's campaign statements against him.  The statements are of the class of highest and most protected speech.  Allowing the statements to be offered against Mr. Arpaio would violate his First and Fifth Amendment rights and have a chilling effect on political speech.  Finally, the statements, in this politically charged atmosphere, are far more prejudicial than probative.

DATED this 24th day of March, 2017.

**GOLDMAN & ZWILLINGER PLLC**

*/s/ Mark D. Goldman*
Mark D. Goldman
Jeff S. Surdakowski
17851 North 85th Street, Suite 175
Scottsdale, AZ  85255
*Attorneys for Defendant Joseph M. Arpaio*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of March 2017, I electronically transmitted the foregoing Motion to the Clerk of Court through the CM/ECF System which will send a Notice of Electronic Filing to all CM/ECF registrants for this matter.

*/s/ Dina D. Horsman*