Mark D. Goldman (012156)
Jeff S. Surdakowski (030988)
**GOLDMAN & ZWILLINGER PLLC**
17851 North 85th Street, Suite 175
Scottsdale, AZ  85255
Main:  (480) 626-8483
Facsimile:  (480) 502-7500
E-mail:  docket@gzlawoffice.com
*Attorneys for Defendant Joseph M. Arpaio*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | Case No.:  2:16-cr-01012-SRB-1 |
| Plaintiff, | |
| v. | **DEFENDANT ARPAIO'S MOTION TO STAY PROCEEDINGS** |
| Joseph M. Arpaio, | |
| Defendant. | (Expedited Oral Argument Requested) |

Mr. Arpaio filed his appeal on December 27, 2016 [Case 16-16663- Dkt 11].  The appeal raises issues flowing directly from Judge Snow's *ex parte* communication with Court Monitors and clear conflicts of interest related to Plaintiffs' counsel, Covington & Burling, wherein Judge Snow intentionally hid from Defendants' counsel the fact that his brother-in-law is an equity partner with Covington & Burling while ruling in Plaintiffs' favor and awarding over $92,000 in attorneys' fees and costs to the firm. If the appeal is successful, the Ninth Circuit Court of Appeals will likely vacate the Contempt Findings and Contempt Injunction at the heart of the criminal trial. As such, the criminal trial must be stayed pending resolution of the civil appeal.  Mr. Arpaio's Motion to Stay Proceedings is

supported by the following Memorandum of Points and Authorities and the Court's entire file in this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

### A) THIS COURT MUST STAY THE CRIMINAL PROCEEDINGS PENDING THE APPEAL IN THE CIVIL MATTER

A court's "authority to grant stays has historically been justified by the perceived need to 'prevent irreparable injury to the parties or to the public' pending review." *Nken v. Holder*, 556 U.S. 418, 432-433, 129 S.Ct. 1749, 1760, 173 L.Ed.2d 550 (2009). The decision whether to grant a stay pending appeal is " 'an exercise of judicial discretion,' and '[t]he propriety of its issue is dependent upon the circumstances of the particular case.' " *Id.*

When deciding whether to issue a stay pending an appeal, a court takes into consideration four factors: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Nken*, 556 U.S. at 434, 129 S.Ct. at 1761. *See also, Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011).

The first two factors, irreparable injury and likelihood of success on the merits, are the most critical factors. *See e.g. Nken*, 556 U.S. at 434, 129 S.Ct. at 1761. Courts in the Ninth Circuit are directed to balance all four factors but emphasize the first two factors. In balancing out the first two factors, courts "require[] a stronger showing of likelihood of success on appeal if there is a weaker showing of likelihood of irreparable injury." *Red Mountain Machinery*, 451 B.R. at 899 (citing *Alliance for the Wild Rockies v. Cotrell*, 632

F.3d 1127, 1131 (9th Cir. 2011). *See also, Leiva-Perez*, 640 F.3d at 965-966; *Abbassi v. INS*, 143 F.3d 513, 514 (9th Cir. 1998).  Taking into consideration the four factors, it is clear that the criminal contempt trial should be stayed pending the resolution of the civil appeal.  Turning to the four factors:

### 1) <u>Mr. Arpaio Is Likely To Succeed On The Merits Of The Appeal</u>

In his appeal, Mr. Arpaio outlines nine instances of improper *ex parte* communication between Judge Snow and the Court's Monitor. Prior to the entry of the Monitor Authority Order, Mr. Arpaio objected to permitting any ex parte communication between the Court and the Monitor. Despite the Defendants' objection, the one-sided conversations with the Monitor caused Judge Snow to form opinions related to various aspects of the Maricopa County Sheriff's Office's ("MCSO") operations, the handling of various investigations, purported conflicts of interests within MCSO's Internal Affairs division, Mr. Arpaio's honesty while testifying under oath, and the MCSO's collection of documents and other evidence from its officers.  In short, these *ex parte* communications lead Judge Snow to find Mr. Arpaio in civil contempt.

In addition, Mr. Arpaio cites Judge Snow's personal conflict in the case because Judge Snow's brother-in-law was an equity partner at Covington & Burling, Plaintiffs' counsel. Judge Snow conceded that he knew about the conflict and admitted that he should have told the Defendants about the conflict, but *failed to do so for more than two years*. During this time, Judge Snow decided motions in the Plaintiff's favor, awarded over $92,000.00 in attorneys' fees and costs to his brother-in-law's firm, and caused the parties

to engage in costly and time-consuming discovery and trial preparation. Only one month prior to trial, *and two years after Judge Snow learned of the conflict*, Defendants' counsel was finally informed that Judge Snow's brother-in-law was an equity partner with Plaintiffs' counsel's firm.

