RAYMOND N. HULSER
Chief
Public Integrity Section, Criminal Division
U.S. Department of Justice

JOHN D. KELLER
Illinois State Bar No. 6293104
VICTOR R. SALGADO
DC Bar No. 975013
SIMON J. CATALDO
Massachusetts Bar No. 690879
Trial Attorneys
Public Integrity Section, Criminal Division
U.S. Department of Justice
1400 New York Ave, NW, 12th floor
Washington, D.C. 20005
Tel: (202) 514-1412
John.Keller2@usdoj.gov
Victor.Salgado@usdoj.gov
Simon.Cataldo@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>Joseph M. Arpaio,<br><br>　　　　Defendant. | 2:16-CR-01012-SRB<br><br>**RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR CONTINUANCE OR TO EXCLUDE DOCUMENTS** |

　　　　On March 1, 2017, nearly two months before trial, the government provided the defendant with a witness list, exhibit list, and additional copies of the records reflected in the exhibit list, itemized by exhibit number, in order to assist him in the preparation of his defense. Despite this, defendant now asks for a continuance based on the fact that the government provided him with two additional exhibits on March 15 and March 22—specifically, MCSO incident reports totaling seventeen pages—and also properly provided him with supplemental discovery of items that recently came into the government's possession. This additional discovery primarily consists of: (1) MCSO records that the defendant and his attorneys have had access to for years, and which the government does

*not* intend to offer at trial; and (2) newly obtained recordings of depositions and interviews, the transcripts of which were previously produced to the defendant. This additional discovery provides no basis for a continuance. The defendant's motion should be denied.

The defendant references "over 210 GB of video files" as a basis for a continuance. Mot. to Continue at 1, ECF No. 103. But these video files consist of one full media interview, the relevant excerpt of which was previously produced to the defendant on December 30, 2016, and recordings of depositions and investigative interviews of numerous witnesses, the transcripts of all but two of which were also provided on December 30, 2016.[1] The remaining two transcripts were provided on February 24, 2017. The government only intends to offer clips of the recordings of the defendant himself at trial as party admissions, and all of the relevant transcripts were previously provided in discovery and were then reproduced as itemized exhibits on March 1, 2017. Moreover, Mr. McDonald himself was present for the majority of the depositions, interviews, and testimony of the defendant for which recordings and transcripts have been provided.

With regard to the documents referenced in the defendant's motion, the vast majority are MCSO incident reports and related documents underlying three statistical summaries created by the defendant's office in 2013 or 2014, admitted at the 2015 evidentiary hearings in *Melendres,* provided to the defendant in discovery in this case on December 30, 2016, and reproduced as exhibits on March 1, 2017. The government recently obtained the underlying documents from MCSO and produced them because the defendant refused to stipulate to the accuracy of the three summaries. Also included in the production are press releases issued by the defendant's office during his tenure as sheriff, many of which were also previously provided in discovery on December 30, 2016. The relevant releases were then reproduced as exhibits on March 1, 2017, along with all of the

---

[1] The government anticipates receiving and producing additional recordings of depositions, the transcripts of which were provided to the defendant on December 30, 2016, and certified copies of media interviews that were also previously produced in discovery.

1 other exhibits. The full set of all press releases was recently obtained directly from MCSO and was produced in discovery on March 20, 2017, because the defendant refused to stipulate to the authenticity of the previously produced versions. These discovery productions, provided more than a month before trial, do not warrant a continuance, particularly where the substance of the productions was previously provided to the defendant and where the government intends to offer very little of the evidence at trial. The defendant's three counsel of record[2] have more than sufficient time to prepare for the April 25, 2017, trial date.

For all of the reasons stated above, the Motion for Continuance or to Exclude Documents should be denied without "expedited oral argument" as requested by the defendant.

---

[2] The defendant previously submitted a supplement to another motion to continue on the basis that three *additional* lawyers who wish to join the defense team all have conflicts with the scheduled trial date. All three of the proposed new counsel represented Maricopa County in the underlying *Melendres* litigation, and two of them represented the defendant in this criminal case until January 9, 2017. *See* Gov. Ex. A (identifying the proposed new counsel as "Masterson, Popolizio, and Ackerman.") As a result, they are all intimately familiar with the facts and witnesses involved in this case, and according to Mr. McDonald's pleading, they have been available to assist (and may have been assisting) Mr. McDonald since February 9, 2017. Moreover, they have known of the conflicting April 24, 2017, trial date in *Erickson v. City of Phoenix*, No. 2:14-cv-01942 (D. Ariz. 2014), since December 23, 2016. *See Erickson*, Order Setting Trial, ECF No. 146.

Nonetheless, Mr. McDonald waited until March 23, 2017, to raise the possibility of these lawyers re-entering this case and to flag the potential conflict with the *Erickson* trial date. While Mr. McDonald represented that counsel do not believe that the *Erickson* trial date can be moved, no motion for a continuance of trial has been filed in that case. *See Erickson*, No. 2:14-cv-01942. These delays and lack of effort to adjust counsels' schedules further militate against granting a continuance. *See United States v. Lloyd*, 125 F.3d 1263, 1268–69 (9th Cir. 1997).

Finally, due to their prior representation of the County in *Melendres*, the appearances of the proposed new lawyers would likely necessitate a conflicts hearing pursuant to Federal Rule of Criminal Procedure 44(c)(2). *See, e.g., United States v. Agosto*, 675 F.2d 965, 970 (8th Cir. 1982) ("Rule 44(c) establishes a suitable framework for the district court to assess possible conflicts in situations beyond simple joint representation.").

                                      Respectfully Submitted,

                                      RAYMOND N. HULSER
                                      Chief, Public Integrity Section

                                 By: */s/ John D. Keller*
                                      John D. Keller
                                      Victor R. Salgado
                                      Simon J. Cataldo
                                      Trial Attorneys
                                      United States Department of Justice
                                      Public Integrity Section
                                      1400 New York Ave. NW
                                      Washington, DC  20005
                                      (202) 514-1412
                                      John.Keller2@usdoj.gov
                                      Victor.Salgado@usdoj.gov
                                      Simon.Cataldo@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on today's date, I electronically filed the foregoing via the CM/ECF system which will automatically provide notice to counsel of record for the defendant.

/s/ *John D. Keller*
John D. Keller
Trial Attorney