RAYMOND N. HULSER
Chief
Public Integrity Section, Criminal Division
U.S. Department of Justice

JOHN D. KELLER
Illinois State Bar No. 6293104
VICTOR R. SALGADO
DC Bar No. 975013
SIMON J. CATALDO
Massachusetts Bar No. 690879
Trial Attorneys
Public Integrity Section, Criminal Division
U.S. Department of Justice
1400 New York Ave, NW, 12th floor
Washington, D.C. 20005
Tel: (202) 514-1412
John.Keller2@usdoj.gov
Victor.Salgado@usdoj.gov
Simon.Cataldo@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Joseph M. Arpaio,<br><br>    Defendant. | 2:16-CR-01012-SRB<br><br>**RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE STATEMENTS THAT HE MADE TO THE MEDIA** |

The Supreme Court has explicitly held that a defendant's speech may be used as evidence of his criminal conduct at trial. *See, e.g.*, *Wisconsin v. Mitchell*, 508 U.S. 476, 489 (1993) (holding that the First Amendment "does not prohibit the evidentiary use of speech to establish the elements of a crime or to prove motive or intent") (collecting cases). Without citing a single case to the contrary, the defendant urges this court to ignore controlling precedent and to exclude his statements because their admission "will have a chilling effect" and will "increase opacity in government." Mot. at 6, ECF No. 104. The defendant is not being prosecuted for expressing political opinions—he is being prosecuted for intentionally disobeying a court order. His admissions as to his violations of that order are plainly admissible, regardless of the context in which they were made.

There is a long line of cases establishing that political speech may be admitted in a criminal case to prove any relevant fact. *See, e.g.*, *Haupt v. United States*, 330 U.S. 874, 879 (1947) ("[T]hese [political] statements were explicit and clearly were admissible on the question of intent and adherence to the enemy. Their weight was for the jury."); *United States v. Barnett*, 667 F.2d 835, 844 (9th Cir. 1982) ("As discussed above, the first amendment does not compel the exclusion of evidence simply because it consists of speech. If a defendant's words or his silence are relevant to prove some issue in the case, they are admissible subject to the rules of evidence and the fifth amendment privilege against self-incrimination."). The defendant fails to cite any legal authority to the contrary and his cited "chilling effect," Mot. at 6, ECF No. 104, "is far more attenuated and unlikely than that contemplated in traditional 'overbreadth' cases." *Mitchell*, 508 U.S. at 488. The defendant repeatedly and openly boasted about his enforcement of federal immigration laws at a time when he thought that it was in his best interest, and the law cited above makes clear that he cannot escape the consequences of his actions or hide his statements today by cloaking himself in the First Amendment.

The defendant also argues that his public statements are inadmissible under Federal Rule of Evidence 403. But because the defendant's statements regarding his continued enforcement of federal immigration law are highly probative and are not unfairly prejudicial, this argument also fails. *See United States v. Blitz*, 151 F.3d 1002, 1009 (9th Cir. 1998) ("[E]ven if that evidence resulted in some prejudice (as all unfavorable evidence about a defendant does), it was not 'unfair prejudice' and did not 'substantially outweigh' the high probative value of the evidence.").

Accordingly, the defendant's motion to exclude his public statements should be denied without "expedited oral argument."

Respectfully Submitted,

RAYMOND N. HULSER
Chief, Public Integrity Section

By: */s/ Victor R. Salgado*
    Victor R. Salgado
    John D. Keller
    Simon J. Cataldo
    Trial Attorneys

    United States Department of Justice
    Public Integrity Section
    1400 New York Ave. NW
    Washington, DC  20005
    (202) 514-1412
    Victor.Salgado@usdoj.gov
    John.Keller2@usdoj.gov
    Simon.Cataldo@usdoj.gov

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on today's date, I electronically filed the foregoing via the CM/ECF system which will provide notice to counsel of record for the defendant.

/s/ *Victor R. Salgado*
Victor R. Salgado
Trial Attorney