RAYMOND N. HULSER
Chief
Public Integrity Section, Criminal Division
U.S. Department of Justice

JOHN D. KELLER
Illinois State Bar No. 6293104
VICTOR R. SALGADO
DC Bar No. 975013
SIMON J. CATALDO
Massachusetts Bar 690879
Trial Attorneys
Public Integrity Section, Criminal Division
U.S. Department of Justice
1400 New York Ave, NW, 12th floor
Washington, D.C. 20005
Tel: (202) 514-1412
John.Keller2@usdoj.gov
Victor.Salgado@usdoj.gov
Simon.Cataldo@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Joseph M. Arpaio,<br><br>　　　　　Defendant. | No. CR-16-01012-PHX-SRB<br><br>**Government's Response to Defendant's Motion to Stay Proceedings** |

The defendant requests that this Court take the unprecedented step of staying his criminal trial pending resolution of an appeal in a civil case to which he is no longer a party and in which the requested relief has no bearing on this criminal proceeding. ECF No. 106 (Def.'s Mot. to Stay). Defendant also conflates Judge Snow's finding of civil contempt, which is challenged in the appeal, with his own admissions of facts underlying the contempt finding. While the defendant's admissions are relevant in this case, the contempt finding itself is irrelevant and need not be resolved on appeal for this case to proceed. Simply put, the cited appeal provides no basis whatsoever for staying these proceedings. The request for a stay should be denied.

As an initial matter, the appeal cited by the defendant was filed in the Ninth Circuit on December 27, 2016, four days prior to the end of the defendant's term as sheriff. *See Melendres v. Arpaio*, No. 16-16663, ECF No. 11 (9th Cir. Dec. 27, 2016). Newly-elected Sheriff of Maricopa County Paul Penzone thereafter replaced the defendant as the named party in the appeal. *See id.* ECF No. 25 ("Appellant Joseph M. Arpaio . . . substituted by Appellant Paul Penzone."). The defendant is no longer the Sheriff of Maricopa County and possesses no interest in the *Melendres* case, in district court or on appeal, that would justify staying his criminal trial.[1] Further, Sheriff Penzone has explicitly declined to "assert or pursue any portion of the Motion for Recusal" previously filed by the defendant in district court in which the defendant alleged the same bases for recusal that are raised as part of his appeal. *Melendres v. Penzone*, No. 2:07-cv-02513 (D. Ariz. 2007), Notice, ECF No. 1977. Thus, the appeal may well be moot. Moreover, the appeal—which centers around the latest of the defendant's many requests for Judge Snow's recusal—asks the Ninth Circuit to vacate Judge Snow's 2016 contempt findings and civil contempt order in *Melendres*. *See Melendres v. Arpaio,* No. 16-16663. ECF No. 11 at 59 (9th Cir. Dec. 27, 2016). Those rulings are not at issue in the instant criminal matter, which arises from the defendant's violations of the December 23, 2011, preliminary injunction.

The defendant also asks this court to apply the wrong standard for evaluating his request for a stay, citing *Nken v. Holder*, 556 U.S. 418, 438 (2009) for the standard applied when a stay is requested pending an appeal taken in the *same* case. Mot. to Stay at 2, ECF No. 106. Not only are this case and *Melendres* entirely separate proceedings, but as noted above, the relief at issue in the *Melendres* appeal has no bearing on this criminal matter. Regardless, under any standard, a stay is not warranted here. The defendant cites no case—

---

[1] Judge Snow has ordered the defendant to address why he has any standing to persist in his motion for Judge Snow's recusal. *See Melendres*, ECF No. 1987 (Brief Regarding the Standing of Former Sheriff Arpaio, Former Chief Deputy Sheridan, and Lieutenant Sousa).

and the government is aware of none—in which a criminal trial has been stayed pending resolution of a civil appeal, let alone a civil appeal *to which the criminal defendant is not a party*. And while a "District Court has broad discretion to stay proceedings as an incident to its power to control its own docket," *Clinton v. Jones*, 520 U.S. 681, 706–07 (1997), the defendant has offered no cogent basis for an exercise of such discretion.

The defendant argues that if the Ninth Circuit vacates Judge Snow's 2016 civil contempt orders, "the government would have to prove three elements of criminal contempt instead of just one." *United States v. Arpaio*, No. 2:16-cr-01012 (D. Ariz. 2016) Mot. to Stay at 5, ECF No. 106. The defendant is wrong. The government will need to establish beyond a reasonable doubt that: (1) the December 23, 2011, preliminary injunction was a clear and definite order, (2) the defendant knew of the order, and (3) that he willfully disobeyed it. *Chapman v. Pac. Tel. & Tel. Co.*, 614 F.2d 193, 195 (9th Cir. 1979). Though the defendant's admissions of relevant *facts* in the *Melendres* litigation may provide evidence of his guilt, the civil contempt finding itself is not evidence of anything and the outcome on appeal will have no effect on this case.

The defendant also contends that a stay is warranted because "Judge Snow's appearance of impropriety . . . must be resolved [by the Ninth Circuit] before Mr. Arpaio should be called to answer for criminal contempt." Mot. to Stay at 6, ECF No. 106. This claim is equally baseless. The straightforward question to be determined in this case—whether the defendant willfully disobeyed a clear and definite court order—does not depend in any way on Judge Snow's motives or the defendant's repeated, and as yet unsubstantiated, allegations of impropriety.

For the foregoing reasons, the motion to stay should be denied without "expedited oral argument."

Respectfully Submitted,

RAYMOND N. HULSER
Chief, Public Integrity Section

By: */s/ John D. Keller*
John D. Keller
Victor R. Salgado
Simon J. Cataldo
Trial Attorneys

United States Department of Justice
Public Integrity Section
1400 New York Ave. NW
Washington, DC  20005
(202) 514-1412
John.Keller2@usdoj.gov
Victor.Salgado@usdoj.gov
Simon.Cataldo@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 29th day of March, 2017, I electronically filed the foregoing via the CM/ECF system which will automatically provide notice to counsel of record for the defendant.

*/s/ John D. Keller*
John D. Keller
Trial Attorney