Mark D. Goldman (012156)
Jeff S. Surdakowski (030988)
**GOLDMAN & ZWILLINGER PLLC**
17851 North 85th Street, Suite 175
Scottsdale, AZ  85255
Main:  (480) 626-8483
Facsimile:  (480) 502-7500
E-mail:  docket@gzlawoffice.com
*Attorneys for Defendant Joseph M. Arpaio*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America, | Case No.: 2:16-cr-01012-SRB-1 |
| Plaintiff, | |
| v. | **REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR CONTINUANCE OR TO EXCLUDE DOCUMENTS DISCLOSED BY THE GOVERNMENT AFTER MARCH 1, 2017** |
| Joseph M. Arpaio, | |
| Defendant. | |
| | (Expedited Oral Argument Requested) |

Pursuant to the Federal Rules of Criminal Procedure Rule 16, Defendant's Motion for Continuance or to Exclude Documents Disclosed by the Government After March 1, 2017 (the "Motion"), should be granted because the Government has produced and continues to produce documents and other exhibits well past the Court ordered deadline. In their Response in Opposition to Defendant's Motion for Continuance or to Exclude Documents (the "Response"), the Government acknowledges that disclosures were made as late as March 22, 2017. However, this was not the final disclosure. On April 4, 2017, counsel for Defendant

received the Government's "PRODUCTION 9". As a result of these late and voluminous disclosures, Defendant is prejudiced because counsel is unable to properly review all of the new disclosures in the short twenty-one (21) days remaining before trial, and therefore is unable to adequately prepare a defense.

As stated in Defendant's Motion, this Court has already specifically addressed the issues related to the Government's disclosure of its list of exhibits for trial in this matter. After hearing from both sides at the Pretrial Conference, the Court ordered the Government to produce its exhibits for trial by March 1, 2017. At the Pretrial Conference, the Court specifically asked Mr. Keller about the Government's exhibits and its witness list. The Court even considered its own experience with government over-disclosure of documents, contrasting the incredible number of documents that can be disclosed to the smaller number of exhibits that are eventually marked for use in trial. Therefore, the Court's deadline is well founded, and should be adhered to.

The Government's arguments that the documents were "records that the defendant and his attorneys have had access to for years," or are documents that were "provided more than a month before trial," or that "the substance of the productions was previously provided to the defendant" are not persuasive. More importantly, such arguments are ironic given that the case against Defendant is based upon an alleged failure to comply with a court order, and certainly the Government would not be accepting of an argument that Defendant mostly complied with the court order or that he complied in substance at least.

Instead, and in direct violation of the Court order compelling the Government to produce its exhibits for trial by March 1, 2017, the Government has not disclosed a significant number of documents timely. Coupling this untimeliness with the voluminous nature of the disclosures creates an undue burden on Defendant by forcing him to comb through and discern which of the unknown number of documents are new, and what if any relevance they may have on this case. The dilatory delivery of these documents creates an unfair burden on Defendant, now only 21 days before the trial date.

The Government now says they do not *"intend"* to offer all of these disclosures at trial. However, such a statement does not mitigate or diminish the unfair burden placed upon Defendant because the Government *can* offer this evidence at trial, which means Defendant must prepare his defense against the information that was untimely provided. This creates an additional undue burden on Defendant.

The Defendant must be allowed to defend himself against his accusers. His right to a defense includes his right to object to certain evidence, and to not stipulate to the authenticity of certain productions. In their Response, the Government states that they are disclosing certain discovery untimely because Defendant "refused to stipulate to the authenticity of the previously produced versions." The Government concludes that, because of the lack of stipulation and because the new and different versions of the productions are similar in substance to what was previously provided, Defendant will not be prejudiced by having to review the disclosures. The Government's argument is unpersuasive and counter to logic. The Defendant *must* review all of the evidence in preparation for trial, even that evidence which is

similar to what was previously produced. As previously stated, Defendant also has the right to object to or challenge the exhibits. The Government implies that a defendant who was acting in a manner consistent with his rights to defend himself consequently diminishes those rights to prepare a proper defense. Such an argument is counter to Defendant's due process rights. Furthermore, for the Government to say that because something is similar in nature to what has already been disclosed, it allows for the Government to violate this Court's order, defies the purpose of court orders and any discovery deadlines. Again, this argument is ironic given that the case against Defendant is based upon an alleged failure to comply with a court order.

The Government also acknowledges in its Response that only portions of certain recordings were previously provided. Now, the entirety of the recordings is being produced. Based on Defendant's due process rights, as well as the rule of completeness, the entirety of these disclosures is highly relevant and Defendant should be afforded the right and time to review them in preparation for his defense. A multitude of information can be gleamed from an entire recording as opposed to just the portions the Government choses to present. The purpose of and policy behind the rule of completeness is to prevent statements from being taken out of context or edited so that the statements are improperly used against a defendant. Here, the Government prefers to ignore this well-founded rule, and again burden Defendant with untimely disclosures that may contain information that is pertinent to his defense. The Government's arguments in defense of its dilatory disclosures do not mitigate the harm and prejudice caused to Defendant. Therefore, Defendant's Motion should be granted pursuant to

Rule 16(d)(2)(B) Fed. R. Crim. P., and Defendant should be allowed a continuance to review these new or supplemental disclosures.

In the alternative, Rule 16 grants the court latitude to enter "any other order that is just under the circumstances." Rule 16(d)(2)(D).  Additionally, Rule 16 permits a court to prohibit a party from introducing at trial any undisclosed exhibits, or in this case, exhibits that are disclosed well after the Court's ordered deadline. In the event that the Court does not continue the trial in order for Defendant and defense counsel to review and analyze the recent disclosures, Defendant requests that the Court prohibit the Government from introducing any of the information disclosed after the Court's March 1, 2017 deadline, pursuant to Rule 16(d)(2)(C) Fed. R. Crim. P.

**DATED** this 4th day of April, 2017.

> **GOLDMAN & ZWILLINGER PLLC**
>
> */s/ Jeff S. Surdakowski*
> Mark D. Goldman
> Jeff S. Surdakowski
> 17851 North 85th Street, Suite 175
> Scottsdale, AZ  85255
> *Attorneys for Defendant Joseph M. Arpaio*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of April, 2017, I electronically transmitted the foregoing Motion to the Clerk of Court through the CM/ECF System which will send a Notice of Electronic Filing to all CM/ECF registrants for this matter.

*/s/ Dina D. Horsman*