A. Melvin McDonald, Bar #002298
Linda K. Tivorsak, Bar #024789
JONES, SKELTON & HOCHULI, P.L.C.
40 North Central Avenue, Suite 2700
Phoenix, Arizona  85004
Telephone:  (602) 263-1700
Fax:  (602) 200-7847
mmcdonald@jshfirm.com
ltivorsak@jshfirm.com

Mark D. Goldman
GOLDMAN & ZWILLINGER PLLC
17851 North 85th Street, Suite 175
Scottsdale, AZ  85255
Telephone:  480-626-8483
Fax:  480-502-7500
docket@gzlawoffice.com

Attorneys for Defendant Joseph M. Arpaio

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Joseph M. Arpaio,<br>Steven R. Bailey,<br>Michelle Iafrate, and<br>Gerard Sheridan,<br><br>Defendants. | NO. 2:16-CR-01012-SRB<br><br>**DEFENDANT ARPAIO'S REPLY IN SUPPORT OF MOTION TO PRECLUDE VICTIM WITNESSES** |
|---|---|

The Government attempts to make mountains out of molehills with regard to the potential probative value the Government's purported victim witness testimony will provide. Nothing these witnesses can testify about, however, is relevant to the three issues that the Government admits must be established in this trial to prove that Defendant Arpaio is guilty of criminal contempt. *See United States v. Powers*, 629 F.2d 619, 627 (9th Cir. 1980) (At trial, the government must prove that (1) Judge Snow issued a clear and definite order, (2) the defendant knew of the order, and (3) the defendant willfully disobeyed the order). As such, the Court should preclude this testimony in its entirety.

5755394.1

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   THE PURPORTED VICTIM TESTIMONY IS NOT RELEVANT TO ANY ISSUE TO BE DETERMINED IN THIS TRIAL.**

At trial, the government must prove that (1) Judge Snow issued a clear and definite order, (2) the defendant knew of the order, and (3) the defendant willfully disobeyed the order. United States v. Powers, 629 F.2d 619, 627 (9th Cir. 1980). [Doc. 109 at 2]. The Government claims that "[t]he victims' testimony, coupled with corresponding MCSO news releases, is highly probative of the defendant's awareness of, and involvement in, activities that violated Judge Snow's preliminary injunction." [*Id.* at 2:3-6]. This is entirely incorrect.

Any testimony that could be provided by "Witness 1 or 2" regarding their stops by MCSO deputies, transportation to ICE or U.S. Border Patrol has absolutely no relevant to whether (1) Judge Snow issued a clear and definite order, (2) Defendant Arpaio knew of the order, and (3) Defendant Arpaio willfully disobeyed the order. Indeed, neither of these witnesses, as least from the description of testimony the Government intends to offer [*see* Doc. 109 at 2:6-3:8] have the personal knowledge to testify that Defendant Arpaio intentionally violated a clear order from Judge Snow. Moreover, to the extent that the Government intends to introduce MCSO press releases during these Witnesses' testimony, that would be entirely improper because the witnesses themselves do not have the requisite personal knowledge to testify that these statements came from Sheriff Arpaio or to provide adequate foundation for the admission of the press releases.

Because Witness 1 and Witness 2 have no personal knowledge regarding whether Defendant Arpaio intentionally violated Judge Snow's preliminary injunction, any testimony they could possibly provide regarding their detention from MCSO officers (not by Defendant Arpaio) is irrelevant to any matter to be determined in this action. Accordingly, pursuant to Fed. R. Evid. 401, the Government should be precluded from doing so.

**II.     ADMISSION OF "VICTIM TESTIMONY" IS UNFAIRLY PREJUDICIAL.**

As stated above, the anticipated testimony of Witness 1 and Witness 2 have absolutely no relevance to the determination of whether Defendant Arpaio intentionally violated the Court's preliminary injunction.  As such, the only purpose their testimony can serve is to inflame the Court's emotions by giving a firsthand account that on two occasions Judge Snow's preliminary judgment was violated.  This is expressly why Fed. R. Evid. 403 serves to exclude such testimony.  *See Old Chief v. United States*, 519 U.S. 172, 180 (1997).  Again, because neither of these two witnesses can establish that Defendant Arpaio instructed MCSO deputies to violate the preliminary injunction on these separate occasions, their testimony is entirely unfairly prejudicial on this subject.  Finally, as stated in Defendant Arpaio's moving motion, even in the context of a bench trial, Rule 403 concerns exist and should be addressed.  *See U.S. Sec. & Exch. Comm'n v. Jensen,* 835 F.3d 1100, 1116 (9th Cir. 2016) (recognizing  "a clear risk of unfair prejudice" in the context of a bench trial under Rule 403).   Because the anticipated "victim testimony" utterly lacks any probative value and presents substantial danger of unfair prejudice, it should be excluded pursuant to Fed. R. Evid. 403.

**III.    CONCLUSION.**

Based on the foregoing, Defendant Arpaio respectfully requests that the Court preclude the Government from introducing the testimony of any "victim" witness in this matter because it is irrelevant to the Court's determination in this action, unfairly prejudicial, and a waste of this Court's time.

RESPECTFULLY SUBMITTED this 5th day of April 2017.

JONES, SKELTON & HOCHULI, P.L.C.          GOLDMAN & ZWILLINGER PLLC

By /s/ A. Melvin McDonald                             By /s/ Mark D. Goldman (w/ permission)
    A. Melvin McDonald                                        Mark D. Goldman
    Linda K. Tivorsak                                              Attorneys for Defendant Joseph M.
    Attorneys for Defendant Joseph M.                 Arpaio
    Arpaio

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of April 2017, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document to the following non-CM/ECF participants:

> Raymond N. Hulser
> Chief, Public Integrity Section
> John D. Keller
> Victor R. Salgado
> Trial Attorneys
> United States Department of Justice
> Public Integrity Section
> 1400 New York Ave. NW
> Washington, DC 20005
> John.Keller@usdoj.gov
> Victor.Salgado@usdoj.gov

/s/ Diana Weeks

5755394.1                                      4