

ATTORNEYS AT LAW
The Wilenchik & Bartness Building
2810 North Third Street  Phoenix, Arizona  85004

Telephone:  602-606-2810        Facsimile:  602-606-2811

Dennis I. Wilenchik, #005350
John D. Wilenchik, #029353
admin@wb-law.com

GOLDMAN & ZWILLINGER PLLC
ATTORNEYS AT LAW

Mark Goldman (012156)
Jeff S. Surdakowski (030988)
17851 North 85th Street, Suite 175
Scottsdale, AZ 85255
Main: (480) 626-8483
Facsimile: (480) 502-7500
docket@gzlawoffice.com
*Attorneys for Defendant Joseph M. Arpaio*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **United States of America,** | **Case No.: 2:16-cr-01012-SRB-1** |
| **Plaintiff,** | |
| **v.** | **DEFENDANT'S**<br>**MOTION FOR CONTINUANCE**<br>**(Fourth Request)** |
| **Joseph M. Arpaio,** | |
| **Defendant.** | |

Defendant Joseph M. Arpaio hereby moves to continue the trial date sixty (60) days. This Motion is occasioned by the withdrawal of A. Melvin McDonald, Jr. and his law firm Jones Skelton & Hochuli as counsel ("Prior Counsel") for Defendant, nineteen (19) days before trial. Undersigned counsel needs time to prepare the defense. Defendant has also filed a "Motion to Dismiss, or in the Alternative, Motion for Trial by Jury" together herewith, in which Defendant argues that he has the right to a jury trial under 18 U.S.C. § 3691, and that the one-year statute of limitations contained in 18 U.S.C. § 3285 bars this action in its entirety. A continuance is proper in order for the Court to fully address whether the Defendant is guaranteed a jury trial, or whether the statute of limitations has run, before conducting a bench trial that may be rendered unnecessary or erroneous. Undersigned counsel respectfully request to address this Motion at the Court's hearing scheduled for Wednesday, April 10th at 10:30 A.M.

## BACKGROUND

Prior Counsel was retained by Defendant on or about December 3, 2014 and had been engaged in, working on, and preparing for this criminal contempt trial for approximately two (2) years and four (4) months.  Approximately six (6) of those months were after the Order to Show Cause was issued by this Court, allowing Prior Counsel adequate and reasonable time to prepare for the trial of this matter. Unless a continuance is granted by the Court, Defendant's counsel Mr. Wilenchik undersigned, having entered an appearance today, will have fifteen (15) days to prepare for trial; Defendant's counsel Mr. Goldman undersigned, having entered an appearance on March 17, 2017, will have had thirty-eight (38) days to prepare for trial.

First Motion for Continuance

This first Motion for Continuance was filed by Defendant's Prior Counsel on November 9, 2017, requesting a continuance based upon (1) having to review the transcripts of twenty (20) full trial days, thousands of exhibits, dozens of witnesses, and dozens of depositions arising from the *Melendres* trial in order to prepare for this trial, and (2) consolidating any other matters

1  for trial. The first Motion for Continuance was opposed by the Government, and denied by the

2  Court.

3       Second Motion for Continuance

4       The second Motion for Continuance was filed by the Government on December 5, 2015

5  and requested a continuance to April 25, 2017, because the NCAA college basketball semifinals

6  and final games were being held near the scheduled time of trial and therefore hotel rooms

7  allegedly would be scarce.  It was first denied as premature, and then a continuance was granted.

8  Defendant did not challenge the Government's request to continue the trial.

9       Third Motion for Continuance

10      The third Motion for Continuance was filed by Defendant based upon the undisputed

11 facts that Defendant's undersigned counsel Mr. Goldman: (a) is scheduled to try a one week

12 criminal trial in Maricopa County Superior Court commencing on April 17, 2017, such trial

13 ordered and scheduled months ago; (b) is celebrating his only son's Bar Mitzvah on April 29,

14 2017, such Bar Mitzvah which has been scheduled for well over a year and will occur in the

15 middle of the trial; (c) in connection with his son's Bar Mitzvah, will be hosting out of town

16 guests and relatives commencing on April 23, 2017 and continuing through April 30, 2017.

17 This third Motion for Continuance was vigorously opposed by the Government, yet the

18 Government failed to cite any harm that would result from such a continuance. This third

19 Motion for Continuance was denied by the Court, the Court's reasoning being in part that Mr.

20 Goldman should not have appeared knowing of the impending trial date along with his personal

21 and professional commitments if he was not prepared to try the case.  The Court added,

22 "Moreover, Defendant will continue to be ably represented by Mr. McDonald and his firm."[1]

23

24

25

---

[1] Doc. 112, at Page 2.

