

**WILENCHIK & BARTNESS**
— A PROFESSIONAL CORPORATION —

ATTORNEYS AT LAW

The Wilenchik & Bartness Building
2810 North Third Street  Phoenix, Arizona  85004

Telephone:  602-606-2810       Facsimile:  602-606-2811

Dennis I. Wilenchik, #005350
John D. Wilenchik, #029353
admin@wb-law.com

**GOLDMAN & ZWILLINGER PLLC**
ATTORNEYS AT LAW

Mark Goldman (012156)
Jeff S. Surdakowski (030988)
17851 North 85th Street, Suite 175
Scottsdale, AZ 85255
Main: (480) 626-8483
Facsimile: (480) 502-7500
E-mail: docket@gzlawoffice.com
*Attorneys for Defendant Joseph M. Arpaio*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **United States of America,** | Case No.: 2:16-cr-01012-SRB-1 |
| Plaintiff, | **DEFENDANT'S MOTION FOR RECONSIDERATION OF ORDER DENYING "MOTION TO DISMISS, OR IN THE ALTERNATIVE FOR JURY TRIAL"** |
| v. | |
| **Joseph M. Arpaio,** | |
| Defendant. | **(Oral Argument Requested)** **(Expedited Ruling Requested)** **(Assigned to the Honorable Susan Bolton)** |

Defendant hereby moves for reconsideration of the Court's Order denying Defendant's Motion to Dismiss, or in the Alternative, Motion for Trial by Jury (Doc. 132, denying Doc. 130, the "Motion") on grounds of manifest error. The Court's Order states that "the Court has already considered and ruled on the issues raised in Defendant's motion. *See,* Docs. 60 and 83." However, the Court has not considered or ruled on whether 18 U.S.C. § 402 applies to the OSC against Defendant, either for purposes of the one-year statute of limitations, or the right to a jury trial, after allowing Defendant the opportunity to be heard on this issue in any manner that satisfies constitutional due process. Defendant's former counsel never even moved to dismiss the charge (on this basis, or any other); and his Cross-Motion for Jury Trial[1] did not raise the applicability of 18 U.S.C. § 402 at all (or 18 U.S.C.A. § 3691, which guarantees a jury trial under Section 402).

Just as importantly, Defendant's request for a trial by jury may not be denied on mere grounds of untimeliness, because Defendant does not have to "request" the right at all. Rather, it is automatically guaranteed to him in any case where he is entitled to it, per Fed.R.Crim.P 23(a), 42(a)(3), unless he knowingly and voluntarily waives the right. "In the federal courts, the right to a jury trial persists unless and until the defendant appropriately waives it." *Douglass v. First Nat. Realty Corp.*, 543 F.2d 894, 899 at n. 37 (D.C. Cir. 1976)(citing Fed.R.Crim.P. 23(a)). In the *Douglass* case, the United States Court of Appeals for the District of Columbia Circuit considered whether the court's imposition of criminal contempt without a jury trial was proper, where the defendant did not "expressly demand" a jury trial. *Id.* The Court of Appeals found that "the record reflects no such demand in the instant case, but that, we think does not alter the problem," because "[i]n the federal courts, the right to a jury trial persists unless and until the

---

[1] Doc. 62, denied by Doc. 83.

2

defendant appropriately waives it," citing Fed.R.Crim.P. 23(a). *Id.*[2] Fed.R.Crim.P. 23 provides that "[i]f the Defendant is entitled to a jury trial, the trial *must* be by jury unless: (1) the defendant waives a jury trial in writing; (2) the government consent; and (3) the court approves." (Emphasis added.)[3] Rule 42(a)(3) also provides that "[a] person being prosecuted for criminal contempt is entitled to a jury trial in any case in which federal law so provides…" Neither Rule provides that the request may be denied as untimely,[4] especially where trial has not begun (and is two weeks away), and where rescheduling the matter as a jury trial would not unduly interfere with or delay proceedings (not that such grounds would suffice for denial of the right anyway). Denial of the right to a jury in a criminal case is simply such a fundamental right and of such constitutional dimension that it need not be raised at all, much less raised on a timely basis, in order to be violated (*see Douglass*, *supra*); and "because denial of the right to a jury trial is a structural error, it requires automatic reversal." *Alvarez v. Lopez*, 835 F.3d 1024, 1030 (9th Cir. 2016). The Court therefore commits manifest error by declining to hear the issue of whether 18 U.S.C. § 402, 18 U.S.C.A. § 3691 guarantee a jury trial in this matter, at this or any other time.

---

[2] *Douglass* was a criminal contempt case where Section 402 did not apply (it dealt with the defendant's failure to execute and record a real property deed in violation of court order). After finding that a trial by jury was guaranteed if the verdict exceeded of $500 (per former 18 U.S.C. § 1), the Circuit Court therefore limited the verdict to that amount. Here, Section 402 applies to guarantee a jury trial in full, regardless of the nature or limit of the verdict.

[3] "[T]he maintenance of the jury as a fact-finding body in criminal cases is of such importance and has such a place in our traditions, that, before any waiver can become effective, the consent of government counsel and the sanction of the court must be had, in addition to the express and intelligent consent of the defendant." *Patton v. United States*, 281 U.S. 276, 312 (1930)[3]; *abrogated on other grounds by Williams v. Florida*, 399 U.S. 78 (1970); cited with approval on the issue of waiver by *Serfass v. United States*, 420 U.S. 377, 389 (1975).

[4] There is also no Local Rule that addresses the "timeliness" of a request for jury trial in a criminal case, no doubt in recognition of its constitutional dimension, and that no "request" need ever be made to begin with.

**RESPECTFULLY SUBMITTED** April 11, 2017.

| **WILENCHIK & BARTNESS, P.C.** | **GOLDMAN & ZWILLINGER PLLC** |
|---|---|
| */s/ Dennis I. Wilenchik* | */s/ Mark D. Goldman* |
| Dennis I. Wilenchik, Esq. | Mark D. Goldman, Esq. |
| John D. Wilenchik, Esq. | Jeff S. Surdakowski, Esq. |
| The Wilenchik & Bartness Building | 17851 North 85th Street, Suite 175 |
| 2810 North Third Street | Scottsdale, AZ 85255 |
| Phoenix, Arizona 85004 | E-mail: docket@gzlawoffice.com |
| admin@wb-law.com | |

*Attorneys for Defendant Joseph M. Arpaio*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 11, 2017, I electronically transmitted the foregoing Notice to the Clerk of the Court through the CM/ECF system, which will send a Notice of Electronic Filing to all CM/ECF registrants for this matter.

*/s/ Christine M. Ferreira*