IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Joseph M. Arpaio,<br><br>    Defendant. | No. CR-16-01012-001-PHX-SRB<br><br>**ORDER** |

At issue are Special Appearance of Non-Party Timothy J. Casey and Motion to Quash Subpoena ("Mot.") (Doc. 96) and Non-Party Timothy J. Casey's Renewed Motion to Quash Subpoena ("Renewed Mot.") (Doc. 147).[1]

**I.    BACKGROUND**

Mr. Casey represented Maricopa County and Defendant in his official capacity during the *Melendres*[2] case beginning in December 2007. (Doc. 111, Gov't's Resp. to Mot. at 2 ("Resp."); Doc. 111-1 at 1.) Mr. Casey served as the County's attorney until November 2014 when he withdrew. (Resp. at 2.) Mr. Casey was called to testify both in court and at depositions during the *Melendres* case after his withdrawal. (Resp. at 3.) On February 24, 2017, the Government served Mr. Casey with an initial subpoena in this

---

[1] Non-Party Timothy J. Casey's Renewed Motion to Quash Subpoena renews the arguments set forth in the Special Appearance Motion to Quash Subpoena, so the Court conducts an analysis of the initial Motion and denies both Motions for the reasons specified below. (Renewed Mot. at 1-2.)

[2] *Melendres v. Arpaio*, No.2:07-cv-02513-GMS (D. Ariz. 2007).

case, which Mr. Casey moved to quash on March 23, 2017. (Doc. 99, Ex. 1 at 2; Mot. at 1.) On May 22, 2017, the Government served Mr. Casey with a new subpoena. (Doc. 147-1, Ex. 1 at 2.) Mr. Casey then renewed his Motion to Quash Subpoena. (*See generally* Renewed Mot.)

## II.     LEGAL STANDARD AND CONCLUSION

### A.     Attorney-Client Privilege

Mr. Casey argues that he and Defendant had an attorney-client relationship and that the Government's subpoena presumably seeks material protected by the attorney-client privilege and work-product doctrine. (Mot. at 2-4.) The Government argues that Mr. Casey's communications with Defendant are not privileged because Mr. Casey did not represent Defendant in his personal capacity. (Resp. at 1.)[3] The Government further argues that Maricopa County waived the attorney-client privilege as to Mr. Casey during the *Melendres* case. (Resp. at 5.) "The attorney-client privilege 'is the oldest of the privileges for confidential communications known to the common law.'" *United States v. Jicarilla Apache Nation*, 564 U.S. 162, 169 (2011) (quoting *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981).) "Unless applicable law provides otherwise, the Government may invoke the attorney-client privilege in civil litigation to protect confidential communications between Government officials and Government attorneys." *Id.* at 170. "Where courts have acknowledged the attorney-client privilege to apply to conversations between government officials and government lawyers, they have construed the privilege to mean that '*the Government* may invoke the attorney-client privilege,' not that officeholders in their personal capacity may invoke the privilege." *In re Grand Jury Subpoena, JK-15-029*, 828 F.3d 1083, 1092 (9th Cir. 2016) (internal citation omitted).

No attorney-client privilege extends to Mr. Casey's communications with Defendant as an individual because Mr. Casey represented Maricopa County and

---

[3] Mr. Casey did not submit a Reply, and the Court does not consider the Response's arguments relating to Defendant's withdrawn Motion to Preclude Testimony of Timothy Casey. (*See* Doc. 97, Mot. to Preclude Testimony of Timothy Casey; Doc. 131, Notice of Withdrawal of Defendant Arpaio's Mot. to Preclude Testimony of Timothy Casey).

Defendant as the Sheriff. *In re Grand Jury Subpoena, JK-15-029*, 828 F.3d 1083, 1093 (9th Cir. 2016) ("[The former governor] may not himself invoke the privilege to protect his communication with attorneys for the State of Oregon."). Furthermore, neither subpoena specifies what Mr. Casey will be called to testify regarding, although the Government avers that it will "elicit only Mr. Casey's testimony pertaining to the preliminary injunction." (*See generally* Docs. 99 & 147-1; Resp. at 5.) The Court cannot quash a subpoena without knowing the scope of the testimony it seeks to elicit. Nothing in this Order prevents Mr. Casey and his counsel from raising objections to questioning at the trial. The same is true of any requests that Mr. Casey may object to on work-product grounds.

### B.     Ethical Obligations

Mr. Casey also argues that complying with the subpoena would cause him to violate the Arizona Rules of Professional Conduct regarding confidentiality. (Mot. at 4-6.) The Government argues that the Federal Rules of Evidence govern the admissibility of Mr. Casey's testimony, not the Arizona Rules of Professional Conduct. (Resp. at 1.) The Government further argues that an order from this Court would satisfy any ethical obligations Mr. Casey would have under Ethical Rule 1.6. (*Id.* at 7-8.)

> A lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the representation or the disclosure is permitted or required . . . to comply with other law or a final order of a court or tribunal of competent jurisdiction directing the lawyer to disclose such information.

AZ ST S CT RULE 42 RPC ER 1.6.

Federal Rules of Evidence govern the admissibility of Mr. Casey's testimony. *See United States v. Blackman*, 72 F.3d 1418, 1424 (9th Cir. 1995) ("Congress cannot have intended to allow local rules of professional ethics to carve out fifty different privileged exemptions to the reporting requirements of 26 U.S.C. § 6050I.") (quoting *United States v. Sindel*, 53 F.3d 874, 877 (8th Cir. 1995)); *see also United States v. Davidson*, No. MC-12-47-PHX-ROS, 2013 WL 7019211, at *1 (D. Ariz. Feb. 26, 2013) ("the Ninth Circuit

has recognized that local rules of professional ethics cannot be relied upon to resist discovery in circumstances similar to the present."). Even if the Federal Rules of Evidence did not govern, the Arizona Rules of Professional Conduct permit the disclosure of confidential matters pursuant to a court order. Mr. Casey may make evidentiary or ethical objections to questions directed to him at trial.

**IT IS ORDERED** denying Special Appearance of Non-Party Timothy J. Casey and Motion to Quash Subpoena (Doc. 96).

**IT IS FURTHER ORDERED** denying Non-Party Timothy J. Casey's Renewed Motion to Quash Subpoena (Doc. 147).

Dated this 16th day of June, 2017.

_____
Susan R. Bolton
United States District Judge