

ATTORNEYS AT LAW
The Wilenchik & Bartness Building
2810 North Third Street  Phoenix, Arizona  85004

Telephone:  602-606-2810          Facsimile:  602-606-2811

Dennis I. Wilenchik, #005350
John D. Wilenchik, #029353
admin@wb-law.com

Mark Goldman, #012156
Vincent R. Mayr, #013954
Jeff S. Surdakowski, #030988
17851 North 85th Street, Suite 175
Scottsdale, AZ 85255
Main: (480) 626-8483
Facsimile: (480) 502-7500
docket@gzlawoffice.com
*Attorneys for Defendant Joseph M. Arpaio*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **United States of America,** | **Case No.: 2:16-cr-01012-SRB-1** |
| **Plaintiff,** | |
| **v.** | **DEFENDANT'S MOTION TO STRIKE "UNITED STATES' TRIAL MEMORANDUM" AND FOR CURATIVE MEASURES** |
| **Joseph M. Arpaio,** | |
| **Defendant.** | |

1    Defendant Joseph M. Arpaio ("Defendant") hereby objects to and moves[1] to strike the

2  Government's "Trial Memorandum" (Dkt. # 162) on the grounds that it is not authorized by any

3  statute, rule or court order, and that the memorandum constitutes prosecutorial misconduct

4  because it intentionally and improperly quotes testimony and evidence that is inadmissible and

5  clearly has not been admitted, including multiple quotations from attorney-client privileged

6  communications between attorney Tim Casey and Defendant (as well as a lengthy, "matter-of-

7  fact" discussion of their attorney-client privileged communications). The Government did not

8  notify defense counsel that it would be submitting such a memorandum, nor was it requested by

9  the Court (to the knowledge of defense counsel), and therefore it does not reflect or incorporate

10 the views of the defense, much less any of the evidence or testimony that defense witnesses will

11 offer at trial. By intentionally quoting from unadmitted and inadmissible evidence before trial,

12 and with the express purpose of persuading the Court with respect to its determination of the

13 guilt or innocence of the accused before trial, the Government's memorandum constitutes an

14 intentional effort to prejudice this Court without even conducting a trial. This places it into a

15 category of prosecutorial misconduct akin to intentionally using inadmissible or unadmitted

16 evidence in an opening statement—but even worse, since the Government is trying to do it even

17 before trial begins. The Court is therefore obligated to take any curative measures available to it.

18 *See e.g. United States v. Thomas*, 114 F.3d 228, 246 (D.C.Cir.), *cert. denied*, 522 U.S. 1033, 118

19 S.Ct. 635, 139 L.Ed.2d 614 (1997)("To determine whether a prosecutor's opening statement

20 substantially prejudiced a defendant's trial, we consider…the curative measures taken…"). If

21 the Court (or its staff) has not read or considered the memorandum, then Defendant moves to

22 strike it, so as to prevent any prejudice therefrom from infecting the Court or these proceedings.

23 If the Court (or any member of its staff) have already read and considered the memorandum,

24

25 [1] In deference to the Court's request that a Motion for Leave be filed in conjunction with any further
   pretrial motions, Defendant files a Motion for Leave together herewith.
26

2

1  then Defendant moves for a mistrial and respectfully requests recusal, in order to cure any and

2  all prejudice to the trial. Due to the inevitable (and expected) public coverage of the improper

3  memorandum, Defendant also requests transfer to another venue. *See e.g. Sheppard v. Maxwell*,

4  384 U.S. 333, 360 (1966)(finding fundamental error where prosecution made clearly

5  inadmissible evidence available to news media before trial and it was disseminated, preventing

6  defendant from receiving a fair trial).

7      If the Court considers the memorandum before trial, then the Court will be further

8  compounding the structural error of refusing to grant a jury trial under 18 U.S.C. § 402 (because

9  the contempt charged constitutes a violation of 18 U.S.C. § 242, "Deprivation of Civil Rights,"

10 *inter alia*). Failure to give the Defendant a fair and unbiased trial, even to the Court, merely

11 compounds this already-fatal due process error.

12     If the Court denies this Motion to Strike, and the Court (or any member of its staff) reads

13 and considers the memorandum, but the Court does not recuse itself or grant a mistrial, then

14 Defendant requests a full and fair opportunity of at least fourteen days to respond to the

15 Memorandum, without waiving any argument that the Court's consideration of the

16 memorandum before trial constitutes a fatal and prejudicial error.

17     Excludable delay under 18 U.S.C. § 3161(h)(1)(d) will occur as a result of this motion or

18 of an order based thereon.

19     **RESPECTFULLY SUBMITTED** June 20, 2017.

20 **WILENCHIK & BARTNESS, P.C.**          **GOLDMAN & ZWILLINGER PLLC**

21 */s/ Dennis I. Wilenchik*                */s/ Mark D. Goldman*
   Dennis I. Wilenchik, Esq.                Mark D. Goldman, Esq.
22 John D. Wilenchik, Esq.                  Vincent R. Mayr, Esq.
   The Wilenchik & Bartness Building        Jeff S. Surdakowski, Esq.
23 2810 North Third Street                  17851 North 85th Street, Suite 175
24 Phoenix, Arizona 85004                   Scottsdale, AZ 85255
   admin@wb-law.com                         docket@gzlawoffice.com
25              *Attorneys for Defendant Joseph M. Arpaio*

26

1

**CERTIFICATE OF SERVICE**

2      I hereby certify that on June 20, 2017, I electronically transmitted the foregoing Notice

3   to the Clerk of the Court through the CM/ECF system, which will send a Notice of Electronic

4   Filing to all CM/ECF registrants for this matter.

5   */s/ Christine M. Ferreira* _____

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26