

**WILENCHIK & BARTNESS**
A PROFESSIONAL CORPORATION

ATTORNEYS AT LAW
The Wilenchik & Bartness Building
2810 North Third Street  Phoenix, Arizona  85004

Telephone:  602-606-2810        Facsimile:  602-606-2811

Dennis I. Wilenchik, #005350
John D. Wilenchik, #029353
admin@wb-law.com

**GOLDMAN & ZWILLINGER**
PLLC
ATTORNEYS AT LAW

Mark Goldman (012156)
Vincent Rene Mayr (013954)
Jeff S. Surdakowski (030988)
17851 North 85th Street, Suite 175
Scottsdale, AZ 85255
Main: (480) 626-8483
Facsimile: (480) 502-7500
E-mail: docket@gzlawoffice.com
*Attorneys for Defendant Joseph M. Arpaio*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **United States of America,** | **Case No.: 2:16-cr-01012-SRB-1** |
| **Plaintiff,** | |
| **v.** | **DEFENDANT'S MOTION FOR LEAVE TO FILE MOTION TO STAY DISTRICT COURT PROCEEDINGS PENDING RESOLUTION OF THE PETITION FOR WRIT OF MANDAMUS OF JOSEPH M. ARPAIO IN THE SUPREME COURT OF THE UNITED STATES OF AMERICA** |
| **Joseph M. Arpaio,** | |
| **Defendant.** | |

In accordance with this Court's orders,[1] Defendant Joseph M. Arpaio ("Defendant") hereby moves for leave to file a Motion to Stay District Court Proceedings Pending Resolution of the Petition for Writ of Mandamus of Joseph M. Arpaio in the Supreme Court of the United States of America. Defendant's Motion to Stay could not be filed before the pretrial motion deadline. The Motion to Stay is attached hereto and submitted herewith.[2]

**RESPECTFULLY SUBMITTED** June 20, 2017.

**WILENCHIK & BARTNESS, P.C.**

*/s/ Dennis I. Wilenchik*

Dennis I. Wilenchik, Esq.
John D. Wilenchik, Esq.
The Wilenchik & Bartness Building
2810 North Third Street
Phoenix, Arizona 85004
admin@wb-law.com

**GOLDMAN & ZWILLINGER PLLC**

*/s/ Vincent Rene Mayr*

Mark D. Goldman, Esq.
Vincent Rene Mayr, Esq.
Jeff S. Surdakowski, Esq.
17851 North 85th Street, Suite 175
Scottsdale, AZ 85255
docket@gzlawoffice.com

*Attorneys for Defendant Joseph M. Arpaio*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of June 2017, I electronically transmitted the foregoing Motion to the Clerk of Court through the CM/ECF System which will send a Notice of Electronic Filing to all CM/ECF registrants for this matter.

*/s/ Dina D. Horsman*

---

[1] The Court's April 12, 2017 Minute Entry stated: "The Court advises Defense counsel that before any motion filed after March 24 would be allowed a motion must be filed with the Court justifying why the motion(s) could not be filed prior to the March 24, 2017 motions deadline."

[2] Excludable delay under 18 U.S.C. § 3161(h)(1)(d) will occur as a result of this motion or of an order based thereon.



**WILENCHIK & BARTNESS**
A PROFESSIONAL CORPORATION

ATTORNEYS AT LAW
The Wilenchik & Bartness Building
2810 North Third Street  Phoenix, Arizona  85004

Telephone:  602-606-2810        Facsimile:  602-606-2811

Dennis I. Wilenchik, #005350
John D. Wilenchik, #029353
admin@wb-law.com

**GOLDMAN & ZWILLINGER PLLC**
ATTORNEYS AT LAW

Mark Goldman (012156)
Vincent Rene Mayr (013954)
Jeff S. Surdakowski (030988)
17851 North 85th Street, Suite 175
Scottsdale, AZ 85255
Main: (480) 626-8483
Facsimile: (480) 502-7500
E-mail: docket@gzlawoffice.com
*Attorneys for Defendant Joseph M. Arpaio*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **United States of America,** | **Case No.: 2:16-cr-01012-SRB-1** |
| **Plaintiff,** | |
| **v.** | **DEFENDANT'S MOTION TO STAY DISTRICT COURT PROCEEDINGS PENDING RESOLUTION OF THE PETITION FOR WRIT OF MANDAMUS OF JOSEPH M. ARPAIO IN THE SUPREME COURT OF THE UNITED STATES OF AMERICA** |
| **Joseph M. Arpaio,** | |
| **Defendant.** | |

