
ATTORNEYS AT LAW
The Wilenchik & Bartness Building
2810 North Third Street  Phoenix, Arizona  85004

Telephone: 602-606-2810    Facsimile: 602-606-2811

Dennis I. Wilenchik, #005350
John D. Wilenchik, #029353
admin@wb-law.com



Mark Goldman, #012156
Vincent R. Mayr, #013954
Jeff S. Surdakowski, #030988
17851 North 85th Street, Suite 175
Scottsdale, AZ 85255
Main: (480) 626-8483
Facsimile: (480) 502-7500
docket@gzlawoffice.com
*Attorneys for Defendant Joseph M. Arpaio*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Joseph M. Arpaio,<br><br>    Defendant. | Case No.: 2:16-cr-01012-SRB-1<br><br>**DEFENDANT'S RESPONSE TO "GOVERNMENT'S MOTION TO QUASH DEFENDANT'S TRIAL SUBPOENA TO U.S. ATTORNEY GENERAL JEFFERSON BEAUREGARD SESSIONS"** |

Defendant Joseph M. Arpaio ("Defendant") hereby responds to the "Government's Motion to Quash Defendant's Trial Subpoena to U.S. Attorney General Jefferson Beauregard Sessions." (Doc. 161).[1]

The Government is prosecuting Defendant for allegedly directing deputies of the Maricopa County Sheriff's Office ("MCSO") to call Border Patrol if they apprehended an illegal alien on a criminal stop, in order to release the alien to Border Patrol. The Government claims that an Order of this Court dated December 23, 2011 was "clear and definite" that such conduct is illegal. Defendant's defense, in part, is that such conduct was and is authorized and encouraged by the Federal Government at all relevant times, in order to assist with federal law enforcement; and that as evidence of this, Border Patrol accepted custody of all of the illegal aliens in question (since they were not only removable, but most have in fact been deported by the Federal Government). To the extent that the Order was intended to prohibit MCSO from contacting Border Patrol, it was not "clear and definite" but also transparently illegal pursuant to 8 U.S.C.A. Section 1373, which prohibits any entity—including a federal court—from restricting any state or local entity from communicating information to Border Patrol regarding the unlawful immigration status of any individual.

Pursuant to 8 U.S.C. § 1103(a), the Attorney General makes all determinations with respect to "all questions of law" on behalf of the Department of Homeland Security (Border Patrol and ICE), which in turn is charged with the enforcement of all immigration laws. Mr. Sessions, on behalf of the Plaintiff Federal Government and Border Patrol/ICE, has concluded in various statements that such conduct by the MCSO is not only legal, but that when local law enforcement fails to do what the MCSO did—i.e., when it fails to contact ICE/Border Patrol

---

[1] For the record, Defendant objects that while the Government was allowed a substantial time in which to prepare and file its Motion to Quash, Defendant was effectively given around twenty-four hours – substantially less than the fourteen days provided for in LRCiv 7.2 – to respond to the Motion (in between the Court's Order and its deadline).

2

about illegal aliens, or to detain them in cooperation with Border Patrol/ICE—it violates federal law.[2] He has further indicated that jurisdictions that fail to so cooperate with the Federal Government should be punished (with ineligibility to receive DOJ grants), a position that he has determined is consistent with the previous administration's. His statements, which are made on behalf of Plaintiff United States of America, may be considered admissions of a party-opponent, and they are admissible to show that 1) Defendant's conduct was and is in fact authorized by Plaintiff to assist with law enforcement; and 2) that the Court's Order dated December 23, 2011 was not "clear and definite" that such cooperation with the Federal Government is illegal, since the Federal Government itself continues to commit and encourage the same conduct that it claims is "clearly" illegal.

