AnnaLou Tirol
Acting Chief
Public Integrity Section, Criminal Division
U.S. Department of Justice

JOHN D. KELLER
Illinois State Bar No. 6293104
Deputy Chief
VICTOR R. SALGADO
DC Bar No. 975013
SIMON J. CATALDO
Massachusetts Bar No. 690879
Trial Attorneys
Public Integrity Section, Criminal Division
U.S. Department of Justice
1400 New York Ave, NW, 12th floor
Washington, D.C. 20005
Tel: (202) 514-1412
John.Keller2@usdoj.gov
Victor.Salgado@usdoj.gov
Simon.Cataldo@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Joseph M. Arpaio,<br><br>Defendant. | No. CR-16-01012-PHX-SRB<br><br>**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO STRIKE "UNITED STATES' TRIAL MEMORANDUM" AND FOR CURATIVE MEASURES** |

The defendant has moved to strike the government's trial brief, or, in the alternative, for a mistrial or a change of venue. ECF No. 165-1. In taking the position that the filing constitutes prosecutorial misconduct, the defendant complains that the government is "infecting" the Court with "unadmitted and inadmissible evidence before trial." But the docket in this case is already replete with the factual allegations that gave rise to the criminal contempt referral. The Court is presumed to rely only upon admissible evidence in deciding the defendant's guilt. The motion is unfounded. It should be denied.

Specifically, the defendant complains of "multiple quotations from attorney-client privileged communications between attorney Tim Casey and Defendant." *Id.* at 2. But

these facts are recited in Judge Snow's criminal contempt referral, the first docket entry in this case. ECF No. 1. That order recounts, among other things, the defendant's conversations with Casey and the contemptuous conduct of potential government and defense witness.[1] *Id.* at 4–5. Judge Snow's order has not compromised this Court's ability to preside over this bench trial fairly and impartially. ECF No. 165-1 at 2. Nor has the Order to Show Cause, signed by this Court, which also references the repeated instances in which Casey advised the defendant "what was necessary to comply with the [preliminary injunction]." ECF No. 36 at 2. The defendant would have this Court shielded from its own docket when the impartiality of the Court and the Court's presumed reliance on only admissible evidence are not in question.

In a bench trial, courts are regularly presumed to ignore inadmissible evidence and rely upon properly-admitted evidence. *See Williams v. Illinois*, 567 U.S. 50, 69 (2012) ("[I]n bench trials, judges routinely hear inadmissible evidence that they are presumed to ignore when making decisions." (quotation marks omitted)); *Hawn v. Executive Mgmt., Inc.*, 615 F.3d 1151, 1161 (9th Cir. 2010) ("[T]here is little reason to fear prejudice in a bench trial. . . . The judge will be presumed to have disregarded the inadmissible and relied on the competent evidence." (quotation marks omitted)); *United States v. Greathouse*, 484 F.2d 805, 806–07 (7th Cir. 1973) (finding no error where judge presiding in bench trial had previously read the co-defendant's presentence report, which implicated the defendant in unrelated drug activity, and stating, "in a bench trial, the court is deemed to have considered only admissible and relevant material, . . . at least absent a showing of substantive prejudice"). As with any bench trial, there have been thus far,[2] and during trial will

---

[1] On June 16, 2016, the Court ruled that "no attorney-client privilege extends to Mr. Casey's communications with Defendant as an individual because Mr. Casey represented Maricopa County and Defendant as Sheriff." ECF No. 159 at 2–3. The defendant's motion appears to ignore that ruling.

[2] *See, e.g.*, ECF No. 148 (Order Den. Def.'s Mot. to Prohibit Campaign Statements); ECF No. 151 (Order Den. Def.'s Mot. to Preclude Alleged "Victim" Test.); ECF No. 152 (Order Granting in Part and Den. in Part Def.'s Mot. Req. a Voluntariness Hr'g and

- 2 -

continue to be, many instances in which the Court will need to know what certain evidence *is* before determining its admissibility.

The defendant's alternative requests are similarly meritless. No mistrial is warranted because the Court's ability to preside over the trial is unaffected by its re-acquaintance with the underlying facts of this case. *Cf. United States v. Cardenas-Mendoza*, 579 F.2d 1024, 1029–30 (9th Cir. 2009) (holding that district court did not abuse its discretion in denying defendant's request—in a jury trial—for a mistrial where government had failed to prove certain evidence promised in its opening statement). And no change in venue is justified by the re-publication of facts that are already part of the public record—either through the *Melendres* proceedings or based on the defendant's own statements to the media—especially in a bench trial, where there is no concern that the jury pool could be influenced by facts stated in public filings. *See Hayes v. Ayers*, 632 F.3d 500, 508 (9th Cir. 2011) (stating that "[a] presumption of prejudice" leading to a change of venue is "rarely applicable and reserved for an extreme situation," typically when "the media significantly interfere[s] with the trial itself" or creates a "carnival atmosphere" during trial (quotation marks omitted)).

At trial, the government will bear the burden of proving the facts constituting criminal contempt beyond a reasonable doubt. Nothing about the filings on the docket changes that burden or compromises this Court's ability to preside over this bench trial.[3]

---

Supplement in Supp. of Def.'s Mot. to Clarify Background and History of the "Civil Contempt" Admissions).

[3] The motion also states that the government's trial brief should be stricken because it was "not authorized by any statute, rule or court order." But the purpose of a trial memorandum is to apprise a trial judge of the government's anticipated evidence, assist the court in making relevance determinations, and flag potential legal and evidentiary issues that may arise during trial. Those purposes are uncontroversial and trial briefs are routinely filed in criminal cases. *See, e.g.*, *United States v. Micolta*, 928 F.2d 1138, 1991 WL 37802, at *2 (9th Cir. 1991) (holding that, in a bench trial, coconspirator theory of liability need not be raised during trial because it was "specifically cited" in the government's trial brief); *United States v. Goodwin*, 927 F. Supp. 2d 807, 808–09 (D. Ariz. 2013) (discussing arguments presented in parties' trial briefs in context of deciding whether to dismiss certain counts of an indictment). In any event, should the defendant wish to object to any of the evidence referenced in the government's trial brief, the proper manner

For these reasons, the Court should deny the defendant's motion and the relief requested therein.

                                          Respectfully Submitted,

                                          ANNALOU TIROL
                                          Acting Chief, Public Integrity Section

                                     By: */s/ John D. Keller*
                                            John D. Keller
                                            Deputy Chief
                                            Victor R. Salgado
                                            Simon J. Cataldo
                                            Trial Attorneys
                                            United States Department of Justice
                                            Public Integrity Section
                                            1400 New York Ave. NW
                                            Washington, DC  20005
                                            (202) 514-1412
                                            John.Keller2@usdoj.gov
                                            Victor.Salgado@usdoj.gov
                                            Simon.Cataldo@usdoj.gov

---

of doing so is by posing an objection when the evidence is offered. *See Stein v. United States*, 271 F.2d 895, 896 (9th Cir. 1959) (holding that, where defendant sought continuance based on alleged discrepancy between government's trial memorandum and indictment, "the proper remedy was to object when the government sought to introduce evidence on the points in question").

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing via the CM/ECF system on today's date which will provide notice to counsel of record for the defendant.


*/s/ John D. Keller*
John D. Keller
Deputy Chief