AnnaLou Tirol
Acting Chief
Public Integrity Section, Criminal Division
U.S. Department of Justice

JOHN D. KELLER
Illinois State Bar No. 6293104
Deputy Chief
VICTOR R. SALGADO
DC Bar No. 975013
SIMON J. CATALDO
Massachusetts Bar No. 690879
Trial Attorneys
Public Integrity Section, Criminal Division
U.S. Department of Justice
1400 New York Ave, NW, 12th floor
Washington, D.C. 20005
Tel: (202) 514-1412
John.Keller2@usdoj.gov
Victor.Salgado@usdoj.gov
Simon.Cataldo@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-16-01012-PHX-SRB |
|---|---|
| Plaintiff, | **GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO STAY PROCEEDINGS** |
| v. | |
| Joseph M. Arpaio, | |
| Defendant. | |

Six days before trial is scheduled to begin and for the third time in four months, the defendant asks the Court to stay proceedings. ECF No. 166 (Def. Mot. to Stay; filed June 20, 2017); ECF No. 106 (same; filed March 24, 2017); ECF No. 134 (same; filed April 11, 2017). The defendant has simultaneously asked the Supreme Court to stay the proceedings in this case. *See* Ex. A attached (filed May 24, 2017). Additionally, the defendant has sought and secured three trial continuances, delaying the trial for more than six months. *See* ECF No. 55, 71, 136. The defendant identifies no compelling reason for further postponement in this criminal contempt proceeding. This Court should therefore deny the

defendant's stay motion.

Implicit in this Court's inherent authority to control its docket is the power to stay proceedings. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The party seeking the stay—the defendant here—bears the burden of establishing that a stay is warranted. *Clinton v. Jones*, 520 U.S. 681, 708 (1997). Relevant considerations for a court weighing a stay request include: (1) "the possible damage" that may result if the stay is granted; (2) the "hardship or inequity" involved in requiring a party to proceed; and (3) whether a stay will simplify or complicate the "orderly course of justice." *CMAX, Inc. v. Hall*, 300 F.3d 265, 268 (9th Cir. 1962). The defendant cannot carry his burden to justify a stay here.

As an initial matter, the defendant's invocation (Mot. 3) of "judicial economy" rings hollow. The defendant has repeatedly sought to postpone his trial, and the current stay motion is another example. The defendant asks the Court to stay his fast approaching trial given the possibility that the Supreme Court will court grant his mandamus petition. But mandamus is a "drastic and extraordinary" remedy, *Cheney v. U.S. Dist. Court. for the Dist. of Columbia*, 542 U.S. 367, 380 (2004) (quoting *Ex Parte Fahey*, 332 U.S. 258, 259–260 (1947)), and "only exceptional circumstances amounting to a judicial usurpation of power" or a "clear abuse of discretion" justifies "invocation of this extraordinary remedy," *Will v. United States*, 389 U.S. 90, 95 (1967). The Ninth Circuit has already denied the defendant's mandamus petition, and the defendant identifies no reason why the Supreme Court, which grants mandamus relief only as a matter of "discretion sparingly exercised," S. Ct. R. 20.1, is likely to come to a different conclusion. More to the point, the defendant cites no case—and the government is aware of none—in which a court has granted a stay pending the Supreme Court's decision on a mandamus petition.

The defendant also fails to disclose the core contradiction in his effort to procure mandamus relief. His petition before the Ninth Circuit and the Supreme Court argued that he is entitled to such relief to vindicate his right to a jury trial under 18 U.S.C. §§ 402 and 3691. Before neither court did he explain, as he does in this motion to stay, that his "jury-trial" claim is in fact an effort to have his case dismissed as time-barred. *See* Mot. at 4

(arguing that if Section 402 applies, the statute of limitations has run). But mandamus relief is unavailable for a motion to dismiss the indictment, whether on statute-of-limitations grounds, *see DeGeorge* v. *U.S. District Court*, 219 F.3d 930, 934–935 (9th Cir. 2000) (mandamus unavailable for claim that an indictment is time-barred), or otherwise, *see United States* v. *Bird*, 359 F.3d 1185, 1189–1190 (9th Cir. 2004) (mandamus unavailable to seek dismissal of indictment). In short, the defendant's central claim for staying his impending trial—that the Supreme Court may grant him mandamus relief—hinges on a fabrication. That is no reason to postpone the trial.

Moreover, none of the factors identified in Ninth Circuit case law favor granting a stay here. A stay of the proceedings will result in nontrivial damage. *See CMAX, Inc.*, 300 F.3d at 268 (court should consider "possible damage" of granting stay). The government has assembled its witnesses and proof; presumably the defendant has as well; and this Court has set aside time on its calendar for a two-week trial in this matter. The defendant will not suffer "hardship and inequity" by proceeding to trial. *See id.* There is no risk that "inconsistent rulings" (*see* Mot. at 4) will result in the waste of valuable resources any more than with any trial. If the defendant is convicted, he can press his time-barred claim on appeal; if he prevails there, the contempt charge will be dismissed. Finally, a stay will do nothing to facilitate the "orderly course of justice." *See CMAX, Inc.*, 300 F.3d at 268. That consideration applies where, for example, the Supreme Court has granted certiorari in one case that directly affects the outcome in another case. *See, e.g., Larroque v. First Advantage Lns Screening Solution, Inc.*, No. 15-cv-04684-JSC, 2016 WL 39787, at *2 (N.D. Cal. Jan. 4, 2016) (granting stay where pending Supreme Court case could deprive a party of standing and thereby eliminate the court's jurisdiction). It does not apply where, as here, a party has filed a mandamus petition in the Supreme Court that cannot meet the extraordinary standard cited above and unreasonably hopes that that Court will take action.

For the foregoing reasons, the Court should deny the defendant's motion to stay the proceedings pending the Supreme Court's resolution of his mandamus petition.

| | |
|---|---|
| 1 | |
| 2 | Respectfully Submitted, |
| 3 | ANNALOU TIROL |
| 4 | Acting Chief, Public Integrity Section |
| 5 | By: */s/ John D. Keller* |
| 6 | John D. Keller<br>Deputy Chief |
| 7 | Victor R. Salgado |
| 8 | Simon J. Cataldo<br>Trial Attorneys |
| 9 | |
| 10 | United States Department of Justice<br>Public Integrity Section |
| 11 | 1400 New York Ave. NW |
| 12 | Washington, DC 20005<br>(202) 514-1412 |
| 13 | John.Keller2@usdoj.gov<br>Victor.Salgado@usdoj.gov |
| 14 | Simon.Cataldo@usdoj.gov |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing via the CM/ECF system on today's date which will provide notice to counsel of record for the defendant.


*/s/ John D. Keller*
John D. Keller
Deputy Chief