AnnaLou Tirol
Acting Chief
Public Integrity Section, Criminal Division
U.S. Department of Justice

JOHN D. KELLER
Illinois State Bar No. 6293104
Deputy Chief
VICTOR R. SALGADO
DC Bar No. 975013
SIMON J. CATALDO
Massachusetts Bar No. 690879
Trial Attorneys
Public Integrity Section, Criminal Division
U.S. Department of Justice
1400 New York Ave, NW, 12th floor
Washington, D.C. 20005
Tel: (202) 514-1412
John.Keller2@usdoj.gov
Victor.Salgado@usdoj.gov
Simon.Cataldo@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Joseph M. Arpaio,<br><br>    Defendant. | No. CR-16-01012-PHX-SRB<br><br>**GOVERNMENT'S REPLY IN SUPPORT OF MOTION TO QUASH DEFENDANT'S TRIAL SUBPOENA TO THE U.S. ATTORNEY GENERAL** |

In an attempt to turn this trial into a referendum on immigration policy, the defendant seeks the Attorney General's testimony regarding 2017 Department of Justice policies. The defendant claims that such testimony will exonerate his repeated and willful violations of a District Court order from 2011 to 2013. He also suggests that the government must demonstrate the Attorney General's unavailability or unwillingness to testify. The very nature of high-level officials' responsibilities requires that *the defendant* show extraordinary circumstances. The defendant's Response fails to meet that burden, and the subpoena to the Attorney General should be quashed.

The law is clear: a litigant, including a criminal defendant, seeking to compel the

testimony of a high-ranking official must show extraordinary circumstances. *See In re United States (Reno)*, 197 F.3d 310, 313–14 (8th Cir. 1999); *In re FDIC*, 58 F.3d 1055, 1060 (5th Cir. 1995); *In re United States (Kessler)*, 985 F.2d 510, 512–13 (11th Cir.) (per curiam), *cert. denied*, 510 U.S. 989 (1993); *Simplex Time Recorder Co. v. Sec'y of Labor*, 766 F.2d 575, 586 (D.C. Cir. 1985); *In re United States (Bernanke)*, 542 Fed. Appx. 944, 948 (Fed. Cir. 2013). In arguing that he has a "right to question" the Attorney General about statements that, in the defendant's view, show that the Attorney General "believes" the defendant's past conduct "to be legal," ECF No. 167 at 4, the defendant ignores the requirement that the high ranking official actually possess first-hand knowledge of the topics on which the defendant wishes to inquire. *See Bogan v. City of Boston*, 489 F.3d 417, 424–25 (1st Cir. 2007); *Kessler*, 985 F.2d at 512–13; *Bernanke*, 542 Fed. Appx. at 948; *Stormo v. City of Sioux Falls*, No. 4:12-cv-04057-KES, 2016 WL 697116, at *8 (D.S.D. Feb. 19, 2016). The defendant has offered no basis to suggest that the Attorney General has personal knowledge of any of the conduct giving rise to the instant contempt allegation.

Moreover, the Attorney General's legal opinions are plainly irrelevant to whether the defendant willfully violated the December 23, 2011, preliminary injunction between 2011 and 2013. Any opinion—whether that of the Attorney General or of another—could not prospectively or retrospectively excuse the defendant's willful non-compliance.[1] *See Maness v. Meyers*, 419 U.S. 449, 458–59 (1975) (stating "the basic proposition that all orders and judgments must be complied with promptly," and that "[p]ersons who make private determinations of the law and refuse to obey an order generally risk criminal contempt even if the order is ultimately ruled incorrect").

The defendant also fails to address the requirement that the testimony he seeks be

---

[1] Similarly, the defendant argues that Judge Snow's order was "transparently illegal pursuant to 8 U.S.C.A. Section 1373." ECF No. 167 at 2. The preliminary injunction was upheld by the Ninth Circuit in 2012, and the defendant nonetheless persisted in his contemptuous conduct. *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012).

otherwise unobtainable. *See Reno*, 197 F.3d at 314 (stating that proponent of official's testimony must "establish at a minimum that the [officials] possess information . . . which is not obtainable from another source"). The defendant's Response emphasizes the fact that "Border Patrol accepted custody of all of the illegal aliens in question," ECF No. 167 at 2, but omits the dispositive point that such testimony could be obtained from individuals on the defendant's witness list who actually participated in those transfers.

For these reasons, and for the reasons set forth in the government's Motion, the government respectfully requests that the Court quash the subpoena.[2]

    Respectfully Submitted,

    ANNALOU TIROL
    Acting Chief, Public Integrity Section

By: */s/ John D. Keller*
    John D. Keller
    Deputy Chief
    Victor R. Salgado
    Simon J. Cataldo
    Trial Attorneys
    United States Department of Justice
    Public Integrity Section
    1400 New York Ave. NW
    Washington, DC 20005
    (202) 514-1412

---

[2] Instead of engaging with the controlling case law cited in the government's motion, the defendant's Response cites two irrelevant cases, without discussion. ECF No. 167 at 4–5. Neither case even addresses the requirements for compelling the testimony of a high ranking official. In one, *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 926 (8th Cir. 1999), the Eighth Circuit upheld the district court's grant of an individual's motion to quash a subpoena, finding that the individual's privacy interests outweighed the need for the requested deposition. In the other, *Long Beach Fed. Sav. & Loan Ass'n v. Fed. Home Loan Bank Bd.*, 189 F. Supp. 589, 604 (S.D. Cal. 1960), the district court determined that the mere assertion "that compliance with a subpoena is burdensome" was an insufficient basis to quash it, but that case did not concern, nor did the court mention, and said nothing about, subpoenas ad testificandum of high ranking officials.

John.Keller2@usdoj.gov
Victor.Salgado@usdoj.gov
Simon.Cataldo@usdoj.gov

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I electronically filed the foregoing via the CM/ECF system on today's date which will provide notice to counsel of record for the defendant.

*/s/ John D. Keller*
John D. Keller
Deputy Chief