

Dennis I. Wilenchik, #005350
John D. Wilenchik, #029353
admin@wb-law.com

Mark Goldman, #012156
Vincent R. Mayr, #013954
Jeff S. Surdakowski, #030988
17851 North 85th Street, Suite 175
Scottsdale, AZ 85255
Main: (480) 626-8483
Facsimile: (480) 502-7500
docket@gzlawoffice.com
*Attorneys for Defendant Joseph M. Arpaio*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **United States of America,** | Case No.: 2:16-cr-01012-SRB-1 |
| Plaintiff, | |
| v. | **DEFENDANT'S MOTION FOR A JUDGMENT OF ACQUITTAL RE: STATUTE OF LIMITATIONS, SECTION 402** |
| **Joseph M. Arpaio,** | |
| Defendant. | |

Defendant Joseph M. Arpaio ("Defendant") hereby moves for a Judgment of Acquittal under Federal Rules of Criminal Procedure, Rule 29 on the grounds that this matter is barred by

1  the one-year statute of limitations contained in 18 U.S.C.A. § 3285, as a matter of law.

2  18 U.S.C.A. § 3285 provides that "[n]o proceeding for criminal contempt within section
3  402 of this title [18 U.S.C.A. § 402] shall be instituted against any person, corporation or
4  association unless begun within one year from the date of the act complained of."

5  Section 402 (18 U.S.C.A. § 402) provides that "[a]ny person, corporation or association
6  willfully disobeying any lawful writ, process, order, rule, decree, or command of any district
7  court of the United States or any court of the District of Columbia, by doing any act or thing
8  therein, or thereby forbidden, **if the act or thing so done be of such character as to constitute**
9  **also a criminal offense under any statute of the United States or under the laws of any**
10 **State in which the act was committed**, shall be prosecuted for such contempt as provided in
11 section 3691 of this title and shall be punished by a fine under this title or imprisonment, or
12 both." (Emphasis added.)

13 Plaintiff concedes that the "The latest date on which evidence of Petitioner's
14 contumacious conduct arose was May 2013." (See Plaintiff's Answering Brief filed with the
15 Ninth Circuit Court of Appeals, page 10, footnote 5.[1]) This matter was referred for criminal
16 contempt on August 19, 2016 and the Order to Show Cause was filed on October 25, 2016,
17 placing this entire proceeding well beyond the one-year statute of limitations.

18 The "act or thing" that Defendant is charged with committing is "stop[ping] and
19 detain[ing] persons based on factors including their race, and frequently arrest[ing] and
20 deliver[ing] such persons to ICE when there were no state charges to bring against them." (*See*
21 Order to Show Cause.) These "acts" would constitute a criminal offense under *inter alia*
22 18 U.S.C.A. § 242, "Deprivation of right under color of law," which "authorizes the punishment
23 of two different offenses. The one is willfully subjecting any [person, under color of law] to the
24 deprivation of rights secured by the Constitution; the other is willfully subjecting any [person,

---

[1] Case No. 17-71094, Dkt. 5.

2

under color of law] to different punishments on account of his color or race, than are prescribed for the punishment of citizens." *United States v. Classic*, 313 U.S. 299, 327 (1941) (describing section 20 of former 18 U.S.C.A. § 52, now 18 U.S.C. § 242).[2] "Any state enforcement officer who, under color of state law, willfully, without cause, arrests or imprisons an inhabitant or injures one who is legally free, thereby commits an offense under Section 52 [now 18 U.S.C.A. § 242]." *United States v. Trierweiler*, 52 F. Supp. 4, 6 (E.D. Ill. 1943); *see also Brown v. United States*, 204 F.2d 247, 250 (6th Cir. 1953)("A state law enforcement officer who, under color of state law, willfully and without cause arrests and imprisons an inhabitant of the United States for the purpose of extortion [compare with, 'based on the notoriety he received for, and the campaign donations he received'] deprives him of a right, privilege and immunity secured and protected by the Constitution of the United States and commits an offense defined under 18 U.S.C. Section 242"). The acts with which Defendant was charged in this case constitute the same offense described above. Petitioner, a county Sheriff, was charged with willfully detaining and arresting persons without state charges, "based on factors including their race." This is clearly the same as "willfully subjecting any [person, under color of law] to the deprivation of rights secured by the Constitution," or "willfully subjecting any [person, under color of law] to different punishments on account of his color or race, than are prescribed for the punishment of citizens." Because the acts that Defendant was charged with also constitutes a criminal offense, this entire proceeding is subject to 18 U.S.C.A. § 402 and the one-year statute of limitations contained in 18 U.S.C.A. § 3285. Because this proceeding was commenced well beyond the one-year state of limitations, it is barred in its entirety.

The acts charged would also constitute various other criminal offenses under federal or state law, as has already been briefed to this Court in Defendant's April 10, 2017 Motion to

---

[2] 18 U.S.C.A. § 242 and the former 18 U.S.C.A. § 52 are identical in all relevant parts, except that the word "inhabitant" has been replaced with the word "person."

3

Dismiss. (Such offenses include 18 U.S.C.A. § 241 ("Conspiracy against rights"); A.R.S. § 13-1303 ("Unlawful imprisonment"); 18 U.S.C.A. § 1509 ("Obstruction of court orders"); and A.R.S. § 13-2810(A)(2)("Interference with judicial proceedings"). Defendant hereby incorporates the entirety of his April 10, 2017 Motion herein, and re-urges each and every grounds found in that Motion. Because the Defendant was likewise entitled to a jury trial under 18 U.S.C.A. § 402, this proceeding is also being conducted *ultra vires* and remains subject to reversal for clear structural error.

To date, the Court has not given any specific reason why it believes that the contempt charged would not also constitute an offense under 18 U.S.C.A. § 242 or any other of the other criminal statutes cited above. Nor has the Government presented any coherent or persuasive argument on this point (nor has the Court even invited it do so). For all of the ink spilled in this matter, no judge of any court has ever clearly addressed the most obvious and basic problem with this case, which is that it is well beyond the one-year statute of limitations and that Defendant has been wrongfully deprived a trial by jury.

**RESPECTFULLY SUBMITTED** June 29, 2017.

| **WILENCHIK & BARTNESS, P.C.** | **GOLDMAN & ZWILLINGER PLLC** |
|---|---|
| */s/ Dennis I. Wilenchik* | */s/ Mark D. Goldman* |
| Dennis I. Wilenchik, Esq. | Mark D. Goldman, Esq. |
| John D. Wilenchik, Esq. | Vincent R. Mayr, Esq. |
| The Wilenchik & Bartness Building | Jeff S. Surdakowski, Esq. |
| 2810 North Third Street | 17851 North 85th Street, Suite 175 |
| Phoenix, Arizona 85004 | Scottsdale, AZ 85255 |
| admin@wb-law.com | docket@gzlawoffice.com |

*Attorneys for Defendant Joseph M. Arpaio*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 29, 2017, I electronically transmitted the foregoing Notice to the Clerk of the Court through the CM/ECF system, which will send a Notice of Electronic Filing to all CM/ECF registrants for this matter.

1  <u>*/s/ Christine M. Ferreira*</u>
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26