# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-16-01012-001-PHX-SRB |
| Plaintiff, | **ORDER** |
| v. | |
| Joseph M. Arpaio, | |
| Defendant. | |

On September 11, 2017, the Government filed a Response to Defendant's Motion for Vacatur and Dismissal with Prejudice ("Resp.") (Doc. 225). The Government agrees with Defendant that vacatur and dismissal is appropriate in light of the presidential pardon issued on August 25, 2017. (Resp. at 3-4.) The cases that the Government and Defendant cite, however, speak only to the propriety of vacating any judgment entered prior to ordering dismissal. Judgment has not been entered here, thus suggesting that dismissal with prejudice is all that remains to be ordered. Defendant argues that vacatur should encompass the Court's "verdict and other orders in this matter." (Doc. 220, Def.'s Mot. for Vacatur and Dismissal with Prejudice ("Mot.") at 4.) The Government appears to agree with Defendant, but furnishes no authority conferring so broad a scope to orders of vacatur issued under similar circumstances. (*See* Resp. at 4.)

Conversely, U.S. Supreme Court and Ninth Circuit case law suggest that a presidential pardon leaves intact the recipient's underlying record of conviction. *See Nixon v. United States*, 506 U.S. 224, 232 (1993) ("[T]he granting of a pardon is in no sense an overturning of a judgment of conviction by some other tribunal; it is an

executive action that mitigates or sets aside punishment for a crime.") (quotation marks, citations, and modifications omitted); *United States v. Crowell*, 374 F.3d 790, 794 (9th Cir. 2004) ("Defendants convicted of federal crimes may seek collateral relief through a presidential pardon. However, one who is pardoned is merely released from the disabilities attendant upon conviction and has his civil rights restored. He is not entitled to erasure of the record of his conviction.") (quotation marks, citations, and modifications omitted); *see also Hirschberg v. CFTC*, 414 F.3d 679, 682 (D.C. Cir. 2005) ("A pardon in no way reverses the legal conclusion of the courts; it does not blot out guilt or expunge a judgment of conviction.") (quotation marks and citations omitted); 67A C.J.S. Pardon & Parole § 33 ("A pardon does not revise the historical facts but rather merely eliminates certain future punishments that might otherwise be imposed on the pardoned individual as a result of those facts…Since the very essence of a pardon is forgiveness, a pardon implies guilt, and thus, it does not obliterate or erase that guilt or the fact of the commission of the crime or the conviction thereof. Thus, a full pardon generally does not entitle the recipient to have its criminal history record expunged.") (citations omitted).

The Government's Response does not sufficiently address this issue. Therefore, supplemental briefing is appropriate.

**IT IS ORDERED** that the Government file a Supplemental Response, not to exceed five pages in length, addressing the extent to which vacatur should be granted, if at all, given both the absence of an entry of judgment and the authority provided in this Order. The Government shall file and serve its Supplemental Response no later than **September 21, 2017**. Defendant may file a Reply.

Dated this 14th day of September, 2017.

_____
Susan R. Bolton
United States District Judge