AnnaLou Tirol
Acting Chief
Public Integrity Section, Criminal Division
U.S. Department of Justice

JOHN D. KELLER
Illinois State Bar No. 6293104
Deputy Chief
VICTOR R. SALGADO
DC Bar No. 975013
SIMON J. CATALDO
Massachusetts Bar No. 690879
Trial Attorneys
Public Integrity Section, Criminal Division
U.S. Department of Justice
1400 New York Ave, NW, 12th floor
Washington, D.C. 20005
Tel: (202) 514-1412
John.Keller2@usdoj.gov
Victor.Salgado@usdoj.gov
Simon.Cataldo@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>Plaintiff,<br><br>v.<br><br>Joseph M. Arpaio,<br>Defendant. | No. CR-16-01012-PHX-SRB<br><br>**GOVERNMENT'S SUPPLEMENTAL RESPONSE TO DEFENDANT'S MOTION FOR VACATUR AND DISMISSAL WITH PREJUDICE** |

On September 14, 2017, the Court directed the government to supplement its response to the motion of Defendant Joseph M. Arpaio ("Defendant") to vacate the verdict and all other orders and to dismiss this case with prejudice. Order, ECF 234. The Court's Order directs the government to address two issues:

1. What authority, if any, supports vacatur in this case rather than simple dismissal, given that final judgment has not been entered?
2. What is the impact of the case law cited in the Court's Order indicating that a presidential pardon does not erase the record or historical fact of a conviction?

As described below, federal appellate decisions from the D.C. Circuit and the Ninth Circuit support vacatur of the Court's verdict and dismissal of the case because the presidential pardon has mooted the case prior to completion of direct appellate review. The cases cited in the Court's order are not to the contrary; rather, they address a pardon's effect on the record of an established criminal conviction, which, as the Court notes, does not exist in this case due to the timing of the pardon. Consistent with those cases, the presidential pardon here does not require the alteration, destruction, or sealing of the underlying record in this case.

## DISCUSSION

### A. Authority Supporting Vacatur

There is no case law directly addressing whether vacatur is appropriate under the circumstances at issue here—when a presidential pardon moots a criminal prosecution after a finding of guilt but before a judgment of conviction is entered. But D.C. Circuit precedent under similar circumstances strongly counsels for vacatur. While the Ninth Circuit has not addressed this precise issue, its abatement doctrine also supports this outcome.

*United States v. Schaffer*, 240 F.3d 35 (D.C. Cir. 2001), addressed the propriety of vacatur when the President grants a pardon to a defendant whose conviction is not yet final. In that case, the D.C. Circuit concluded that vacatur was warranted because the legal question of the defendant's guilt was not final before the pardon was issued, and the case was moot. *Id.* at 37-38. Schaffer received a presidential pardon while his conviction was pending *en banc* review. *Id.* at 38. There, as here, final judgment was never reached on the question of whether the conviction was established as a matter of law. *Id.* All parties agreed that this mooted the case, and the court further held that "[b]ecause this present mootness results not from any voluntary acts of settlement or withdrawal by Schaffer, but from the unpredictable grace of a presidential pardon, vacatur is here just and appropriate." *Id.* Defendant, like Schaffer, received a pardon before final judgment was reached or his appeal was adjudicated, mooting the case and requiring vacatur of the verdict.

The Ninth Circuit's abatement doctrine is consistent with *Schaffer*. *United States v.*

*Oberlin*, 718 F.2d 894, 895-86 (9th Cir. 1983), holds that when a criminal prosecution becomes moot after the adjudication of guilt but before entry of judgment, as happened here, the court should vacate the adjudication order. In *Oberlin*, the Ninth Circuit extended the well-settled doctrine of abatement—under which "death of a criminal defendant before appeal causes the case to become moot," *United States v. Volpendesto*, 755 F.3d 448, 452 (7th Cir. 2014)—to the case of a defendant who committed suicide after being found guilty but before entry of judgment. *See Oberlin,* 718 F.2d at 896; *accord United States v. Asset*, 990 F.2d 208, 211 (5th Cir. 1993) ("the rule of abatement applies equally to cases in which a defendant . . . dies prior to entry of judgment"), *abrogated on other grounds by United States v. Estate of Parsons*, 367 F.3d 409 (5th Cir. 2004). The Ninth Circuit could identify "no reason" to distinguish between pre- and post-judgment abatement because in either case the defendant could not pursue an appeal. *Oberlin*, 718 F.3d at 896. Because the defendant's death before entry of judgment mooted, *i.e.*, abated, the case, the court remanded with directions to vacate "judgment"* and dismiss the charging instrument. *Id.*

Taken together, *Schaffer* and *Oberlin* indicate that issuance of the presidential pardon here after the guilty verdict but before judgment moots the case, prevents appellate review, and thus warrants vacatur.

**B. Impact of Case Law Cited by the Court**

The Court's Order cites cases that address the effect of a presidential pardon on the historical fact of an established criminal conviction. Those cases state the settled view that, when a final conviction has been established, a presidential pardon does not alter the historical fact of conviction. *See United States v. Noonan*, 906 F.2d 952, 960 (3d Cir. 1990); *Bjerkan v. United States*, 529 F.2d 125, 126 (7th Cir. 1975); *accord* 67A C.J.S. Pardon & Parole § 33. Those cases do not, however, counsel against vacatur in this case. None dealt with a pardon that was issued prior to a final conviction. *See e.g., Nixon v. United States*, 506 U.S. 224, 226, 232 (1993) (defendant raised presidential pardon

---

* Notably, the Ninth Circuit ordered vacatur of "judgment" even though no judgment had been entered.

authority in context of appealing his impeachment as a federal judge; he had previously been convicted and sentenced to prison for false statements); *Hirschberg v. CFTC*, 414 F.3d 679, 681 (7th Cir. 2005) (defendant received pardon after his mail fraud conviction was affirmed on appeal).

The authorities in the Court's Order also make clear that vacatur does not alter the historical record nor entitle a defendant to expunge, alter, or seal the court record. *See United States v. Crowell*, 374 F.3d 790, 792 (9th Cir. 2004); *see also* 67A C.J.S. Pardon & Parole § 33 (presidential pardon warrants vacatur, but "does not entitle the recipient to have its criminal history record expunged"). Expungement is an extraordinary measure appropriate "only in extreme circumstances." *Crowell*, 374 F.3d at 796. In this case, no final judgment of conviction has been entered, and while vacatur is appropriate given the presidential pardon, the Court is not required to alter or expunge the underlying record.

**CONCLUSION**

The Defendant's verdict should be vacated and the case dismissed as moot. No further action is requested or required, and the presidential pardon does not require the alteration, destruction, erasure, expungement, or sealing of the record in this case.

Respectfully Submitted,

ANNALOU TIROL
Acting Chief, Public Integrity Section

By: */s/ John D. Keller*

John D. Keller
Deputy Chief
Victor R. Salgado
Simon J. Cataldo
Trial Attorneys
United States Department of Justice
Public Integrity Section
1400 New York Ave. NW
Washington, DC 20005
(202) 514-1412
John.Keller2@usdoj.gov

Victor.Salgado@usdoj.gov
Simon.Cataldo@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing via the CM/ECF system on today's date which will provide notice to counsel of record for the defendant.

*/s/ John D. Keller*
John D. Keller
Deputy Chief