Based on these facts, the likelihood that Mr. Arpaio would succeed with his appeal is great because the Ninth Circuit Court of Appeals could easily find that Judge Snow had conflicts of interests preventing him from administering the civil case in a manner that was fair to Mr. Arpaio. To remedy the inequitable and unfair results in the civil matter, the Ninth Circuit Court of Appeals would be justified in vacating the Contempt Findings and Contempt Injunction. To permit the criminal trial to proceed while the possibility that the Contempt Findings and Contempt Injunction might be vacated would result in a significant deprivation of Mr. Arpaio's constitutional right to a fair trial and presumption of innocence in a criminal trial. As a result, the criminal matter should be stayed until the Ninth Circuit rules on the civil case appeal.

**2)  <u>Mr. Arpaio Will Be Irreparably Harmed Unless The Criminal Action Is Stayed Pending Resolution Of The Civil Appeal</u>**

Equally important is that Mr. Arpaio will be deprived of due process if the criminal matter is to proceed before the complete resolution of the civil appeal. This is because in order to impose criminal contempt on a party for the violation of a court order, the order must be clear and definite and the contemnor must willfully disobey it. *United States v. Rose*, 806 F.2d 931, 933 (9th Cir. 1981).  Judge Snow found civil contempt, ruling that there

was a court order and that Mr. Arpaio violated the order. Order Re: Criminal Contempt [Doc. 1] at p. 4:3-5.

Since Judge Snow found civil contempt, the only question to be resolved in the criminal proceeding is whether Mr. Arpaio's acts were willful.  However, if the Ninth Circuit finds that Judge Snow's acts violated Mr. Arpaio's rights, then the Contempt Order and Contempt Injunction may be vacated and the government would have to prove three elements of criminal contempt instead of just one.  As such, the criminal contempt trial should be vacated until the civil appeal is completed and it is known whether Judge Snow's Contempt Order still stands.

**3) A Stay Will Not Prejudice Or Otherwise Injure The Government's Case**

If this Court grants a stay pending the resolution of the civil appeal, the Government's case would not be prejudiced or injured. On January 25, 2017, this Court ordered the Government to produce its exhibits and list of witnesses for trial by March 1, 2017. Despite this Court's order, the Government has continued disclosing voluminous documents to Defendants' counsel well beyond that deadline.  Staying the criminal proceedings pending resolution of the civil appeal would in fact give the Government time to complete its late disclosures and also afford the Defendants' counsel time to review the copious documentation related to the late disclosures.

**4) Complete Resolution Of The Civil Contempt Is In The Public Interest**

The public has an interest in fair and honest enforcement of laws and courtroom procedure. The civil appeal, based on Judge Snow's *ex parte* communication with the Court

Monitor as well as Judge Snow's appearance of impropriety by failure to disclose known conflicts of interest with Plaintiffs' counsel for over two years, must be resolved before Mr. Arpaio should be called to answer for criminal contempt.  Judge Snow's conflicts of interest must be resolved fully and completely by the Ninth Circuit Court of Appeals prior to any criminal contempt hearing invoking Judge Snow's orders to Mr. Arpaio.  Any other result would be unfair and would violate the public's trust and interest in fair and honest enforcement of laws and courtroom procedure.

**B) CONCLUSION**

Based on the foregoing, this Court should stay the criminal trial pending the resolution of the civil appeal.  Due to Judge Snow's multiple conflicts of interest, it is clear that Mr. Arpaio has a high probability of success on his appeal and forcing the criminal trial to proceed when there is a strong likelihood that the Contempt Order would be vacated would deny Mr. Arpaio due process.  Further, the Government's case is not prejudiced or injured in any manner if the criminal trial is stayed while the Ninth Circuit resolves the civil matter.  Accordingly, Defendant respectfully requests that the Court stay the criminal trial pending resolution of the civil appeal.

**DATED** this 24th day of March, 2017.

                    **GOLDMAN & ZWILLINGER PLLC**


                    /s/ Mark D. Goldman
                    Mark D. Goldman
                    Jeff S. Surdakowski
                    17851 North 85th Street, Suite 175
                    Scottsdale, AZ  85255
                    *Attorneys for Defendant Joseph M. Arpaio*


                    **CERTIFICATE OF SERVICE**

    I hereby certify that on this 24th day of March 2017, I electronically transmitted the foregoing Motion to the Clerk of Court through the CM/ECF System which will send a Notice of Electronic Filing to all CM/ECF registrants for this matter.


/s/ Dina D. Horsman

7