26

1    This (Fourth) Motion for Continuance

2    The above statement by the Court is no longer applicable for the reason that Mr.

3  McDonald and his entire law firm have withdrawn from the case and will not represent the

4  Defendant in this matter.  The personal and professional conflicts still exist for Mr. Goldman.

5    Defendant's counsel undersigned must also be given adequate time to prepare the

6  defense, as more particularly described below.[2]

7    Defendant also moves to continue the trial on the basis that he has filed a "Motion to

8  Dismiss, or in the Alternative, Motion for Trial by Jury" on this date that is dispositive of the

9  case, and which also requests a trial by jury (under 18 U.S.C.A. § 3691) if the case is not

10 dismissed. Because that Motion may render the current bench trial either unnecessary or subject

11 to reversal (for failure to grant a trial by jury), good cause exists to continue the trial while that

12 Motion is heard.

13    Additionally, Defendant's undersigned counsel Mr. Goldman received notice yesterday,

14 on Sunday, April 9, 2017, sixteen (16) days before trial that the law firm Covington & Burling

15 turned over depositions marked "Confidential Testimony" in response to a request from the

16 Public Integrity Criminal Division at the Department of Justice.[3] At this time, Covington &

17 Burling states that it does not know what it turned over marked "Confidential Testimony," and

18 further states that it "will endeavor to get you all shortly a complete listing …."  The foregoing

19 is just one of many examples of the complexity and unforeseen issues that continue to arise in

20 this matter. On this basis alone Defendant deserves a continuance in this matter in order to:

21 investigate as to what was turned over to the prosecutors; determine whether the prosecutors

22

23

24 [2] "Counsel must be given adequate time to prepare the defense…" 3B C. Wright, A. Miller, & E.
   Cooper, Fed. Prac. & Proc. Crim. § 832 Continuances (4th ed.).

25

26 [3] See email from Stan Young of Covington & Burling, attached.

1  should have seen this material; and determine the appropriate remedy for any inappropriate

2  disclosure of material.

3  **ARGUMENT**

4  <u>**First Grounds: Preparation for Trial**</u>

5  Counsel needs time to review the voluminous record in this matter, which encompasses

6  over nine years' worth of proceedings in the civil matter out of which this criminal contempt

7  proceeding arose, including over one-and-a-half years' worth of related civil contempt

8  proceedings. If the Court denies this Motion for Continuance, then the defense will be

9  prejudiced as it will not have an adequate grasp of the numerous (at least eighteen) depositions

10  conducted in the civil contempt matter, nearly all of which were not attended by the Defendant;

11  as well as of the twenty-one days' worth of civil contempt trial testimony, impairing counsel's

12  ability use such testimony for defense at trial. Given the uniqueness of this litigation and the

13  litigation out of which it arose, Defendant's counsel also needs to time to research legal issues

14  with respect to Defendant's affirmative defenses. If Defendant's counsel is not given that time, it

15  can and will result in waiver of important affirmative legal defenses at trial. Finally, it has been

16  only five months since the Order to Show Cause was filed in this matter, and Defendant's

17  counsel merely requests a continuance of sixty days.

18  Under these circumstances, denial of a continuance implicates the Defendant's Sixth

19  Amendment right to assistance of counsel. "An unreasoning and arbitrary insistence upon

20  expeditiousness in the face of a justifiable request for delay violates the right to the assistance of

21  counsel" and constitutes reversible error. *United States v. Nguyen*, 262 F.3d 998, 1003 (9th

22  Cir.2001)(quoting *Morris v. Slappy*, 461 U.S. 1, 11–12 (1983)(internal quotation marks

23  omitted). "…[T]he denial of opportunity for appointed counsel to confer, to consult with the

24  accused and to prepare his defense, could convert the appointment of counsel into a sham and

25  nothing more than a formal compliance with the Constitution's requirement that an accused be

26

5

given the assistance of counsel. The Constitution's guarantee of assistance of counsel cannot be satisfied by mere formal appointment." *Avery v. State of Alabama*, 308 U.S. 444, 446 (1940). *See also   U.S. v. Mangual-Santiago*, 562 F.3d 411, 430 (1st Cir. 2009)(holding that where "[Defendant's] new counsel had only three and one half weeks to review the evidence and prepare for [Defendant's] trial…it was an abuse of discretion for the trial court to deny [Defendant's] request for a continuance"). The Defendant's right to have counsel of his choice is also implicated, since undersigned counsel are newly appearing in the case. The Sixth Amendment right to counsel of choice "commands…that the accused be defended by the counsel he believes to be best," and a failure to honor that right constitutes reversible structural error. *United States v. Gonzalez-Lopez*, 548 U.S. 140, 150 (2006).