1    Defendant hereby moves the District Court to stay proceedings in this case pending

2 resolution of the Petition for Writ of Mandamus of Joseph M. Arpaio filed in the Supreme Court

3 of the United States of America as Joseph M. Arpaio v. United States District Court for the District

4 of Arizona, Case No. 2:16-cr-01012-SRB.  The parties are set to begin their bench trial in the

5 District Court on June 26, 2017.  As explained below, the U.S. Supreme Court's decision in Arpaio

6 v. District Court could obviate the need for a trial.  Proceeding in the absence of that decision

7 could be inefficient, waste the resources of the Court and the parties, and potentially result in

8 inconsistent rulings that would need to be corrected in light of the United States Supreme Court's

9 decision.    Moreover, the two-week trial will undoubtedly impose a heavy burden on the

10 Defendant and the Court at this time.  Plaintiff, in contrast, will not be harmed by a brief stay

11 while the United States Supreme Court considers the Writ of Mandamus, as the matters relating

12 to the criminal contempt matter pertain to the responsibilities of the Sheriff to comply with the

13 Court's order, and Joseph Arpaio is now the former Sheriff.  The status of the Writ of Mandamus

14 at the United States Supreme Court warrants a stay here.

15

16                            **BACKGROUND**

17    The Writ of Mandamus was filed with the United States Supreme Court on April 14, 2017.

18 The Court has yet to rule on how and whether the matter will proceed.  At present, an initial

19 decision by the Court is anticipated on June 26, 2017, the day of trial.  That decision may be to

20 deny the writ, or it may be to order the government to respond, thus causing any ultimate decision

21 on the writ to be made after the two-week trial in District Court is complete.

22

23                          **STANDARD OF REVIEW**

24    "The District Court has broad discretion to stay proceedings as an incident to its power to

25 control its own docket."  *Clinton v. Jones*, 520 U.S. 681, 706 (1997). That power applies

26

"especially in cases of extraordinary public moment," when "a plaintiff may be required to submit to delay not immoderate in extent and not oppressive in its consequences if the public welfare or convenience will thereby be promoted." *Id.* At 707.

The Ninth Circuit has described various factors that should be considered when evaluating a motion to stay:

> Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*CMAX, Inc. v. Hall,* 300 F.2d 265, 268 (9th Cir. 1962). As to the last factor, courts frequently grant stays when resolution of another action may "bear upon the case," because a stay is most "efficient for [the court's] own docket and the fairest course for the parties [.]" Leyva *v. Certified Grocers of California, Ltd.,* 593 F.2d 857, 863 (9th Cir. 1979). Where such a stay is considered, the court need not find that the two cases possess identical issues or that resolution of one will control the other; a finding that the cases present substantially similar issues is sufficient. *See Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936); *Leyva, 593* F.2d at 864.

## **ARGUMENT**

Consideration of these factors warrants a stay of the District Court proceedings in this case pending resolution of the Writ of Mandamus.

## I.    **A STAY COULD PROMOTE JUDICIAL ECONOMY BECAUSE THE UNITED STATES SUPREME COURT'S DECISION ON THE MANDAMUS WRIT COULD OBVIATE THE NEED FOR A TRIAL.**

District courts routinely stay proceedings where resolution of an appeal in another

3

matter may provide guidance to the district court in deciding issues before it.  *See Landis*, 299 U.S. at 254; *see, e.g. Fed. Home Loan Mortgage. Corp. v. Kama*, No. 14-cv-137, 2016 WL 922780, at **8**-9 (D. Haw. Mar. 9, 2016) (granting stay where Ninth Circuit's resolution of related cases "w[ould] likely involve an analysis of" issues that would "provid[e] further guidance" to the district court); *Unitek Solvent Servs., Inc. v. Chrysler Grp. LLC* No. 12-cv-704, 2014 WL 12576648, at *4 (D. Haw. Jan. 14, 2014) (same). This approach not only "preserve[s] resources for both the parties and the Court," id., but also "reduce[s} the risk of inconsistent rulings that the appellate court might then need to disentangle," *Ali*, 2017 WL 1057645, at *5. "Considerable…resources may be wasted if the appellate court's controlling decision changes the applicable law or the relevant landscape of facts that need to be developed" in the case before the district court. Id.