The concise basis for the Plaintiff's Motion to Quash is that requiring Mr. Sessions to testify would be unreasonable or oppressive to him, pursuant to Fed.R.Crim.P.17. The Government generically alludes to the burden of having a "high ranking government official" testify due to their "greater duties and time constraints," but it fails to cite any actual, concrete and factual reason for why it would cause Mr. Sessions any actual burden to testify. The Government fails to provide any fact supporting that Mr. Sessions is unavailable or unwilling to testify, or indicating that he has even actually been consulted with respect to this matter or himself believes that it would cause him an undue burden. For all Defendant knows, Mr. Sessions could be completely available and willing to testify at this trial, and would be totally unburdened by testifying; but the Government instead chooses to interpose these (in such case, frivolous) objections on his behalf. Since the Government provides no actual, concrete indication of Mr. Sessions' availability or the actual nature of the burden *vel non* to him, and

---

[2] See "Attorney General Jeff Sessions Delivers Remarks on Sanctuary Jurisdictions," https://www.justice.gov/opa/speech/attorney-general-jeff-sessions-delivers-remarks-sanctuary-jurisdictions (comments made by AG Sessions on March 27, 2017)(last accessed June 20, 2017).

3

merely generic statements, the Court must deny the Motion to Quash.

This case presents an extraordinary situation, because Plaintiff is prosecuting the former head of law enforcement in the fourth most-populous county in the United States, for merely cooperating with Plaintiff in federal law enforcement—which Plaintiff has not only always encouraged local law enforcement to do, but has for some time even been threatening to force local law enforcement to do. (From Mr. Sessions' March 27, 2017 comments, *supra*: "The Department of Justice has a duty to enforce our nation's laws, including our immigration laws…The Attorney General and the Secretary of Homeland Security shall ensure that jurisdictions that willfully refuse to comply with the law are not eligible to receive Federal grants… This policy is entirely consistent with the [DOJ] guidance issued last July under the previous administration")(internal ellipses and quotation marks omitted). The Government claims that Defendant Arpaio committed conduct that, at least according to Mr. Sessions' statements on Plaintiff's behalf, even Plaintiff has long encouraged and believes to be legal; but now Plaintiff claims is "clearly" violative of a court order. Defendant has the right to question Mr. Sessions with respect to such statements and admissions of the Plaintiff itself in this matter, to show that Defendant was only trying to do what Plaintiff has always told local law enforcement to do. It is the Plaintiff's burden to show undue burden, and on this record there is not a single concrete *fact* to demonstrate any actual, undue burden caused to Mr. Sessions from being called to testify in this matter. *See e.g. Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 926 (8th Cir. 1999)(finding that moving party has the burden to demonstrate good cause to quash subpoena, and that his claim of harm must be based on more than "stereotypical and conclusory statements"); *Long Beach Fed. Sav. & Loan Ass'n v. Federal Home Loan Bank Bd.*, D.C.Cal.1960, 189 F.Supp. 589, *reversed on other grounds* C.A.9th, 1961, 295 F.2d 403 ("[t]he mere assertion that compliance with a subpoena is burdensome and onerous is alone not sufficient without showing of the manner and

extent of the burden and the injurious consequences of compliance").

For the foregoing reasons, Defendant respectfully requests that the Court deny the Government's Motion to Quash.

**RESPECTFULLY SUBMITTED** June 21, 2017.

| **WILENCHIK & BARTNESS, P.C.** | **GOLDMAN & ZWILLINGER PLLC** |
|---|---|
| */s/ Dennis I. Wilenchik* | */s/ Mark D. Goldman* |
| Dennis I. Wilenchik, Esq. | Mark D. Goldman, Esq. |
| John D. Wilenchik, Esq. | Vincent R. Mayr, Esq. |
| The Wilenchik & Bartness Building | Jeff S. Surdakowski, Esq. |
| 2810 North Third Street | 17851 North 85th Street, Suite 175 |
| Phoenix, Arizona 85004 | Scottsdale, AZ 85255 |
| admin@wb-law.com | docket@gzlawoffice.com |

*Attorneys for Defendant Joseph M. Arpaio*

### CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2017, I electronically transmitted the foregoing Notice to the Clerk of the Court through the CM/ECF system, which will send a Notice of Electronic Filing to all CM/ECF registrants for this matter.

*/s/ Christine M. Ferreira*