**<u>Second Grounds: Motion to Dismiss, or for Jury Trial</u>**

Defendant has also filed a Motion to Dismiss on this date, which raises the threshold affirmative defense of the statute of limitations and is entirely dispositive of the case. The Motion also requests a trial by jury, as guaranteed by 18 U.S.C.A. § 3691, in the event that the Court does not grant the Motion to Dismiss. *See* Fed. R. Crim. P. 42(a)(3)("A person being prosecuted for criminal contempt is entitled to a jury trial in any case in which federal law so provides…") Good cause exists for the Court to review these threshold issues before conducting a trial, since the Motion may render a trial unnecessary, or worse, subject the trial to being reversed for denial of the right to a trial by jury, resulting in successive trials. Judicial economy and the speedy administration of justice therefore require that trial be delayed in order for the Motion to be heard.

**<u>Third Grounds: Issues with Unauthorized Disclosures</u>**

Finally, counsel needs additional time to determine what, if any documents were disclosed by Covington & Burling to the Government in violation of court orders. Defendant may be prejudiced by the use of such documents (or information gleaned from those documents)

at trial, if Defendant is unable to identify them in advance of trial and seek appropriate remedies, including but not limited to their exclusion and the exclusion of any information derived from them.

**Analysis**

Finally, reviewing the factors given by 18 U.S.C.A. § 3161(h)(7)(B)(i)-(iv) for determining whether to grant a continuance:

(i)    The failure to grant a continuance in this proceeding will likely make its continuation impossible, and result in a miscarriage of justice. Defense counsel cannot adequately try the case without more time to prepare, and Defendant is entitled to a trial by jury. To keep the existing date for bench trial would constitute "[a]n unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay…" *Nguyen*, 262 F.3d at 1003.

(ii)   The case is also "so unusual or so complex, due to…the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established" by the Speedy Trial Act, for the reasons given *supra*.

(iii)  [(Section "iii" of 18 U.S.C.A. § 3161(h)(7)(B), which concerns "a case in which arrest precedes indictment," does not apply.]

(iv)   Finally, the failure to grant a continuance would deny counsel for the Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

For the foregoing reasons—namely, the protection of Defendant's Sixth Amendment rights to assistance of counsel, and counsel of his choice—the ends of justice served by a continuance outweigh the best interest of the public in a speedy trial. The delay sought is therefore excludable under 18 U.S.C.A. § 3161(h)(7)(A). The delay will also (at least in part, up

1  through disposition of the Motion to Dismiss) be excludable under 18 U.S.C.A. § 3161(h)(1)(),

2  which allows for exclusion of the "delay resulting from any pretrial motion, from the filing of

3  the motion through the conclusion of the hearing on, or other prompt disposition of, such

4  motion."

5       Pursuant to LRCiv 7.3(a) (which provides that "[a] party moving for an extension of

6  time, whether by motion or stipulation, must disclose the existence of all previous extensions

7  which have been granted concerning the matter for which an extension is sought"): on

8  November 29, 2016, the Court granted a continuance of the trial from December 6, 2016 to

9  April 4, 2017 (Dkt. 55). On January 25, 2017, the Court granted the parties' joint request to

10 continue the trial from April 4, 2017 to April 25, 2017 (Dkt. 71).

11      Pursuant to LRCiv 7.3(b) (which provides that "[e]xcept in all civil actions in which a

12 party is an unrepresented prisoner, a party moving for an extension of time, whether by motion

13 or stipulation, must state the position of each other party," and "[i]f the moving party's efforts to

14 determine the position of any other party are unsuccessful, a statement to that effect must be

15 included in the motion or stipulation"): the Government was contacted for its position on this

16 Motion on April 10, 2017. John Keller, on behalf of the Government, indicated that it opposes

17 the Motion.

## CONCLUSION

19      Defendant's counsel needs time to prepare the defense. Defendant's "Motion to Dismiss,

20 or In the Alternative, Motion for Trial by Jury" should also be heard before trial, as the Court

21 would be proceeding in error by conducting a bench trial in light of the applicability of

22 18 U.S.C. § 402 and 18 U.S.C.A. § 3691 to this matter; and in fact, the matter is subject to

23 dismissal under the one-year statute of limitations, 18 U.S.C.A. § 3285. Defendant's request to

24 continue the trial for additional sixty (60) days is therefore proper.

25 …

26

RESPECTFULLY SUBMITTED April 10, 2017.

**WILENCHIK & BARTNESS, P.C.**          **GOLDMAN & ZWILLINGER PLLC**

*/s/ Dennis I. Wilenchik*                          */s/ Mark D. Goldman*
Dennis I. Wilenchik, Esq.                         Mark D. Goldman, Esq.
John D. Wilenchik, Esq.                           Jeff S. Surdakowski, Esq.
The Wilenchik & Bartness Building      17851 North 85th Street, Suite 175
2810 North Third Street                         Scottsdale, AZ 85255
Phoenix, Arizona 85004                         docket@gzlawoffice.com
admin@wb-law.com

*Attorneys for Defendant Joseph M. Arpaio*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 10, 2017, I electronically transmitted the foregoing Notice to the Clerk of the Court through the CM/ECF system, which will send a Notice of Electronic Filing to all CM/ECF registrants for this matter.

*/s/ Christine M. Ferreira*