Resolution of the Arpaio Writ of Mandamus will not specifically prove helpful in addressing the various issues in this case, but, if resolved in favor of Arpaio, it will resolve all matters in the District Court.  That is to say that, if the United States Supreme Court rules that Joseph M. Arpaio is entitled to a jury trial, it will have the effect terminating the criminal contempt matter because the former sheriff was charged under 18 U.S.C. Section 401.  The jury trial mandate comes under 18 U.S.C. Section 402.  As such, in order to proceed with a jury trial, Arpaio would have to be charged with criminal contempt under Section 402. However, the statute of limitations has run for Section 402. As a result, if Arpaio is successful in the United States Supreme Court, then the trial in the District Court will need to be vacated.

In contrast to the benefits to be obtained by awaiting resolution of the Writ of Mandamus, failure to do so could result in "inconsistent rulings" that will need to be "disentangle[d]." *Washington*, 2017 WL 1050354, at *5.  For example, if the Court determined that Arpaio was guilty of criminal contempt, and the United States Supreme Court granted the Writ of Mandamus and Ordered that Arpaio was entitled to a jury trial, then the Court and the parties would have

4

wasted valuable resources resulting in an ultimately repugnant result.  In fact, if the trial to the bench goes forward and the Court ultimately determines that Arpaio is not guilty of criminal contempt, then the United States Supreme Court rules that he is entitled to a jury trial, then valuable resources of the Court, the government, and the defendant, would have been wasted nonetheless.

## II.    PLAINTIFFS WILL NOT BE HARMED BY A SHORT STAY

In contrast to the large drain of resources that will result if this case proceeds before the Writ of Mandamus is resolved, the Plaintiff will not suffer harm from a stay.  The government is seeking to penalize Arpaio for alleged past actions, or inactions.  It is not seeking to stop Arpaio from taking actions as the Sheriff of the MCSO, as he is no longer the Sheriff.  Therefore, a short delay while the matter is resolved at the United States Supreme Court would not be seriously prejudicial to the Plaintiff.  Any possible harm to Plaintiff caused by staying these proceedings for a short period of time, would not outweigh the harm to Arpaio by proceeding with the bench trial at this point in time.

## CONCLUSION

For the reasons set forth above, the Court should grant Defendant's Motion to Stay District Court Proceedings Pending Resolution of the Petition for Writ of Mandamus of Joseph M. Arpaio in the United States Supreme Court.

**RESPECTFULLY SUBMITTED** June 20, 2017.

**WILENCHIK & BARTNESS, P.C.**          **GOLDMAN & ZWILLINGER PLLC**

*/s/ Dennis I. Wilenchik*                          */s/ Vincent Rene Mayr*
Dennis I. Wilenchik, Esq.                        Mark D. Goldman, Esq.
John D. Wilenchik, Esq.                           Vincent Rene Mayr, Esq.
The Wilenchik & Bartness Building       Jeff S. Surdakowski, Esq.
2810 North Third Street                         17851 North 85th Street, Suite 175
Phoenix, Arizona 85004                          Scottsdale, AZ 85255
admin@wb-law.com                                docket@gzlawoffice.com

*Attorneys for Defendant Joseph M. Arpaio*


**CERTIFICATE OF SERVICE**

       I hereby certify that on this 20th day of June 2017, I electronically transmitted the foregoing Motion to the Clerk of Court through the CM/ECF System which will send a Notice of Electronic Filing to all CM/ECF registrants for this matter.

*/s/ Dina D. Horsman*